1   Kevin N. Anderson (SBN 4512)
    David R. Hague (SBN 12389)
2   FABIAN & CLENDENIN
     a Professional Corporation
3   215 South State Street, Suite 1200
    Salt Lake City, Utah 84111-2323
4   Telephone:    801-531-8900
    Facsimile:     801-596-2814
5   Email:     kanderson@fabianlaw.com
                 dhague@fabianlaw.com
6

7   *Attorneys for James M. Rhodes*

8                  **UNITED STATES DISTRICT COURT**

9                       **DISTRICT OF NEVADA**

10  In re:                                    District Court No. 2:11-cv-01705-PMP-GWF

11  THE RHODES COMPANIES, LLC, aka            Bankruptcy Case No.: 09-14814-LBR
    "Rhodes Homes," *et al.*,                 (Jointly Administered)

12                                            Chapter 11
                     Reorganized Debtors
13  _____    **APPELLANT'S APPENDIX**

14  JAMES M. RHODES,

15                     Appellant,

16  v.

17  THE LITIGATION TRUST OF THE
    RHODES COMPANIES, LLC, *et al.,*

18                     Appellee.
    _____

19

20

21

22

23

24

# TABLE OF CONTENTS

Docket, *In re The Rhodes Companies, LLC, aka "Rhodes Homes," et al.*, Bankr. Case No. 0914814 ............................................................................................................... 1

Motion to Quash Orders of Rule 2004 Examination and Corresponding Subpoenas and/or for Protective Orders .......................................................................................... 7

Memorandum of Law in Support of Motion to Quash Orders of Rule 2004 Examination and Corresponding Subpoenas and/or for Protective Orders ............................ 10

Litigation Trust's Response to Motion to Quash Subpoenas ..................................... 68

Declaration of Jacob J. Roberts in Support of Litigation Trust's Response to Motion to Quash Subpoenas ................................................................................ 85

Reply Memorandum in Support of Motion to Quash Orders of Rule 2004 Examination and Corresponding Subpoenas and/or for Protective Orders ............................ 91

Declaration of Kevin N. Anderson .............................................................................. 97

Order Denying Motion to Quash Rule 2004 Examination and Corresponding Subpoenas.......... 99

Omnibus Motion for Order Requiring Production of one or more Corporate Representatives for Examination in Accordance with Federal Rule of Bankruptcy Procedure 2004 (Financial Institutions) ......................................................... 102

Omnibus Motion for Order Requiring Production of one or more Corporate Representatives for Examination in Accordance with Federal Rule of Bankruptcy Procedure 2004 (Law Firms) ...................................................................... 110

Omnibus Motion for Order Requiring Production of one or more Corporate Representatives for Examination in Accordance with Federal Rule of Bankruptcy Procedure 2004 (Title Companies) ............................................................... 118

Omnibus Motion for Order Requiring Production of one or more Corporate Representatives for Examination in Accordance with Federal Rule of Bankruptcy Procedure 2004 (Other Professionals) ......................................................... 126

Order Requiring Financial Institutions to Produce one or more Corporate Representatives for Examination Pursuant to Federal Rule of Bankruptcy Procedure 2004.................... 134

Order Requiring Title Companies to Produce one or more Corporate Representatives for Examination Pursuant to Federal Rule of Bankruptcy Procedure 2004 ....................... 136

Order Requiring Law Firms to Produce one or more Corporate Representatives for Examination Pursuant to Federal Rule of Bankruptcy Procedure 2004 ....................... 138

Order Requiring Professionals to Produce one or more Corporate Representatives for Examination Pursuant to Federal Rule of Bankruptcy Procedure 2004 ........................ 140

Subpoena for Rule 2004 Examination – Law Firms Example (Santoro, Driggs, Walch, Kearny, Holley & Thomphson, Ltd.) ................................................................ 142

Subpoena for Rule 2004 Examination – Financial Institutions Example (Mutual of Omaha Bank) ........................................................................................... 161

Subpoena for Rule 2004 Examination – Title Companies Example (Yuma Title) .................... 178

Subpoena for Rule 2004 Examination – Other Professionals Example (Alvarez & Marsal North America, LLC.) ........................................................................ 194

James Rhode's Notice of Appeal ........................................................................... 207

Hearing Transcript, September 27, 2011, *In re The Rhodes Companies, LLC, aka "Rhodes Homes," et al*., Bankr. Case No. 0914814 ...................................................... 218

Hearing Transcript, October 5, 2011, *In re The Rhodes Companies, LLC, aka "Rhodes Homes," et al*., Bankr. Case No. 0914814 .................................................. 226

**U.S. Bankruptcy Court**
**District of Nevada (Las Vegas)**
**Bankruptcy Petition #: 09-14814-lbr**

*Date filed:*03/31/2009

*Assigned to:* LINDA B. RIEGLE
Chapter 11
Voluntary
Asset
Show Associated Cases

| | | |
|---|---|---|
| ***Debtor*** | represented | **DAVID S. LEE** |
| **THE RHODES COMPANIES, LLC** | by | 7575 VEGAS DR., #150 |
| C/O DUNHILL HOMES | | LAS VEGAS, NV 89128 |
| ATTN: GENERAL COUNSEL | | (702) 880-9750 |
| 6345 S JONES, SUITE 400 | | Email: dlee@lee-lawfirm.com |
| LAS VEGAS, NV 89118 | | *TERMINATED: 06/15/2009* |
| CLARK-NV | | |
| Tax ID / EIN: 20-3613060 | | **JAMES I STANG** |

***Debtor***
**THE RHODES COMPANIES, LLC**
C/O DUNHILL HOMES
ATTN: GENERAL COUNSEL
6345 S JONES, SUITE 400
LAS VEGAS, NV 89118
CLARK-NV
Tax ID / EIN: 20-3613060

represented
by

**DAVID S. LEE**
7575 VEGAS DR., #150
LAS VEGAS, NV 89128
(702) 880-9750
Email: dlee@lee-lawfirm.com
*TERMINATED: 06/15/2009*

**JAMES I STANG**
10100 SANTA MONICA BLVD
#1100
LOS ANGELES, CA 90067

**SHIRLEY S. CHO**
10100 SANTA MONICA BLVD
11TH FLOOR
LOS ANGELES, CA 90067
(310) 277-6910
Email: scho@pszjlaw.com

**ZACHARIAH LARSON**
LARSON & LARSON
810 S. CASINO CENTER BLVD.
LAS VEGAS, NV 89101
(702) 382-1170
Fax : (702) 382-1169
Email: cshurtliff@larsonlawnv.com

***Claims Agent***
**OMNI MANAGEMENT GROUP, LLC**
**(bo)**
OMNI MANAGEMENT GROUP, LLC
16501 VENTURA BLVD, STE 440
ENCINO, CA 91436

APPDX 1

(818) 906-8300

| | |
|---|---|
| **U.S. Trustee** | represented **EDWARD M. MCDONALD** |
| **U.S. TRUSTEE - LV - 11** | by OFFICE OF U.S. TRUSTEE |
| 300 LAS VEGAS BOULEVARD S. | 300 LAS VEGAS BLVD., SO., STE |
| SUITE 4300 | 4300 |
| LAS VEGAS, NV 89101 | LAS VEGAS, NV 89101 |
| | (702) 388-6600 |
| | Email: |
| | edward.m.mcdonald@usdoj.gov |

| Filing Date | # | Docket Text |
|---|---|---|
| 03/31/2009 | 1 | Chapter 11 Voluntary Petition. Fee Amount $1039. Filed by ZACHARIAH LARSON on behalf of THE RHODES COMPANIES, LLC (LARSON, ZACHARIAH) (Entered: 03/31/2009) |
| 02/18/2010 | 1013 | Amended Chapter 11 Plan Number Third Amended Filed by NILE LEATHAM on behalf of STEERING COMMITTEE OF SENIOR SECURED LENDERS (Attachments: 1 Exhibit 12 Exhibit 2)(LEATHAM, NILE) (Entered: 02/18/2010) |
| 03/12/2010 | 1053 | Proposed Findings of Fact, Conclusions of Law, and Order Confirming the First Lien Steering Committee's Third Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, ET AL. (Related document(s)1013 Amended Chapter 11 Plan filed by Creditor STEERING COMMITTEE OF SENIOR SECURED LENDERS.) (vap) (Entered: 03/12/2010) |
| 05/27/2010 | 1149 | *Objection to James Rhodes' Proof of Claim No. 814-33 and Notice of Amendment of Schedules of Assets and Liabilities* Filed by NILE LEATHAM on behalf of REORGANIZED DEBTORS (Attachments: 1 Exhibit A2 Exhibit B3 Exhibit C4 Exhibit D5 Exhibit E) (LEATHAM, NILE) Modified on 5/28/2010 to capture SARD statistical data (Fisher, MD). (Entered: 05/27/2010) |
| 08/25/2011 | 1503 | Omnibus Motion for 2004 Examination *of Financial Institutions* with Proposed Order with Certificate of Service Filed by JACOB J ROBERTS on behalf of THE |

| | | |
|---|---|---|
| | | LITIGATION TRUST OF THE RHODES COMPANIES, LLC (Attachments: 1 Proposed Order)(ROBERTS, JACOB) (Entered: 08/25/2011) |
| 08/26/2011 | 1508 | ORDER DENIED (Order Requiring Financial Institutions to Produce Custodian of Records for Examination Pursuant to Federal Rule of Bankruptcy Procedure 2004) (Related document(s) 1503) (lme) Modified on 8/30/2011 to Reflect Title of Order (Lakas, WM). (Entered: 08/26/2011) |
| 08/29/2011 | 1511 | Omnibus Motion for 2004 Examination *of Financial Institutions* with Proposed Order with Certificate of Service Filed by JACOB J ROBERTS on behalf of THE LITIGATION TRUST OF THE RHODES COMPANIES, LLC (Attachments: 1 Proposed Order)(ROBERTS, JACOB) (Entered: 08/29/2011) |
| 08/30/2011 | 1512 | Order Requiring Financial Institutions to Produce One or More Corporate Representatives for Examination Pursuant to Federal Rule of Bankruptcy Procedure 2004 (Related document(s) 1511) (lme) Modified on 8/30/2011 to Reflect Title of Order (Lakas, WM). (Entered: 08/30/2011) |
| 08/30/2011 | 1514 | Motion for 2004 Examination *of Law Firms* with Proposed Order with Certificate of Service Filed by JACOB J ROBERTS on behalf of THE LITIGATION TRUST OF THE RHODES COMPANIES, LLC (Attachments: 1 Proposed Order)(ROBERTS, JACOB) (Entered: 08/30/2011) |
| 08/30/2011 | 1515 | Motion for 2004 Examination *of Title Companies* with Proposed Order with Certificate of Service Filed by JACOB J ROBERTS on behalf of THE LITIGATION TRUST OF THE RHODES COMPANIES, LLC (Attachments: 1 Proposed Order)(ROBERTS, JACOB) (Entered: 08/30/2011) |
| 08/30/2011 | 1516 | Motion for 2004 Examination *of Other Professionals* with Proposed Order with Certificate of Service Filed by JACOB J ROBERTS on behalf of THE LITIGATION TRUST OF THE RHODES COMPANIES, LLC (Attachments: 1 Proposed Order)(ROBERTS, JACOB) (Entered: 08/30/2011) |

| | | |
|---|---|---|
| 08/30/2011 | 1517 | Order Requiring Title Companies to Produce One or More Corporate Representatives for Examination Pursuant to Federal Rule of Bankruptcy Procedure 2004 (Related document(s) 1515) (lme) (Entered: 08/30/2011) |
| 08/30/2011 | 1518 | Order Requiring Law Firms to Produce One or More Corporate Representatives for Examination Pursuant to Federal Rule of Bankruptcy Procedure 2004 (Related document(s) 1514) (lme) (Entered: 08/30/2011) |
| 08/31/2011 | 1519 | Order Requiring Professionals to Produce One or More Corporate Representatives for Examination Pursuant to Federal Rule of Bankruptcy Procedure 2004 (Related document(s) 1516) (lme) (Entered: 08/31/2011) |
| 09/14/2011 | 1538 | Motion to Quash *Orders of Rule 2004 Examination and Corresponding Subpoenas and/or for Protective Orders* Filed by KEVIN N. ANDERSON on behalf of JAMES RHODES (Related document(s)1517 Order on Motion for Examination, 1518 Order on Motion for Examination, 1519 Order on Motion for Examination)(ANDERSON, KEVIN) (Entered: 09/14/2011) |
| 09/14/2011 | 1539 | Supporting Motion to Quash *Memorandum of Law in Support of Motion to Quash Orders of Rule 2004 Examination and Corresponding Subpoenas and/or for Protective Orders* Filed by KEVIN N. ANDERSON on behalf of JAMES RHODES (Related document(s)1538 Motion to Quash filed by Creditor JAMES RHODES) (Attachments: 1 Exhibit A - American Commonwealth Mortgage Company Subpoena2 Exhibit B - Fabian Subpoena)(ANDERSON, KEVIN) (Entered: 09/14/2011) |
| 09/15/2011 | 1543 | Ex Parte Motion for Order Shortening Time *for Notice and Hearing on Motion to Quash Orders of Rule 2004 Examination and Corresponding Subpoenas and/or for Protective Orders* with Proposed Order Filed by KEVIN N. ANDERSON on behalf of JAMES RHODES (Related document(s)1538 Motion to Quash filed by Creditor JAMES RHODES) (Attachments: 1 Exhibit Text of Proposed Order)(ANDERSON, KEVIN) (Entered: 09/15/2011) |
| 09/15/2011 | 1545 | Declaration Of: Kevin N. Anderson in Support of Ex Parte Motion for Order Shortening Time for Notice and Hearing |

APPDX 4

| | | |
|---|---|---|
| | | on Motion to Quash Orders of Rule 2004 Examination and Corresponding Subpoenas and/or for Protective Orders Filed by KEVIN N. ANDERSON on behalf of JAMES RHODES (Related document(s)1543 Ex Parte Motion for Order Shortening Time Filed by KEVIN N. ANDERSON on behalf of JAMES RHODES) (ANDERSON, KEVIN) Modified on 9/16/2011 to relate to #1543 in place of #1538 (DeVaney, HA). (Entered: 09/15/2011) |
| 09/15/2011 | 1546 | Attorney Information Sheet *for Proposed Order Shortening Time* Filed by KEVIN N. ANDERSON on behalf of JAMES RHODES (Related document(s)1538 Motion to Quash filed by Creditor JAMES RHODES) (ANDERSON, KEVIN) (Entered: 09/15/2011) |
| 09/20/2011 | 1552 | Order Shortening Time for Notice and Hearing on Motion to Quash Orders of Rule 2004 Examination and Corresponding Subpoenas and/or for Protective Orders (Related document(s) 1543). Hearing scheduled 9/27/2011 at 10:30 AM at LBR-Courtroom 1, Foley Federal Bldg.. (Related document(s)1538 Motion to Quash filed by Creditor JAMES RHODES.) (lme) (Entered: 09/20/2011) |
| 09/23/2011 | 1555 | Response *to Motion to Quash Subpoenas* with Certificate of Service Filed by MICHAEL YODER on behalf of THE LITIGATION TRUST OF THE RHODES COMPANIES, LLC (Related document(s)1538 Motion to Quash filed by Creditor JAMES RHODES.) (YODER, MICHAEL) (Entered: 09/23/2011) |
| 09/23/2011 | 1556 | Declaration Of: JACOB J. ROBERTS *in Support of LITIGATION TRUST'S Response to Motion to Quash Subpoena* with Certificate of Service Filed by MICHAEL YODER on behalf of THE LITIGATION TRUST OF THE RHODES COMPANIES, LLC (Related document(s)1555 Response filed by Other Prof. THE LITIGATION TRUST OF THE RHODES COMPANIES, LLC) (YODER, MICHAEL) (Entered: 09/23/2011) |
| 09/27/2011 | 1559 | Minute Entry Re: hearing on .9/27/2011 10:30 AM (related document(s): 1538 Motion to Quash) Appearance : Placed on record (Hearing scheduled 10/05/2011 at 09:30 AM at LBR-Courtroom 1, Foley Federal Bldg.. (dls) (Entered: 09/27/2011) |

| | | |
|---|---|---|
| 09/27/2011 | 1560 | Notice of Hearing *on Motion to Quash* Hearing Date: 10/5/2011 Hearing Time: 9:30 A.M. Filed by KEVIN N. ANDERSON on behalf of JAMES RHODES (Related document(s)1538 Motion to Quash filed by Creditor JAMES RHODES) (ANDERSON, KEVIN) (Entered: 09/27/2011) |
| 09/30/2011 | 1563 | Reply *Memorandum in Support of Motion to Quash Orders of Rule 2004 Examination and Corresponding Subpoenas and/or for Protective Orders* Filed by KEVIN N. ANDERSON on behalf of JAMES RHODES (Related document(s)1538 Motion to Quash filed by Creditor JAMES RHODES.) (ANDERSON, KEVIN) (Entered: 09/30/2011) |
| 09/30/2011 | 1564 | Declaration Of: Kevin N. Anderson Filed by KEVIN N. ANDERSON on behalf of JAMES RHODES (Related document(s)1538 Motion to Quash filed by Creditor JAMES RHODES) (ANDERSON, KEVIN) (Entered: 09/30/2011) |
| 10/12/2011 | 1570 | Order Denying Motion To Quash Rule 2004 Examination and Corresponding Subpoenas(Related document(s) 1538) (lme) (Entered: 10/12/2011) |
| 10/18/2011 | 1577 | Notice of Appeal. Filed by KEVIN N. ANDERSON on behalf of JAMES RHODES. Fee Amount $255 (Related document(s)1570 Order on Motion To Quash.) (Attachments: 1 Exhibit A - Order Denying Motion to Quash Rule 2004 Examination and Corresponding Subpoenas)(ANDERSON, KEVIN) (Entered: 10/18/2011) |
| 10/18/2011 | 1578 | Election to Appeal to District Court . Filed by KEVIN N. ANDERSON on behalf of JAMES RHODES (Related document(s)1577 Notice of Appeal filed by Creditor JAMES RHODES.)(ANDERSON, KEVIN) (Entered: 10/18/2011) |

1   Kevin N. Anderson
    Nevada Bar No. 4512
2   David R. Hague (Admitted Pro Hac Vice)
    **FABIAN & CLENDENIN**
3   215 South State Street, Suite 1200
    Salt Lake City, Utah 84111-2323
4   Telephone:    801-531-8900
    Facsimile:    801-596-2814
5   Email:     kanderson@fabianlaw.com
               dhague@fabianlaw.com
6
    *Counsel for James M. Rhodes*
7
                **UNITED STATES BANKRUPTCY COURT**
8
                      **DISTRICT OF NEVADA**
9

10  In re:                              Case No.: 09-14814-LBR
                                        (Jointly Administered)
11  THE RHODES COMPANIES, LLC, aka
    "Rhodes Homes," et al.,             Chapter 11
12
                                        **MOTION TO QUASH ORDERS OF**
13              Reorganized Debtors     **RULE 2004 EXAMINATION AND**
                                        **CORRESPONDING SUBPOENAS**
14                                      **AND/OR FOR PROTECTIVE ORDERS.**

15                                      Hearing Date: _____
                                        Hearing Time: _____
16  ☒ Affects all Debtors               Place:     Courtroom 1

17  ☐ Affects the following Debtors

18

19

20          James M. Rhodes ("**Rhodes**"), through counsel, respectfully moves this Court pursuant to

21  Rule 45(c) of the Federal Rules of Civil Procedure, made applicable herein pursuant to Rules

22  2004 and 9016 of the Federal Rules of Bankruptcy Procedure, for entry of an order vacating the

23  recent Rule 2004 Orders and quashing the corresponding subpoenas sent out by the Litigation

24  Trust of The Rhodes Companies, LLC, *et al.* (the "**Litigation Trust**").   Alternatively, Rhodes

25  respectfully moves this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

26  made applicable herein pursuant to Rules 9014 and 7026 of the Federal Rules of Bankruptcy

APPDX 7

1   Procedure, for entry of a protective order.  A memorandum of law in support of this Motion is

2   being filed concurrently herewith.

3       By this Motion, Rhodes objects to the recent Orders granting various Rule 2004

4   examinations and the corresponding subpoenas sent out by the Litigation Trust.  The recent

5   Orders and subpoenas call for the Rule 2004 examinations of 28 separate entities, including

6   financial institutions, law firms, title companies and other professionals.  The scope of the

7   Litigation Trust's discovery goes well beyond the permissible bounds of Rule 2004 and calls for

8   vast amounts of information—largely irrelevant, privileged, confidential, and personally

9   identifiable information—for a time period well outside the scope of reasonableness.  The

10  subpoenas amount to nothing more than a witch-hunt under an impossible time deadline—the

11  minimum allowed in most cases—designed to annoy and harass.

12      Therefore, because the Litigation Trust does not have adequate good cause for the

13  expansive Rule 2004 examinations and the scope of the discovery requests are impermissible

14  under Fed. R. Bankr. P. 2004, this Court should vacate the Rule 2004 Orders and quash the

15  corresponding subpoenas.  At a minimum, however, this Court should issue a protective order

16  limiting the scope of the Rule 2004 subpoenas and protecting the confidential information sought.

17      **WHEREFORE**, Rhodes respectfully requests that the Court enter an order quashing the

18  Rule 2004 Subpoenas and vacating the Rule 2004 Orders.  Alternatively, Rhodes respectfully

19  requests that the Court enter a protective order limiting the scope of the Rule 2004 Subpoenas and

20  Rule 2004 Orders to protect against harassment, undue burden and disclosure of privileged or

21  otherwise personal and confidential information, and for any such further relief which the Court

22  may deem appropriate under the circumstances.

23

24

25

26

APPDX 8

DATED this 14th day of September, 2011.


                                        /s/ Kevin N. Anderson

                                        Kevin N. Anderson
                                        David R. Hague
                                        FABIAN & CLENDENIN
                                        *Attorneys for James M. Rhodes*

3

APPDX 9

1  Kevin N. Anderson
   Nevada Bar No. 4512
2  David R. Hague (Admitted Pro Hac Vice)
   **FABIAN & CLENDENIN**
3  215 South State Street, Suite 1200
   Salt Lake City, Utah 84111-2323
4  Telephone:     801-531-8900
   Facsimile:     801-596-2814
5  Email:     kanderson@fabianlaw.com
           dhague@fabianlaw.com
6
7  *Counsel for James M. Rhodes*

8              **UNITED STATES BANKRUPTCY COURT**

9                   **DISTRICT OF NEVADA**

   In re:                              Case No.: 09-14814-LBR
10                                     (Jointly Administered)

11 THE RHODES COMPANIES, LLC, aka
   "Rhodes Homes," et al.,            Chapter 11

12                                     **MEMORANDUM OF LAW IN**
          Reorganized Debtors          **SUPPORT OF MOTION TO QUASH**
13                                     **ORDERS OF RULE 2004**
                                       **EXAMINATION AND**
14                                     **CORRESPONDING SUBPOENAS**
                                       **AND/OR FOR PROTECTIVE ORDERS**
15
   ☒ Affects all Debtors              Hearing Date:  _____
16                                     Hearing Time:  _____
   ☐ Affects the following Debtors    Place:         Courtroom 1
17

18

19

20

21         James M. Rhodes ("**Rhodes**"), pursuant to Rule 45(c) of the Federal Rules of Civil

22 Procedure, made applicable herein pursuant to Rules 2004 and 9016 of the Federal Rules of

23 Bankruptcy Procedure, respectfully submits this memorandum of law in support of his *Motion to*

24 *Quash Orders of Rule 2004 Examination and Corresponding Subpoenas and/or For Protective*

25 *Orders* (the "**Motion**").  In support hereof, Rhodes states as follows:

26

**INTRODUCTION**

Rhodes moves this court to quash several Rule 2004 orders and corresponding subpoenas sent out by the Litigation Trust in connection with the above-entitled bankruptcy case. Alternatively, Rhodes moves for a protective order limiting the scope of the Litigation Trust's discovery efforts and otherwise protecting the confidential and otherwise privileged information sought.

The recent orders and subpoenas call for the Rule 2004 examinations of 28 separate entities, including financial institutions, law firms, title companies and "other professionals." While the orders themselves were innocuous, the scope of the subpoenas sent out by the Litigation Trust go well beyond the permissible bounds of Rule 2004 and call for vast amounts of information—largely irrelevant, privileged, confidential, and personally identifiable information—for a time period well outside the scope of reasonableness. The subpoenas amount to nothing more than a witch hunt under an impossible time deadline—the minimum allowed in most cases—designed to annoy and harass. This is an improper use of Rule 2004.

The scope of the subpoenas far exceed the permissible scope of Rule 2004. The Litigation Trust's discovery is largely unrelated to the administration of the underlying bankruptcy case. The Litigation Trust will be unable to provide sufficient good cause for their discovery requests. Accordingly, this Court should quash the various Rule 2004 orders and corresponding subpoenas. Alternatively, this Court should limit the expansive scope of the subpoenas by restricting any requests to relevant and non-privileged information.

**FACTUAL BACKGROUND**

1.     On either March 31, 2009 or April 1, 2009 (collectively, the "**Petition Date**"), each of the debtors (collectively, the "**Debtors**") commenced with this Court a voluntary case under Chapter 11 of title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**").

2.     On July 17, 2009, Rhodes filed proof of claim No. 814-33 (the "**Proof of Claim**") seeking $10,598,000 for: (i) the reimbursement of taxes paid by Rhodes for the 2006 tax year in

APPDX 11

the amount of $9,729,151; and (ii) $868,849 advanced to Greenway Partners, LLC. Rhodes repeatedly has informed the Court that he does not seek to collect his claim for the taxes paid from the Debtors, but merely seeks a setoff against any claims the Reorganized Debtors (through the Litigation Trust) may have against him.

3.     On February 18, 2010, the proposed *Third Amended Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for the Rhodes Companies, LLC, et al.* (the "**Plan of Reorganization**") was filed with the Court. (Docket No. 1013.)

4.     On March 12, 2010, this Court confirmed the Plan of Reorganization and entered its *Proposed Findings of Fact, Conclusions of Law, and Order Confirming the First Lien Steering Committee's Third Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, et al.* (Docket No. 1053.)

5.     On May 27, 2010, the above-captioned Reorganized Debtors filed an objection to the Proof of Claim. Additionally, the Reorganized Debtors indicated that contemporaneously with the filing of their objection they were amending their schedules and statements to remove certain scheduled claims.

6.     On June 17, 2010, Rhodes filed an opposition to the objection in the bankruptcy case.

7.     The objection to the Proof of Claim and the dispute regarding the scheduled claims has not been fully resolved and both issues are the subject of a contested matter still pending before this Court.

8.     On August 25, 2011, the Litigation Trust of The Rhodes Companies, LLC, *et al.* (the "**Litigation Trust**") filed a motion seeking an order granting examinations of various financial institutions pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. (Docket No. 1503). In the motion and corresponding proposed order, the Litigation Trust included a general document request. (*Id.*)

APPDX 12

9.     On August 26, 2011, the Court denied the Litigation Trust's motion noting that "[d]ocuments must be requested in accordance with Rule 9016."  (Docket No. 1508.)

10.     In its next attempt, on August 29, 2011 and August 30, 2011, the Litigation Trust filed four separate motions seeking orders granting examinations pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.  (Docket Nos.1511, 1514, 1515 & 1516).  This time, however, the motions did not include a document request.  (*Id.*)

11.     The motions sought to examine representatives from various entities, including (1) financial institutions (Docket No. 1511), (2) law firms (Docket No. 1514), (3) title companies (Docket No. 1515) and (4) other professionals (Docket No. 1516).

12.     The financial institutions include:

    a.     American Express Company,

    b.     UBS Financial Services, Inc,

    c.     Town & Country Bank, Inc,

    d.     Consolidated Mortgage Company,

    e.     American Commonwealth Mortgage Company,

    f.     Bank of Oklahoma,

    g.     Alliance Mortgage, LLC,

    h.     BofA ML Asset Holding f/k/a Merrill Lynch,

    i.     The Bank of New York,

    j.     Mutual of Omaha Bank,

    k.     Nevada State Bank, and

    l.     Wells Fargo Bank, N.A.

(Collectively, the "**Financial Institutions**") (Docket No. 1511).

13.     The law firms include:

    a.     Santoro, Driggs, Walch, Kearney, Holley & Thompson, Ltd.,

    b.     Gibson Dunn & Crutcher, LLP,

APPDX 13

1          c.     Snell & Wilmer, LLP,

2          d.     Stewart Occhipinti, LLP,

3          e.     Fabian & Clendinin [sic], and

4          f.     Bancroft Susa & Galloway P.C.

5 (Collectively, the "**Law Firms**") (Docket No. 1514).

6      14.     The title companies include:

7          a.     Chicago Title of Nevada, Inc.,

8          b.     First American Title Company,

9          c.     Fidelity National Financial, Inc.,

10          d.     Commerce Title Company,

11          e.     Transnation Title Agency,

12          f.     Security Title of Nevada, LLC,

13          g.     Stewart Title Company, and

14          h.     Yuma Title.

15 (Collectively, the "**Title Companies**") (Docket No. 1515).

16      15.     The other professionals include:

17          a.     Alvarez & Marsal North America, LLC, and

18          b.     SMS Financial LLC.

19 (Collectively, the "**Other Professionals**") (Docket No. 1516).

20      16.     In their motions, the Litigation Trust claimed that the scope of their proposed

21 examination was limited by the constraints of Rule 2004 and explained that:

22      The Litigation Trust seeks information concerning the Reorganized Debtors and
their pre-bankruptcy acts, conduct, property, liabilities and financial condition.
23 Specifically, the Litigation Trust seeks information concerning [legal services
performed by each of the Law Firms of behalf of / services provided by each of the
24 Title Companies to / each Professional's relationship to, interactions with, and
services provided to / banking and financial services provided by each of the
25 Financial Institutions to] to the Reorganized Debtors. The Litigation Trust seeks
this information from the [Law Firms / Title Companies / Professionals / Financial
26

APPDX 14

Institutions] to assist in the collection of the assets and the investigation of the liabilities of the Reorganized Debtors.

(Docket Nos. 1511, 1514, 1515 & 1516) (quotation compiled).

17.     On August 30, 2011 and August 31, 2011, within hours of the motions being logged, and with no opportunity for Rhodes to object, the Court entered orders granting Rule 2004 examinations of (1) the Financial Institutions (Docket No. 1512—less than 20 hours after Docket No. 1511 filed), (2) the Law Firms (Docket No. 1518—less than 1½ hours after Docket No. 1514 filed), (3) the Title Companies (Docket No. 1517—less than 1½ hours after Docket No. 1515 filed) and (4) the Other Professionals (Docket No. 1519—less than 24 hours after Docket No. 1516 filed) (collectively, the "**Rule 2004 Orders**").

18.     In spite of Fed. R. Civ. P. 45(b)(1), which mandates that if a "subpoena commands the production of documents . . ., <u>then before it is served</u>, a notice must be served on each party, on August 31, 2011, without notice to anyone, the Litigation Trust sent out a subpoena to American Commonwealth Mortgage Company ("**America Commonwealth**").   (A true and correct copy of the American Commonwealth Subpoena is attached hereto as "**Exhibit A**").   The subpoena directs American Commonwealth to produce a representative for examination on September 22, 2011.   (Ex. A.)   The subpoena further directs American Commonwealth to produce vast amounts of documents that are irrelevant, confidential, and contain personally identifiable information.  (*Id.*)

19.     Upon information and belief, each of the Financial Institutions received a subpoena largely identical to the subpoena received by American Commonwealth.

20.     On September 7, 2011, the Litigation Trust sent out a subpoena to the law firm of Fabian & Clendenin ("**Fabian**").   (A true and correct copy of the Fabian Subpoena is attached hereto as "**Exhibit B**").   The subpoena directs Fabian to produce a representative for examination on September 29, 2011. (Ex. B.)  The subpoena further directs Fabian to produce vast amounts of

1   documents that are irrelevant, privileged, confidential, and contain personally identifiable

2   information. (*Id.*)

3       21.     Upon information and belief, each of the Law Firms received a subpoena largely

4   identical to the subpoena received by Fabian.

5       22.     Upon information and belief, each of the Title Companies and Other Professionals

6   received subpoenas similar to those received by American Commonwealth and Fabian.

7   Collectively, the subpoenas received by the Financial Institutions, Law Firms, Title Companies

8   and Other Professionals are referred to as the "**Rule 2004 Subpoenas**."

9       23.     Despite recognizing the limited scope of Rule 2004 examinations in their motions,

10  the Rule 2004 Subpoenas sent out by the Litigation Trust concern an overly broad period from as

11  early as January 1, 2004 to present and are directed toward the production of vast amounts of

12  documents containing confidential, privileged, and personally identifiable information having

13  nothing to do with the "Reorganized Debtors and their pre-bankruptcy acts, conduct, property,

14  liabilities and financial condition." (*See* Ex. A & B.)

15      24.     Furthermore, the confirmed Plan of Reorganization contains the following release:

16          The Rhodes Entities shall be deemed released from any and all Claims,
            obligations, rights, suits, damages, Causes of Action, remedies, and liabilities
17          whatsoever arising under chapter 5 of the Bankruptcy Code with respect to
            transfers made by the Debtors to the Rhodes Entities during the 2 years prior to the
18          Petition Date; provided, however, that such release shall only apply to transfers
            expressly set forth in the Schedules as Filed with the Bankruptcy Court as of
19          August 1, 2009 or as disclosed in Attachment B to the Mediation Term Sheet.

20  (Docket No. 1013 at Art. VIII ¶ E.)

21      25.     The Plan of Reorganization defines the "Rhodes Entities" as:

22          [James M.] Rhodes; Glynda Rhodes; John Rhodes; James M. Rhodes Dynasty
            Trust I; James M. Rhodes Dynasty Trust II; JMR Children's Irrevocable
23          Educational Trust; Truckee Springs Holdings, Inc.; Sedora Holdings LLC;
            Gypsum Resources, LLC; Tulare Springs Holdings, Inc.; Escalante-Zion
24          Investments, LLC; HH Trust; Harmony Homes, LLC; Tock, LP; Tapemeasure,
            LP; Joshua Choya, LLC; American Land Management, LLC; South Dakota
25          Conservancy, LLC; Meridian Land Company, LLC; Yucca Land Company, LLC;
            Sagebrush Enterprises, Inc.; Rhodes Ranch, LLC; Westward Crossing, LLC;
26          Pinnacle Equipment Rental, LLC; Desert Communities, Inc.; Spirit Underground,

APPDX 16

LLC; Tropicana Durango Investments, Inc.; Tropicana Durango, Ltd. I; Dirt Investments, LLC; Underground Technologies, LLC; South Dakota Aggregate and Engineering, LLC; Freedom Underground, LLC; Jerico Trust; Canberra Holdings, LLC; Custom Quality Homes, LLC; and Rhodes Ranch Golf, Inc.; and ID Interior Design, LLC.

(Docket No. 1013 at Art. I ¶ A. 123.)

26.     The Plan of Reorganization also released Paul Huygens "from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims asserted on behalf of the Debtors . . . ." (Docket No. 1013 at Art. I ¶ A. 120 & Art. VIII ¶ D.)

27.     Despite the releases contained in the Plan of Reorganization, the Rule 2004 Subpoenas seek information relating entirely to James M. Rhodes, Glynda Rhodes, John Rhodes, Paul Huygens and nearly every one of the "Rhodes Entities." (*See* Ex. A at p. 2 ¶ 4 & p. 5 ¶ 10; Ex. B at p. 2 ¶ 4 & p. 5 ¶ 10.)

## **ARGUMENT**

After an order issues for a Rule 2004 examination, an objection may be treated as a motion to quash pursuant to Fed. R. Civ. P. 45(c), made applicable through Rules 9016 and 2004 of the Federal Rules of Bankruptcy Procedure. *See Matter of Sutera*, 141 B.R. 539, 540–542 (Bankr. D. Conn. 1992). Alternatively, an objection to an order for a Rule 2004 examination may be treated as a motion to limit the scope of the examination or for a protective order under Fed. R. Civ. P. 26, made applicable through Rules 9014 and 7026 of the Federal Rules of Bankruptcy Procedure. *Id*. As discussed below, this Court should quash the Rule 2004 Subpoenas and Orders because they lack good cause and are overly expansive. At a minimum, however, the Court should issue a protective order limiting the scope of the Rule 2004 Subpoenas and protecting the confidential information sought.

## I.     **THE RULE 2004 SUBPOENAS AND ORDERS SHOULD BE QUASHED.**

While the purpose of Rule 2004 is broad, it is not without limits. Initially, the examining party bears the burden of proving that good cause exists for taking the requested Rule 2004

APPDX 17

1    examination. *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992) (citing *Freeman v. Seligson*,

2    405 F.2d 1326, 1336 (D.C. Cir. 1968)). To establish good cause, a party must demonstrate that

3    "the requested documents are necessary to establish the movant's claim or that denial of

4    production would cause undue hardship or injustice. . . ." *Id*. at 434–35. "[T]he burden of

5    showing good cause is an affirmative one and is not satisfied merely by a showing that justice

6    would not be impeded by production of the requested documents." *Id*. at 435. If the examining

7    party meets this burden of going forward, the burden shifts back to the objecting party who is said

8    to bear the ultimate burden of proving that the examination would be improper. *See, e.g.*, *In re*

9    *Buick*, 174 B.R. 299, 304 (Bankr. D. Colo. 1994); *In re Ecam Publications, Inc.*, 131 B.R. 556,

10    559 (Bankr. S.D.N.Y. 1991); *Matter of Wilcher*, 56 B.R. 428, 435 (Bankr. N.D. Ill. 1985).

11        Furthermore, even if the Court finds good cause exists and the examination is proper, the

12    examination may not delve into privileged or other protected matters. *See* Fed. R.

13    Civ. P. 45(c)(3). Indeed, the scope of a 2004 examination is limited to "the acts, conduct, or

14    property or to the liabilities and financial condition of the debtor or to any matter which may

15    affect the administration of the debtor's estate, or to debtor's right to a discharge." Fed. R.

16    Bankr. P. 2004. Thus, while Rule 2004 permits examinations of "third parties," the language of

17    the rule makes it "evident that an examination may be had only of those persons possessing

18    knowledge of a debtor's acts, conduct or financial affairs so far as this relates to a debtor's

19    proceeding in bankruptcy." *In re GHR Energy Corp.*, 35 B.R. 534, 537 (Bankr.D.Mass.1983).

20    And, Rule 2004 "may not be used as a device to launch into a wholesale investigation of a non-

21    debtor's private business affairs." *Matter of Wilcher*, 56 B.R. at 434. The examination of a

22    witness about matters having no relationship or no effect on the administration of an estate is

23    improper. *See In re Johns–Manville, Inc.*, 42 B.R. 362, 364 (S.D.N.Y.1984). Furthermore, like

24    other methods of discovery, Rule 2004 examinations may not be used to annoy, embarrass or

25    oppress the party being examined. *See In re Drexel Burnham Lambert Group, Inc*., 123 B.R. 702,

26    712 (Bankr.S.D.N.Y.1991).

APPDX 18

### A. The Litigation Trust Cannot Make the Requisite Showing of Good Cause.

The Litigation Trust is seeking vast amounts of irrelevant, privileged and otherwise confidential information. (*See* Ex. A & B.) In *Wilcher*—a case dealing with the scope of Rule 2004 and production of documents—the court quashed the subpoena and accompanying order because the examiner could not show good cause for the examination. *See Wilcher*, 56 B.R. at 435. The court noted that the "[t]he wide scope of the intended discovery [had] not been supported by any facts . . . and appear[ed] on its face to delve into matters which have no probable relevance . . . ." *Id.* The court further noted that "the examiner [had] not alleged that the broad discovery sought [was] necessary to establish a claim or that denial of the discovery would result in undue hardship upon the examiner." *Id.*

The information sought by the Litigation Trust has absolutely nothing to do with "the administration of the debtor's estate, or the debtor's right to a discharge" as required by Fed. R. Bankr. P. 2004(b). The Litigation Trust has not alleged a single fact that would support such a vast witch-hunt. Ultimately, the Litigation Trust has not shown, and cannot show, that the intended discovery is "necessary to establish a claim or that denial of the discovery would result in undue hardship." Accordingly, the Rule 2004 Subpoenas and corresponding Rule 2004 Orders should be quashed.

### B. The Rule 2004 Subpoenas and Orders Are Outside the Scope of Permissible Discovery.

Even if the Litigation Trust can make an initial showing of good cause, the Rule 2004 Subpoenas and Orders are outside the permissible scope of discovery. Any relevance or necessity of the information sought by the Rule 2004 Subpoenas is severely outweighed by the intrusion into the various individuals and entities personal and confidential affairs as well as the immense burden placed upon the subpoenaed entities. Indeed, the wide scope of the Rule 2004 Subpoenas would impose a severe burden on the individuals and entities whose privileged and otherwise confidential information would be disclosed. The subpoena served upon the Financial Institutions

APPDX 19

1   calls for extensive personal financial records dating back to January 1, 2004.  (Ex. A at p. 8 ¶ 11).

2   For example, the subpoena requests "[a]ny and all documents evidencing the transactions and/or

3   activity in accounts at the Bank held in the name of or for the benefit of any of the Individuals."

4   (*Id.* at p. 9 ¶ 9).   The subpoena then defines the term "Individuals" to include (1) James M.

5   Rhodes, (2) Glynda Rhodes, (3) John Rhodes and (4) Paul Huygens.   (*Id.* at p. 5 ¶ 10).   Such

6   disclosure will require the production of irrelevant and entirely confidential information, which

7   will have nothing to do with the administration of the Debtors' bankruptcy estate.   By requesting

8   similar information from the Title Companies and Other Professionals, the Litigation Trust would

9   likely receive documents relating to every property ever purchased by the four "Individuals" or

10  over 35 "Entities."   This would include, among other things, loan documents and loan

11  applications for these individuals, which contain highly sensitive and personally identifiable

12  information, on properties having absolutely no connection to the Debtors and no relation to the

13  administration of the bankruptcy estate, which is clearly outside the bounds of a proper 2004

14  Examination and document request.

15          Furthermore, most of the documents requested in the subpoenas served upon the Law

16  Firms constitute documents protected by the attorney-client privilege and/or work-product

17  doctrine.   For example, the subpoena explicitly requests "[a]ll documents and communications

18  referring or relating to any services or work performed by [the Law Firms] for any of the Entities

19  [or] . . . Individuals."   (Ex. B at p. 9 ¶¶ 5–6).   The subpoenas also request "[a]ny and all

20  documents or communications referring to or relating to any legal opinion or analysis on or

21  regarding the legality of [any transaction entered into by any of the Individuals or Entities]."

22  (Ex. B. at p.11 ¶¶ 14(j) & 15(j).)   The subpoenas even go so far as to request "[a]ll calendars,

23  diaries, notes, and desk files of [the Law Firms'] attorneys who performed any service or work

24  for any of the Entities, Debtors, and/or Individuals."   (Ex. B. at p. 12 ¶ 19 (emphasis added).)

25  Such requests go far beyond the protections afforded by the Federal Rules of Civil Procedure.

26

APPDX 20

1      Federal Rule of Civil Procedure 45(c)(3)(A) provides that "the issuing court must quash or

2   modify a subpoena that . . . (iii) requires disclosure of privileged or otherwise protected matter."

3   Fed. R. Civ. P. 45(c)(3)(A).   The Ninth Circuit has articulated the attorney-client privilege as

4   follows:

5          (1) Where legal advice of any kind is sought (2) from a professional legal adviser
           in his capacity as such, (3) the communications relating to that purpose, (4) made
6          in confidence (5) by the client, (6) are at his instance permanently protected
           (7) from disclosure by himself or by the legal adviser, (8) unless the protection be
7          waived.

8   *Ruehle*, 583 F.3d at 607 (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n. 2 (9th

9   Cir.1992) (citation omitted)).    Similarly, the work-product doctrine—codified in Fed. R.

10   Civ. P. 26(b)—protects all documents and information prepared by another party in anticipation

11   of litigation.  The work product doctrine articulated in Fed. R. Civ. P. 26(b)(3) applies to motions

12   under Fed. R. Bankr. P. 2004 through Fed. R. Bankr. P. 9014 and applies to all discovery,

13   whether or not litigation has been commenced.  *See In re Fin. Corp. of Am.*, 119 B. R. 728, 738

14   (Bankr. C.D. Cal. 1990).  Moreover, "those seeking to examine witnesses or records pursuant to

15   Rule 2004 are subject to applicable evidentiary privileges." *Id.* at 733.

16      The information requested in the Rule 2004 Subpoenas sent to the Law Firms is clearly

17   protected by the attorney-client privilege and the work-product doctrine.  The Litigation Trust has

18   done nothing to show that it can overcome these well-established rules of law.  The attorney-

19   client privilege is the cornerstone of the legal profession and this Court should preserve its

20   integrity by quashing the Rule 2004 Subpoenas.

21      **C.      The Rule 2004 Subpoenas Impose an Undue Burden on the Subpoenaed
                  Entities.**

22

23      In addition to the blatant invasion to the various "Individuals" and "Entities" privacy, the

24   Rule 2004 Subpoenas impose an undue burden upon the subpoenaed entities.  For several of the

25   subpoenaed entities, complying with the Rule 2004 Subpoenas would take months and would cost

26   thousands, if not hundreds of thousands, of dollars.  The subpoenaed entities would be required to

APPDX 21

pour through over seven years' worth of records for four "Individuals" and 37 "Entities" to determine which documents fell within the discovery request. Pursuant to the Rule 2004 Subpoenas, the subpoenaed entities are required to produce "the original, as well as all non-identical duplicates or copies and/or drafts." (Ex. A at p. 7 ¶ 4). The subpoenaed entities are even requested to account for every document that no longer exists or is no longer in the subpoenaed entities possession, custody or control by identifying the documents (1) title, (2) nature, (3) date, (4) author, (5) signatories, (6) recipients, (7) last known location and (8) circumstances under which possession, custody or control was lost. (Ex. A at p. 6 ¶ 3.) Despite the extreme request, the Litigation Trust expects the Financial Institutions to produce the requested documents by September 22, 2011. For Fabian (and perhaps the other Law Firms), the Litigation Trust has requested full compliance by September 29, 2011. Complying with such requests is certainly impossible. Indeed, for the Law Firms, preparing a privilege log alone would take months.

### D. The Rule 2004 Subpoenas Inquire Into Matters Barred by the Releases Contained in the Plan of Reorganization.

In addition, the Rule 2004 Subpoenas should be quashed because they seek information related to claims which are barred by the releases contained in the Plan of Reorganization. The Litigation Trust is seeking discovery on claims that have been foreclosed by the releases contained in the Plan of Reorganization. The Litigation Trust is seeking vast amounts of information related to the business, personal and financial activities of Jim M. Rhodes, Glynda Rhodes, John Rhodes, Paul Huygens and 37 different entities. However, nearly every one of these individuals and entities received a release from the bankruptcy estate in the Plan of Reorganization. Indeed, Paul Huygens received a full release "from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims asserted on behalf of the Debtors . . . ." (Docket No. 1013 at

13

APPDX 22

Art. I, ¶ A. 120 & Art. VIII, ¶ D.)  Likewise, Jim M. Rhodes, Glynda Rhodes, John Rhodes and nearly every one of the 37 entities received a release "from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever arising under chapter 5 of the Bankruptcy Code with respect to transfers made by the Debtors . . . during the 2 years prior to the Petition Date [March 31, 2009] . . . ."  (Docket No. 1013 at Art. VIII, ¶ E.)  Considering the broad releases, it is difficult to conceive of a single claim the Litigation Trust would not be foreclosed from pursuing.  *See, e.g., Matter of Wilcher*, 56 B.R. at 440 ("res judicata and collateral estoppel operate as a bar not only to actual relitigation but also to discovery which can only lead to relitigation of closed matters."); *In re Silverman*, 36 B.R. 254, 259 (Bankr. S. D. N. Y. 1984) ("To permit discovery as to these matters will only lead to the inevitable roadblock of res judicata which will bar the underlying claims on the merits.").

         **E.**      **The Rule 2004 Subpoenas Should be Quashed Because No Prior Notice was Given as Required by Fed. R. Civ P. 45(b)(1).**

Federal Rule of Civil Procedure 45(b)(1), provides that "[i]f [a] subpoena commands the production of documents . . ., then before it is served, a notice must be served on each party. Fed. R. Civ. P. 45(b)(1).  If a party fails to provide the requisite prior notice, the court may quash the underlying subpoena.  *See Firefighter's Ins. for Racial Equal. ex rel. Anderson v. St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000).  Here, the Litigation Trust has failed to provide prior notice of the Rule 2004 Subpoenas as required by Fed. R. Civ. P. 45(b)(1).  Fortunately, a third party contacted Rhodes' counsel regarding one of the Rule 2004 Subpoenas.  However, it is still not entirely clear what individuals or entities have been subpoenaed, when they were subpoenaed, or what information has been requested.  But what is clear is that the Rule 2004 Subpoenas delve deeply into Rhodes personal, financial and business affairs.  Based upon the clear mandate of Rule 45, Rhodes is entitled to notice of such an intrusive inquisition.  The Litigation Trust should not be allowed to conduct such an exhaustive and unwarranted investigation without giving

APPDX 23

Rhodes (and all other parties in interest) notice.  Thus, this Court should quash the Rule 2004 Subpoenas because the Litigation Trust has failed to comply with the requirements of Fed. R. Civ. P. 45(b)(1).

## II.     AT A MINIMUM, THIS COURT SHOULD ISSUE A PROTECTIVE ORDER LIMITING THE SCOPE OF THE RULE 2004 SUBPOENAS.

In the event this Court does not grant the motion to quash, it should issue a protective order limiting the scope of discovery and protecting the confidential information sought. Pursuant to Fed. R. Civ. P. 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see also In re Mittco, Inc.*, 44 B.R. 35, 38 (E. D. Wis. 1984).  "A court has broad discretion to manage the discovery process in a fashion that will implement the philosophy of full disclosure of relevant information and at the same time afford the participants <u>maximum protection against harmful side effects</u>."  *In re Mittco, Inc*., 44 B.R. 35, 38 (E. D. Wis. 1984) (citing Moore's Manual, Federal Practice and Procedure, § 15.02[1] (1983) (emphasis added)). As set forth above, Rule 2004 "may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs."  *Matter of Wilcher*, 56 B.R. at 434. Furthermore, Rule 2004 may not be used as a substitute for discovery.  *See J&R Trucking, Inc.,* 431 B.R. 818, 821 (Bankr. N.D. Ind. 2010).  And examinations and document requests under Rule 2004 are limited to issues concerning the debtor's business or assets.  *In re Fin. Corp. of Am.,* 119 B.R. 728 (Bankr. C.D. Ca. 1990).

As discussed in greater detail above, the expansive scope of the Rule 2004 Subpoenas calls for vast amounts of irrelevant, privileged and confidential information, including, among other things, personal bank accounts, real property records, legal services, domestic and marital matters, to name a few.  As such, the Litigation Trust's discovery requests go well beyond the permissible bounds of Rule 2004 and, in fact, violate the due process clause of the United States

15

1   Constitution.  Accordingly, in the event the Court does not grant the motion to quash, it should

2   issue a protective order (1) limiting the discovery requests to non-privileged information relating

3   only to the Debtors' business or assets; (2) restricting the Litigation Trust from inquiring into any

4   matter encompassed within the releases contained in the Plan of Reorganization; (3) requiring the

5   Litigation Trust to identify the documents it seeks and to provide a legitimate basis for its request

6   that is related to the administration of the Debtors' estate; and (4) providing that any documents

7   delivered to the Litigation Trust be marked as confidential and not disclosed to other persons.

8   ## CONCLUSION

9        For the reasons stated above, Rhodes respectfully requests that the Court enter an order

10  quashing the Rule 2004 Subpoenas and vacating the Rule 2004 Orders.  Alternatively, Rhodes

11  respectfully requests that the Court enter a protective order limiting the scope of the Rule 2004

12  Subpoenas and Rule 2004 Orders, as set forth above.

13       DATED this 14th day of September, 2011.

14

15

16                                          /s/ Kevin N. Anderson

17                                          Kevin N. Anderson
                                            David R. Hague
18                                          FABIAN & CLENDENIN
                                            *Attorneys for James M. Rhodes*

19

20

21

22  4821-2926-2858, v.  1

23

24

25

26

# EXHIBIT A

75
B254 (5/92) Subpoena for Rule 2004 Examination

# United States Bankruptcy Court

DISTRICT OF NEVADA

IN RE:

THE RHODES COMPANIES, LLC,
Aka "Rhodes Homes", *et al.*,

DEBTORS.

AFFECTS: ALL DEBTORS

### SUBPOENA FOR RULE 2004 EXAMINATION

CASE NO.   BK-S-09-14814-LBR
JOINTLY ADMINISTERED
CHAPTER 11

TO:   American Commonwealth Mortgage Company
By and Through Its Registered Agent:
David J. Cabral
536 E. St. Louis Ave.
Las Vegas, NV 89104

X YOU ARE COMMANDED to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, pursuant to the attached court order, regarding the following topics at the place, date and time specified below:

### SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY | | | DATE AND TIME |
|---|---|---|---|
| LAW OFFICE OF BRIAN D. SHAPIRO<br>400 E. BONNEVILLE, SUITE 300<br>LAS VEGAS, NEVADA 89101 | OR | SUCH OTHER AGREED<br>UPON LOCATION | September 22, 2011 at 10:00 A.M.<br>Or such other mutually<br>agreeable date and/or time |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

### SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED

| PLACE | | | DATE |
|---|---|---|---|
| LAW OFFICE OF BRIAN D. SHAPIRO<br>400 E. BONNEVILLE, SUITE 300<br>LAS VEGAS, NEVADA 89101 | OR | SUCH OTHER AGREED<br>UPON LOCATION | September 22, 2011<br>Or such other mutually<br>agreeable date |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Counsel for the Litigation Trust of The Rhodes Companies, LLC, et al. | August 31, 2011 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
JACOB L. ROBERTS
DIAMOND MCCARTHY LLP
909 FANNIN, 15TH FLOOR
HOUSTON, TEXAS 77010
(713) 333-5100

{00365037}

## PROOF OF SERVICE

| DATE: | PLACE: |
|-------|--------|

SERVED:

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

Date            Signature of Server

Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}

## EXHIBIT A

The topics of examination under Federal Rule of Bankruptcy Procedure 2004 shall include:

(1)    Your policies, if any, regarding document destruction and retention, and how those policies were applied to the documents requested in EXHIBIT B (the "documents");

(2)    How and where the documents are kept and filed;

(3)    Whether the documents are kept in the ordinary and usual course of your business;

(4)    How the documents came to be created, including the identities (specifically or by category) of the persons creating them;

(5)    Whether the persons creating the documents had personal knowledge of the matters stated in the documents, or created from them information transmitted by someone with such knowledge;

(6)    Whether it was the regular practice of Deponent to create the documents (or keep a file of the documents, if created by others);

(7)    The efforts Deponent made to locate and produce the documents;

(8)    The identities of all persons assisting with the search for responsive documents;

(9)    Whether any responsive documents were withheld on any ground;

(10)    Whether any responsive documents have been destroyed, and if so, when and for what reason or pursuant to what policy or instruction;

(11)    Whether any documents that should have been found were missing, and if so, the reasons that the documents were missing; and

(12)    Whether any of the instructions provided in EXHIBIT B were not followed, and if so, which instructions were not followed and the reasons for any and all departures from the instructions.

## EXHIBIT B

## I. DEFINITIONS

As used herein, unless otherwise indicated:

1. "Communication" means any transmittal of information, of any kind, without regard to whether such information was transmitted orally, in writing, electronically, visually, or by any other means.

2. "Debtors" shall mean shall mean the following entities and their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of any of the Debtors, including any attorneys, advisors, or consultants:

- Heritage Land Company, LLC
- Tick, LP
- Glynda, LP
- Chalkline, LP
- Batcave, LP
- Jackknife, LP
- Wallboard, LP
- Overflow, LP
- Rhodes Companies, LLC
- Rhodes Ranch GP
- Tuscany Acquisitions, LLC
- Tuscany Acquisitions II, LLC
- Tuscany Acquisitions III, LLC
- Tuscany Acquisitions VI, LLC
- Rhodes Design and Development Corp.
- C&J Holdings, Inc.
- Rhodes Realty, Inc.
- Jarupa LLC
- Elkhorn Investments, Inc.
- Elkhorn Partners, LP
- Tuscany Golf Country Club, LLC
- Rhodes Homes Arizona, LLC
- Pinnacle Grading, LLC
- Rhodes Arizona Properties, LLC
- Tribes Holdings LLC

- 1 -

- Six Feathers LLC
- Bravo, Inc.
- Gung-Ho Concrete, LLC
- Geronimo Plumbing, LLC
- Arapahoe Cleaning, LLC
- Apache Framing, LLC

3. "Document" means all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements, records of inventory, financial and/or accounting records, catalogues, trade journals, and any other documented or recorded information. The term "document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method. The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

4. "Entity" or "Entities" shall mean the following entities, their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other

- 2 -

persons or entities acting or purporting to act directly or indirectly on behalf of or under the

control of any of the Entities, including any attorneys, advisors, or consultants:

- Harmony Homes, Inc.
- Harmoney Homes, LLC
- Sagebrush Enterprises, Inc.
- Sedora Holdings, LLC
- Westward Crossing, LLC
- Pinnacle Equipment Rental, LLC
- Rhodes Ranch Golf, Inc.
- Rhodes Ranch Golf and Country Club
- Tropicana Durango Investments, Inc.
- Tropicana Durango, Ltd I
- Dirt Investments, LLC
- Spirit Underground, LLC
- Desert Communities, Inc.
- Custom Quality Homes, LLC
- Canberra Holdings, LLC
- Underground Technologies, LLC
- South Dakota Aggregate and Engineering, LLC
- Freedom Underground, LLC
- Rhodes Ranch, LLC
- James M. Rhodes Dynasty Trust 1
- James M. Rhodes Dynasty Trust 2
- JMRCIET
- Truckee Springs Holdings, Inc.
- Gypsum Resources, LLC
- Tulare Springs Holdings, Inc.
- Tock, LP
- Tapemeasure, LP
- Rule, LLC
- Joshua Choya, LLC
- American Land Management, LLC
- South Dakota Conservancy, LLC
- Meridian Land Company, LLC
- Yucca Land Company, LLC
- Wasatch Ave, LLC
- Escalante-Zion Investments, LLC
- HH Trust
- Jerico Trust

– 3 –

APPDX 32

5.    "Evidencing" means constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

6.    "Identify" or "identity" with respect to a natural person requires that the following information be provided for each such person:

(a)    the name of the person;

(b)    the last known home address, business address and/or telephone number of each person.

7.    "Identify" or "identity" with respect to a person other than a natural person (e.g., corporation, partnership, unincorporated joint venture, sole proprietorship, subchapter S corporation) requires that the following information be provided for each such person:

(a)    the name of the person;

(b)    the last known address and telephone number of that person's headquarters or principal place of business.

8.    "Identify" or "identity" with respect to a document means to state the date and author of the document, the type of document (e.g., letter, memorandum, telegram, chart), the addressee or intended recipient, a summary of its contents or other means of identifying the document, and the present location and custodian of the document. Alternatively, in lieu of the foregoing identification, the document may be produced along with an identification of the interrogatory to which it is responsive. If any such document was, but is no longer, in the possession, custody, or control of American Commonwealth Mortgage Company. or American Commonwealth Mortgage Company's attorneys or agents, state what disposition was made of it and the date of such disposition. With respect to document identification, documents prepared

- 4 -

subsequent to or prior to the time period specified in these interrogatories but which relate or refer to such time or period are to be included in your response.

9. "Identify" or "identity" with respect to a communication, written or oral conversation, conference or meeting, means to identify all persons participating in or in attendance at the communication, conversation, conference or meeting, and to identify all documents recording, summarizing or otherwise arising from the communication, conversation, conference or meeting in accordance with the definitions stated above. In addition, "identify" or "identity" with respect to a communication, conversation, conference or meeting means to state in detail its purpose, all subjects discussed, the method(s) of communication.

10. "Individual" or "Individuals" shall mean the following individuals:

- James M. Rhodes
- Glynda Rhodes
- John Rhodes
- Paul Huygens

11. "Person" means an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity. "Person" means the plural as well as the singular.

12. "Relating or referring" and/or "relate or refer" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

13. "AAMCOM" shall refer to American Commonwealth Mortgage Company. and its predecessors and successors, past and present subsidiaries, affiliates, divisions, branches,

- 5 -

APPDX 34

agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of American Commonwealth Mortgage Company including any attorneys, advisors, or consultants

14.     "You," "your," or "the Bank" refers to AAMCOM (as defined above) and its employees, officers, agents, subsidiaries, affiliates and all other persons acting, understood to act, or purporting to act on its behalf or under its direction or control.

## II. INSTRUCTIONS

1.     The following document requests are to be responded to fully, by furnishing all information in your possession, custody or control.  Your having possession, custody, or control of a document includes your having a right, superior to other parties, to compel the production of such document from a third party, such as your agent, employee, representative, or, unless privileged, attorney.

2.     If any document requested herein has been lost, discarded, or destroyed, the document so lost, discarded or destroyed should be identified as completely as possible, including without limitation, the date the document was lost, discarded, or destroyed, the manner in which the document was lost, discarded, or destroyed, the reason(s) the document was lost, discarded, or destroyed, the person who authorized that the document be destroyed or discarded, and the person who lost, discarded, or destroyed the document.

3.     If you cannot produce a document because it no longer exists or is no longer in your possession, custody, or control, please identify that document by:  (a) its title; (b) its nature (for example, a "letter" or "e-mail"); (c) the date it was created or sent; (d) its author(s) and signator(y/ies); (e) any of its recipient(s); (f) the last place it was known to have been located; (g)

- 6 -

the circumstances under which it ceased to exist or passed from your possession, custody, or control; and (h) the identity and last known residence and business address of any person who had knowledge of its existence and location.

4.     Produce the original, as well as all non-identical duplicates or copies and/or drafts, of all requested documents in your possession, in the possession of your agents, attorneys, accountants or employees, or which are otherwise within your custody, control, or access, wherever located. A document with handwritten notes, editing marks, etc., is not identical to one without such notes or marks and therefore must be produced if within the scope of documents requested.

5.     Produce each requested document in its entirety, including all attachments and enclosures, even if only a portion of the document is responsive to the request.

6.     If you withhold from production any document (or portion of any document) that is otherwise responsive to a request on the basis of a claim of privilege, work product, or other ground, you must provide sufficient information regarding the withheld document to permit the Court and the parties to evaluate the propriety of your objection. Specifically, you must identify: (a) the name and title of the author(s) of the document; (b) the name and title of each person to whom the document was addressed; (c) the name and title of each person to whom the document was distributed; (d) the name and title of each person to whom the document was disclosed, in whole or in part; (e) the type of document (e.g., "memorandum" or "report"); (f) the subject matter of the document; (g) the purpose(s) of the document; (h) the date on the document and, if different, the date on which the document was created and/or sent; (i) the number of pages of the document; (j) the specific request herein to which the document is responsive; (k) the nature of the privilege(s) asserted as to the document; and (l) a detailed, specific explanation as to why the

- 7 -

APPDX 36

document is privileged or otherwise immune from discovery, including a presentation of all factual grounds and legal analyses.

7.      If any requested document cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

8.      Please produce each specified document either (a) in the original file or organizational system in which it is regularly maintained or organized or (b) designate which documents are being produced in response to which of the numbered specifications below. Produce the requested documents either in their original file folders or appended to a copy of any writing on the file folders from which the documents are taken.

9.      Identify each document produced by the paragraph number of this schedule to which it is responsive. If a document is produced in response to more than one request, it is sufficient to identify only the first request to which the document is responsive.

10.     All electronically stored information must be produced in the same form or forms in which it is ordinarily maintained. Specifically, all electronically stored information must be produced in its native format, so that the metadata can be accessed.

11.     Unless otherwise specified, the relevant time period for this request is from January 1, 2004 through and including the present.

12.     This request is a continuing one that calls for the supplemental or additional production of documents if any defendant or its counsel obtains supplemental or additional documents.

13.     In responding to the requests below: (a) the disjunctive shall also be read to include the conjunctive and vice versa; (b) "including" shall be read to mean "including without limitation;" (c) the singular shall also be read to include the plural and vice versa; (d) the present

- 8 -

shall also be read as if the past tense and vice versa; (e) "any" shall be read to include "all" and vice versa; and (f) "and" shall be read to include "or" and vice versa.

### III. DOCUMENTS

YOU ARE REQUESTED to produce the documents set forth below:

1.     Any and all documents evidencing any and all accounts at the Bank held in the name of or for the benefit of any of the Debtors.

2.     Any and all documents evidencing any and all accounts at the Bank held in the name of or for the benefit of any of the Entities.

3.     Any and all documents evidencing any and all accounts at the Bank held in the name of or for the benefit of any of the Individuals.

4.     Any and all documents evidencing the type and purpose of any and all accounts at the Bank held in the name of or for the benefit of any of the Debtors.

5.     Any and all documents evidencing the type and purpose of any and all accounts at the Bank held in the name of or for the benefit of any of the Entities.

6.     Any and all documents evidencing the type and purpose of any and all accounts at the Bank held in the name of or for the benefit of any of the Individuals.

7.     Any and all documents evidencing the transactions and/or activity in the accounts at the Bank held in the name of or for the benefit of any of the Debtors.

8.     Any and all documents evidencing the transactions and/or activity in the accounts at the Bank held in the name of or for the benefit of any of the Entities.

9.     Any and all documents evidencing the transactions and/or activity in the accounts at the Bank held in the name of or for the benefit of any of the Individuals.

- 9 -

10.     Any and all documents evidencing the history of the relationship between any of the Debtors and the Bank.

11.     Any and all documents evidencing the history of the relationship between any of the Entities and the Bank.

12.     Any and all documents evidencing the history of the relationship between any of the Individuals and the Bank.

13.     Any and all documents evidencing actual, apparent, and/or purported authorization of any and all individuals to act on behalf of any Debtors, including but limited to signature cards and authorization letters.

14.     Any and all documents evidencing actual, apparent, and/or purported authorization of any and all individuals to act on behalf of any Individuals, including but limited to signature cards and authorization letters.

15.     Any and all documents evidencing actual, apparent, and/or purported authorization of any and all individuals to act on behalf of any Entities, including but limited to signature cards and authorization letters.

16.     Any and all documents evidencing the application, opening, acceptance, management, ongoing review and oversight of the accounts at the Bank held in the name of or for the benefit of any of the Debtors, and any the Bank policies and procedures applicable to these activities.

17.     Any and all documents evidencing the application, opening, acceptance, management, ongoing review and oversight of the accounts at the Bank held in the name of or for the benefit of any of the Entities, and any the Bank policies and procedures applicable to these activities.

- 10 -

APPDX 39

18.    Any and all documents evidencing the application, opening, acceptance, management, ongoing review and oversight of the accounts at the Bank held in the name of or for the benefit of any of the Individuals, and any the Bank policies and procedures applicable to these activities.

19.    Any and all correspondence files, account officer files, customer call records, and credit files with respect to any accounts at the Bank held in the name of or for the benefit of any of the Debtors.

20.    Any and all correspondence files, account officer files, customer call records, and credit files with respect to any accounts at the Bank held in the name of or for the benefit of any of the Entities.

21.    Any and all correspondence files, account officer files, customer call records, and credit files with respect to any accounts at the Bank held in the name of or for the benefit of any of the Individuals.

22.    Any and all documents evidencing loans or other forms of credit extended to any person or company affiliated with the Debtors, Entities, and/or Individuals by the Bank and the terms thereof.

23.    Any and all documents evidencing correspondence and communications between any of the Debtors and the Bank.

24.    Any and all documents evidencing correspondence and communications between any of the Entities and the Bank.

25.    Any and all documents evidencing correspondence and communications between any of the Individuals and the Bank.

APPDX 40

26. Any and all documents evidencing wire transfers received or sent by the Bank with reference to any accounts at the Bank held in the name of or for the benefit of any of the Debtors.

27. Any and all documents evidencing wire transfers received or sent by the Bank with reference to any accounts at the Bank held in the name of or for the benefit of any of the Entities.

28. Any and all documents evidencing wire transfers received or sent by the Bank with reference to any accounts at the Bank held in the name of or for the benefit of any of the Individuals.

29. Any and all documents evidencing wire transfers to or from accounts of any Debtors where the name of the recipient or transferor is not identified.

30. Any and all documents evidencing wire transfers to or from accounts of any Entities where the name of the recipient or transferor is not identified.

31. Any and all documents evidencing wire transfers to or from accounts of any Individuals where the name of the recipient or transferor is not identified.

32. Any and all documents evidencing any transactions, including wire transfers, between any of the Debtors and any of the Entities.

33. Any and all documents evidencing any transactions, including wire transfers, between any of the Debtors and any of the Individuals.

34. Any and all documents evidencing any transactions, including wire transfers, between any of the Entities and any of the Individuals.

- 12 -

35. Any and all documents evidencing any flow of money in or out of any and all accounts held by any of the Debtors, including but not limited to (a) deposit slips, (b) copies of checks, (c) copies of endorsements on checks, (d) withdrawals, and (e) wire transfers.

36. Any and all documents evidencing any flow of money in or out of any and all accounts held by any of the Individuals, including but not limited to (a) deposit slips, (b) copies of checks, (c) copies of endorsements on checks, (d) withdrawals, and (e) wire transfers.

37. Any and all documents evidencing any flow of money in or out of any and all accounts held by any of the Entities, including but not limited to (a) deposit slips, (b) copies of checks, (c) copies of endorsements on checks, (d) withdrawals, and (e) wire transfers.

38. Any and all documents evidencing any real estate transaction by any of the Debtors, including by not limited to:

      i. deeds of trust;

      ii. mortgages;

      iii. escrow instruction letters;

      iv. promissory notes;

      v. closing statements;

      vi. loan documents;

      vii. copies of checks to escrow;

      viii. copies of wire transfers to escrow;

      ix. applications of any kind related to the transaction; and

      x. communications related to the transaction.

39. Any and all documents evidencing any real estate transaction by any of the Entities, including by not limited to:

- 13 -

     i.  deeds of trust;

     ii.  mortgages;

     iii.  escrow instruction letters;

     iv.  promissory notes;

     v.  closing statements;

     vi.  loan documents;

     vii.  copies of checks to escrow;

     viii.  copies of wire transfers to escrow;

     ix.  applications of any kind related to the transaction; and

     x.  communications related to the transaction.

40.    Any and all documents evidencing any real estate transaction by any of the

Individuals, including by not limited to:

     i.  deeds of trust;

     ii.  mortgages;

     iii.  escrow instruction letters;

     iv.  promissory notes;

     v.  closing statements;

     vi.  loan documents;

     vii.  copies of checks to escrow;

     viii.  copies of wire transfers to escrow;

     ix.  applications of any kind related to the transaction; and

     x.  communications related to the transaction.

- 14 -

APPDX 43

13121

**Texas easy-serve, LLC**
1201 LOUISIANA SUITE 210
HOUSTON, TX 77002
(713) 655-7239

AMEGY BANK OF TEXAS
HOUSTON, TEXAS 77227-7459

Seventy-Five and No/100 Dollars

Date: 9/8/2011

$75.00

STATEWIDE PROCESS SERVERS
520 WEST 9460 SOUTH
SANDY, UT 84070

Details on back.

AUTHORIZED SIGNATURE

Memo: Payment; STATEWIDE PROCESS SERVERS

⑈013121⑈ ⑈113011258⑈ ⑈0003759954⑈

---

**Texas easy-serve, LLC**

13121

STATEWIDE PROCESS SERVERS          13121          9/8/2011          $75.00

Payment; STATEWIDE PROCESS SERVERS
In Payment For:

| Vendor Inv | Purchase No. | Invoice Date | Invoice Amount | Discounts | Previous Payments | Current Payment |
|---|---|---|---|---|---|---|
| 20193201 | 20193201 | 9/8/2011 | $75.00 | $0.00 | $0.00 | $75.00 |

APPDX 44

Case 09-14814-lbr Doc 1535-1 Entered 09/14/11 16:13:09 Page 20 of 20

From: (801) 907-7546
BURKE JACOBSON
STATEWIDE PROCESS SERVERS
520 WEST 9460 SOUTH

SANDY, UT 84070

Origin ID: BTFA

FedEx. Express

E

J11201104290225

Ship Date: 08SEP11
ActWgt: 0.5 LB
CAD: 100802971/INET3180

Delivery Address Bar Code

SHIP TO: (713) 754-8259 BILL SENDER

WANDA WOOTEN
TEXAS EASY-SERVE
1201 LOUISIANA STE 210

HOUSTON, TX 77002

Ref # 201932.1/RETURN
Invoice #
PO #
Dept #

FRI - 09 SEP A1
PRIORITY OVERNIGHT

TRK# 7951 6729 1778
0201

77002
TX-US
IAH

XH EIXA

50FG2/4298/F5F4

**After printing this label:**

1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# EXHIBIT B

75
B254 (5/92) Subpoena for Rule 2004 Examination

# United States Bankruptcy Court
### DISTRICT OF UTAH

IN RE:

**THE RHODES COMPANIES, LLC,**
Aka "Rhodes Homes", *et al.*,

DEBTORS.

AFFECTS: ALL DEBTORS

TO: Fabian & Clendinin
Attn: Jay Bell
315 S. State, #1200
Salt Lake City, Utah 84111

## SUBPOENA FOR RULE 2004 EXAMINATION

CASE NO. BK-S-09-14814-LBR
JOINTLY ADMINISTERED
CHAPTER 11
PENDING IN THE DISTRICT OF NEVADA

**X** YOU ARE COMMANDED to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, pursuant to the attached court order, regarding the following topics at the place, date and time specified below:

### SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY | | | DATE AND TIME |
|---|---|---|---|
| UT-TEMPEST REPORTING<br>175 SOUTH MAIN STREET, SUITE 710<br>SALT LAKE CITY, UTAH 84111 | OR | SUCH OTHER AGREED<br>UPON LOCATION | September 29, 2011 at 10:00 A.M.<br>Or such other mutually<br>agreeable date and/or time |

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

### SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED

| PLACE | | | DATE |
|---|---|---|---|
| UT-TEMPEST REPORTING<br>175 SOUTH MAIN STREET, SUITE 710<br>SALT LAKE CITY, UTAH 84111 | OR | SUCH OTHER AGREED<br>UPON LOCATION | September 29, 2011<br>Or such other mutually<br>agreeable date |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Counsel for the Litigation Trust of The Rhodes Companies, LLC, et al. | September 7, 2011 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

JACOB J. ROBERTS
DIAMOND MCCARTHY LLP
909 FANNIN, 15TH FLOOR
HOUSTON, TEXAS 77010
(713) 333-5100

{00365037;}

# PROOF OF SERVICE

DATE:                 PLACE:

## SERVED:

SERVED ON (PRINT NAME)

MANNER OF SERVICE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

        Date                      Signature of Server

                                 Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

### (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

### (d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}

APPDX 48

# EXHIBIT A

The topics of examination under Federal Rule of Bankruptcy Procedure 2004 shall include:

(1)  Your policies, if any, regarding document destruction and retention, and how those policies were applied to the documents requested in EXHIBIT B (the "documents");

(2)  How and where the documents are kept and filed;

(3)  Whether the documents are kept in the ordinary and usual course of your business;

(4)  How the documents came to be created, including the identities (specifically or by category) of the persons creating them;

(5)  Whether the persons creating the documents had personal knowledge of the matters stated in the documents, or created from them information transmitted by someone with such knowledge;

(6)  Whether it was the regular practice of Deponent to create the documents (or keep a file of the documents, if created by others);

(7)  The efforts Deponent made to locate and produce the documents;

(8)  The identities of all persons assisting with the search for responsive documents;

(9)  Whether any responsive documents were withheld on any ground;

(10) Whether any responsive documents have been destroyed, and if so, when and for what reason or pursuant to what policy or instruction;

(11) Whether any documents that should have been found were missing, and if so, the reasons that the documents were missing; and

(12) Whether any of the instructions provided in EXHIBIT B were not followed, and if so, which instructions were not followed and the reasons for any and all departures from the instructions.

## EXHIBIT B

## I. DEFINITIONS

As used herein, unless otherwise indicated:

1.     "Communication" means any transmittal of information, of any kind, without regard to whether such information was transmitted orally, in writing, electronically, visually, or by any other means.

2.     "Debtors" shall mean shall mean the following entities and their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of any of the Debtors, including any attorneys, advisors, or consultants:

- Heritage Land Company, LLC
- Tick, LP
- Glynda, LP
- Chalkline, LP
- Batcave, LP
- Jackknife, LP
- Wallboard, LP
- Overflow, LP
- Rhodes Companies, LLC
- Rhodes Ranch GP
- Tuscany Acquisitions, LLC
- Tuscany Acquisitions II, LLC
- Tuscany Acquisitions III, LLC
- Tuscany Acquisitions VI, LLC
- Rhodes Design and Development Corp.
- C&J Holdings, Inc.
- Rhodes Realty, Inc.
- Jarupa LLC
- Elkhorn Investments, Inc.
- Elkhorn Partners, LP
- Tuscany Golf Country Club, LLC
- Rhodes Homes Arizona, LLC
- Pinnacle Grading, LLC
- Rhodes Arizona Properties, LLC
- Tribes Holdings LLC

- 1 -

- Six Feathers LLC
- Bravo, Inc.
- Gung-Ho Concrete, LLC
- Geronimo Plumbing, LLC
- Arapahoe Cleaning, LLC
- Apache Framing, LLC

3.     "Document" means all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements, records of inventory, financial and/or accounting records, catalogues, trade journals, and any other documented or recorded information.  The term "document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method.  The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

4.     "Entity" or "Entities" shall mean the following entities, their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other

- 2 -

persons or entities acting or purporting to act directly or indirectly on behalf of or under the

control of any of the Entities, including any attorneys, advisors, or consultants:

- Harmony Homes, Inc.
- Harmoney Homes, LLC
- Sagebrush Enterprises, Inc.
- Sedora Holdings, LLC
- Westward Crossing, LLC
- Pinnacle Equipment Rental, LLC
- Rhodes Ranch Golf, Inc.
- Rhodes Ranch Golf and Country Club
- Tropicana Durango Investments, Inc.
- Tropicana Durango, Ltd I
- Dirt Investments, LLC
- Spirit Underground, LLC
- Desert Communities, Inc.
- Custom Quality Homes, LLC
- Canberra Holdings, LLC
- Underground Technologies, LLC
- South Dakota Aggregate and Engineering, LLC
- Freedom Underground, LLC
- Rhodes Ranch, LLC
- James M. Rhodes Dynasty Trust 1
- James M. Rhodes Dynasty Trust 2
- JMRCIET
- Truckee Springs Holdings, Inc.
- Gypsum Resources, LLC
- Tulare Springs Holdings, Inc.
- Tock, LP
- Tapemeasure, LP
- Rule, LLC
- Joshua Choya, LLC
- American Land Management, LLC
- South Dakota Conservancy, LLC
- Meridian Land Company, LLC
- Yucca Land Company, LLC
- Wasatch Ave, LLC
- Escalante-Zion Investments, LLC
- HH Trust
- Jerico Trust

- 3 -

5.     "Evidencing" means constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

6.     "Identify" or "identity" with respect to a natural person requires that the following information be provided for each such person:

(a)     the name of the person;

(b)     the last known home address, business address and/or telephone number of each person.

7.     "Identify" or "identity" with respect to a person other than a natural person (e.g., corporation, partnership, unincorporated joint venture, sole proprietorship, subchapter S corporation) requires that the following information be provided for each such person:

(a)     the name of the person;

(b)     the last known address and telephone number of that person's headquarters or principal place of business.

8.     "Identify" or "identity" with respect to a document means to state the date and author of the document, the type of document (e.g., letter, memorandum, telegram, chart), the addressee or intended recipient, a summary of its contents or other means of identifying the document, and the present location and custodian of the document. Alternatively, in lieu of the foregoing identification, the document may be produced along with an identification of the interrogatory to which it is responsive. If any such document was, but is no longer, in the possession, custody, or control of Fabian & Clendinin or Fabian & Clendinin's attorneys or agents, state what disposition was made of it and the date of such disposition. With respect to document identification, documents prepared subsequent to or prior to the time period specified

- 4 -

in these interrogatories but which relate or refer to such time or period are to be included in your response.

9. "Identify" or "identity" with respect to a communication, written or oral conversation, conference or meeting, means to identify all persons participating in or in attendance at the communication, conversation, conference or meeting, and to identify all documents recording, summarizing or otherwise arising from the communication, conversation, conference or meeting in accordance with the definitions stated above. In addition, "identify" or "identity" with respect to a communication, conversation, conference or meeting means to state in detail its purpose, all subjects discussed, the method(s) of communication.

10. "Individual" or "Individuals" shall mean the following individuals:

- James M. Rhodes
- Glynda Rhodes
- John Rhodes
- Paul Huygens

11. "Person" means an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity. "Person" means the plural as well as the singular.

12. "Relating or referring" and/or "relate or refer" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

13. "Fabian & Clendinin" shall refer to Famian & Clendinin and its predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers,

- 5 -

directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of Fabian & Clendinin, including any attorneys, advisors, or consultants

14. "You" or "your" refers to Fabian & Clendinin (as defined above) and its employees, officers, agents, subsidiaries, affiliates and all other persons acting, understood to act, or purporting to act on its behalf or under its direction or control.

## II. INSTRUCTIONS

1. The following document requests are to be responded to fully, by furnishing all information in your possession, custody or control. Your having possession, custody, or control of a document includes your having a right, superior to other parties, to compel the production of such document from a third party, such as your agent, employee, representative, or, unless privileged, attorney.

2. If any document requested herein has been lost, discarded, or destroyed, the document so lost, discarded or destroyed should be identified as completely as possible, including without limitation, the date the document was lost, discarded, or destroyed, the manner in which the document was lost, discarded, or destroyed, the reason(s) the document was lost, discarded, or destroyed, the person who authorized that the document be destroyed or discarded, and the person who lost, discarded, or destroyed the document.

3. If you cannot produce a document because it no longer exists or is no longer in your possession, custody, or control, please identify that document by: (a) its title; (b) its nature (for example, a "letter" or "e-mail"); (c) the date it was created or sent; (d) its author(s) and signator(y/ies); (e) any of its recipient(s); (f) the last place it was known to have been located; (g) the circumstances under which it ceased to exist or passed from your possession, custody, or

- 6 -

control; and (h) the identity and last known residence and business address of any person who had knowledge of its existence and location.

    4.    Produce the original, as well as all non-identical duplicates or copies and/or drafts, of all requested documents in your possession, in the possession of your agents, attorneys, accountants or employees, or which are otherwise within your custody, control, or access, wherever located. A document with handwritten notes, editing marks, etc., is not identical to one without such notes or marks and therefore must be produced if within the scope of documents requested.

    5.    Produce each requested document in its entirety, including all attachments and enclosures, even if only a portion of the document is responsive to the request.

    6.    If you withhold from production any document (or portion of any document) that is otherwise responsive to a request on the basis of a claim of privilege, work product, or other ground, you must provide sufficient information regarding the withheld document to permit the Court and the parties to evaluate the propriety of your objection. Specifically, you must identify: (a) the name and title of the author(s) of the document; (b) the name and title of each person to whom the document was addressed; (c) the name and title of each person to whom the document was distributed; (d) the name and title of each person to whom the document was disclosed, in whole or in part; (e) the type of document (e.g., "memorandum" or "report"); (f) the subject matter of the document; (g) the purpose(s) of the document; (h) the date on the document and, if different, the date on which the document was created and/or sent; (i) the number of pages of the document; (j) the specific request herein to which the document is responsive; (k) the nature of the privilege(s) asserted as to the document; and (l) a detailed, specific explanation as to why the

- 7 -

document is privileged or otherwise immune from discovery, including a presentation of all factual grounds and legal analyses.

7.    If any requested document cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

8.    Please produce each specified document either (a) in the original file or organizational system in which it is regularly maintained or organized or (b) designate which documents are being produced in response to which of the numbered specifications below. Produce the requested documents either in their original file folders or appended to a copy of any writing on the file folders from which the documents are taken.

9.    Identify each document produced by the paragraph number of this schedule to which it is responsive. If a document is produced in response to more than one request, it is sufficient to identify only the first request to which the document is responsive.

10.    All electronically stored information must be produced in the same form or forms in which it is ordinarily maintained. Specifically, all electronically stored information must be produced in its native format, so that the metadata can be accessed.

11.    Unless otherwise specified, the relevant time period for this request is from January 1, 2005 through and including the present.

12.    This request is a continuing one that calls for the supplemental or additional production of documents if any defendant or its counsel obtains supplemental or additional documents.

13.    In responding to the requests below: (a) the disjunctive shall also be read to include the conjunctive and vice versa; (b) "including" shall be read to mean "including without limitation;" (c) the singular shall also be read to include the plural and vice versa; (d) the present

- 8 -

shall also be read as if the past tense and vice versa; (e) "any" shall be read to include "all" and vice versa; and (f) "and" shall be read to include "or" and vice versa.

## III. DOCUMENTS

YOU ARE REQUESTED to produce the documents set forth below:

1. All engagement letters and other documents and communications referring or relating to any engagement letters between You and any of the Debtors.

2. All engagement letters and other documents and communications referring or relating to any engagement letters between You and any of the Entities.

3. All engagement letters and other documents and communications referring or relating to any engagement letters between You and any of the Individuals.

4. All documents and communications referring or relating to any services or work performed by You for any of the Debtors.

5. All documents and communications referring or relating to any services or work performed by You for any of the Entities.

6. All documents and communications referring or relating to any services or work performed by You for any of the Individuals.

7. All documents referring or relating to any services or work performed by You that was billed to or paid for by any of the Debtors.

8. All documents referring or relating to any services or work performed by You that was billed to or paid for by any of the Entities.

9. All documents referring or relating to any services or work performed by You that was billed to or paid for by any of the Individuals.

- 9 -

10. All documents and communications referring or relating to payment for any services or work performed by You for any of the Debtors, including but not limited to all timekeeping records, bills, invoices, and records of payments.

11. All documents and communications referring or relating to payment for any services or work performed by You for any of the Entities, including but not limited to all timekeeping records, bills, invoices, and records of payments.

12. All documents and communications referring or relating to payment for any services or work performed by You for any of the Individuals, including but not limited to all timekeeping records, bills, invoices, and records of payments.

13. All documents and communications referring or relating to any transactions entered into by any of the Debtors, including but not limited to:

> a. Communications to and from any of the Entities, attorneys representing the Entities, or any other representatives of any of the Entities;
>
> b. Communications to and from any of the Debtors, attorneys representing any of the Debtors, or any other representatives of any of the Debtors;
>
> c. Communications to and from any of the Individuals, attorneys representing any of the Individuals, or any other representatives of any of the Individuals;
>
> d. Communications to and from any potential or actual appraisal firms;
>
> e. Any and all documents and communications referring or relating to the valuation or appraisal of any and all real property interests involved in the transaction;
>
> f. Communications to and from any and all potential or actual title companies;
>
> g. Any and all documents and communications referring or relating to the title of any real property interests involved in the transaction;
>
> h. Communications to and from any and all potential or actual accountants, auditors, accounting firms, and auditing firms;
>
> i. Any and all documents and communications referring or relating to the financial condition, valuation, or financial records of any and all Entities and Debtors involved in the transaction; and

- 10 -

j. Any and all documents or communications referring or relating to any legal opinion or analysis on or regarding the legality of the transaction.

14. All documents and communications referring or relating to any transactions entered into by any of the Entities, including but not limited to:

a. Communications to and from any of the Entities, attorneys representing the Entities, or any other representatives of any of the Entities;

b. Communications to and from any of the Debtors, attorneys representing any of the Debtors, or any other representatives of any of the Debtors;

c. Communications to and from any of the Individuals, attorneys representing any of the Individuals, or any other representatives of any of the Individuals;

d. Communications to and from any potential or actual appraisal firms;

e. Any and all documents and communications referring or relating to the valuation or appraisal of any and all real property interests involved in the transaction;

f. Communications to and from any and all potential or actual title companies;

g. Any and all documents and communications referring or relating to the title of any real property interests involved in the transaction;

h. Communications to and from any and all potential or actual accountants, auditors, accounting firms, and auditing firms;

i. Any and all documents and communications referring or relating to the financial condition, valuation, or financial records of any and all Entities and Debtors involved in the transaction; and

j. Any and all documents or communications referring or relating to any legal opinion or analysis on or regarding the legality of the transaction.

15. All documents and communications referring or relating to any transactions entered into by any of the Individuals, including but not limited to:

a. Communications to and from any of the Entities, attorneys representing the Entities, or any other representatives of any of the Entities;

b. Communications to and from any of the Debtors, attorneys representing any of the Debtors, or any other representatives of any of the Debtors;

- 11 -

APPDX 60

  c. Communications to and from any of the Individuals, attorneys representing any of the Individuals, or any other representatives of any of the Individuals;

  d. Communications to and from any potential or actual appraisal firms;

  e. Any and all documents and communications referring or relating to the valuation or appraisal of any and all real property interests involved in the transaction;

  f. Communications to and from any and all potential or actual title companies;

  g. Any and all documents and communications referring or relating to the title of any real property interests involved in the transaction;

  h. Communications to and from any and all potential or actual accountants, auditors, accounting firms, and auditing firms;

  i. Any and all documents and communications referring or relating to the financial condition, valuation, or financial records of any and all Entities and Debtors involved in the transaction; and

  j. Any and all documents or communications referring or relating to any legal opinion or analysis on or regarding the legality of the transaction.

16. All documents referring or relating to meetings, minutes of meetings, presentations to, votes, or decisions by the management or boards of directors for any of the Debtors.

17. All documents referring or relating to meetings, minutes of meetings, presentations to, votes, or decisions by the management or boards of directors for any of the Entities.

18. All personnel files, including any and all performance reviews for Your attorneys who performed any services or work for any of the Entities, Debtors, and/or Individuals.

19. All calendars, diaries, notes, and desk files of Your attorneys who performed any services or work for any of the Entities, Debtors, and/or Individuals.

- 12 -

20. All of Your document retention policies (or any other document setting forth guidelines for the retention, disposal, or destruction of documents) from 2005 through the present time.

21. All documents and communications referring or relating to audited financial statements, audit work papers, appraisals, valuation reports, or any other assessment of the financial condition of any Debtors and/or Entities.

22. All documents referring or relating to any audit responses submitted by You to any auditor for any of the Debtors and/or Entities.

23. All documents referring or relating to any conflict of interest in your simultaneous representation of any of the Debtors, Entities, and/or Individuals.

24. All documents referring or relating to any transaction between any of the Debtors and any of the Entities or Individuals.

25. All documents relating to any real estate transaction entered into by any of the Debtors, including but not limited to:

       a. purchase and sale agreements;

       b. promissory notes;

       c. bills of sale;

       d. deeds;

       e. assignments and assumptions of leases and security deposits;

       f. assignments and assumptions of contracts;

       g. title insurance policies;

       h. escrow instruction letters;

       i. incumbency certificates;

- 13 -

APPDX 62

      j.  organizational documents;

      k.  resolutions related to the transaction; and

      l.  opinion letters.

    26.    All documents relating to any real estate transaction entered into by any of the Entities, including but not limited to:

      a.  purchase and sale agreements;

      b.  promissory notes;

      c.  bills of sale;

      d.  deeds;

      e.  assignments and assumptions of leases and security deposits;

      f.  assignments and assumptions of contracts;

      g.  title insurance policies;

      h.  escrow instruction letters;

      i.  incumbency certificates;

      j.  organizational documents;

      k.  resolutions related to the transaction; and

      l.  opinion letters.

    27.    All documents relating to any real estate transaction entered into by any of the Individuals, including but not limited to:

      a.  purchase and sale agreements;

      b.  promissory notes;

      c.  bills of sale;

      d.  deeds;

APPDX 63

   e. assignments and assumptions of leases and security deposits;

   f. assignments and assumptions of contracts;

   g. title insurance policies;

   h. escrow instruction letters;

   i. incumbency certificates;

   j. organizational documents;

   k. resolutions related to the transaction; and

   l. opinion letters.

28.    All documents relating to any financing transactions entered into by any of the

Debtors, including but not limited:

   a. loan agreements;

   b. promissory notes;

   c. intercreditor agreements; and

   d. loan applications.

29.    All documents relating to any financing transactions entered into by any of the

Entities, including but not limited:

   a. loan agreements;

   b. promissory notes;

   c. intercreditor agreements; and

   d. loan applications.

30.    All documents relating to any financing transactions entered into by any of the

Individuals, including but not limited:

   a. loan agreements;

APPDX 64

b.  promissory notes;

c.  intercreditor agreements; and

d.  loan applications.

.                    .

.                                                    .

.                                                    .

.

.

- 16 -

13121

**Texas easy-serve, LLC**
1201 LOUISIANA SUITE 210
HOUSTON, TX 77002
(713) 655-7239

**AMEGY BANK OF TEXAS**
HOUSTON, TEXAS 77227-7459

Seventy-Five and No/100 Dollars

Date: 9/8/2011

$75.00

STATEWIDE PROCESS SERVERS
520 WEST 9460 SOUTH
SANDY, UT 84070

Details on back.

AUTHORIZED SIGNATURE

Memo:    Payment; STATEWIDE PROCESS SERVERS

⑆013121⑆ ⑈113011258⑈ ⑆0003759954⑈

---

**Texas easy-serve, LLC**

13121

STATEWIDE PROCESS SERVERS                13121            9/8/2011                        $75.00

Payment; STATEWIDE PROCESS SERVERS
In Payment For:

| Vendor Inv | Purchase No. | Invoice Date | Invoice Amount | Discounts | Previous Payments | Current Payment |
|---|---|---|---|---|---|---|
| 20193201 | 20193201 | 9/8/2011 | $75.00 | $0.00 | $0.00 | $75.00 |

APPDX 66

From: (801) 907-7546    Origin ID: BTFA
BURKE JACOBSON
STATEWIDE PROCESS SERVERS
520 WEST 9460 SOUTH

SANDY, UT 84070



J112011042900225

SHIP TO: (713) 754-8259    **BILL SENDER**
**WANDA WOOTEN**
**TEXAS EASY-SERVE**
**1201 LOUISIANA STE 210**

**HOUSTON, TX 77002**

Ship Date: 08SEP11
ActWgt: 0.5 LB
CAD: 100802971/INET3180

Delivery Address Bar Code



Ref #    201932.1/RETURN
Invoice #
PO #
Dept #

FRI - 09 SEP  A1

**PRIORITY OVERNIGHT**

TRK#  **7951 6729 1778**
0201

**77002**
TX-US

**XH EIXA**

**IAH**





50F02/4299/F5F4

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

APP 002607

E-Filed on 9/23/2011

**DIAMOND MCCARTHY LLP**
1201 Elm Street, 34th Floor
Dallas, Texas 75270
(214) 389-5300 (telephone)
(214) 389-5399 (facsimile)

Eric D. Madden, TX Bar No. 24013079
Email: emadden@diamondmccarthy.com
Michael J. Yoder, TX Bar No. 24056572
Email: myoder@diamondmccarthy.com
Jacob J. Roberts, TX Bar No. 24065982
Email: jroberts@diamondmccarthy.com

*Counsel for the Litigation Trust
of The Rhodes Companies, LLC, et al.*

**LAW OFFICE OF BRIAN D. SHAPIRO, A NEVADA LLC**
411 E. Bonneville Ave., Suite 300
Las Vegas, Nevada 89101
(702) 386-8600 (telephone)
(702) 383-0994 (facsimile)

Brian D. Shapiro, NV Bar No. 5772
Email: bshapiro@brianshapirolaw.com

*Local Counsel for the Litigation Trust of
The Rhodes Companies, LLC, et al.*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA**

IN RE:

THE RHODES COMPANIES, LLC,
 Aka "Rhodes Homes", *et al.*,

Reorganized Debtors.[1]

Affects:
☒ All Debtors
☐ The following Debtor(s)

Case No. BK-09-14814-LBR
(Jointly Administered)

Chapter 11

**LITIGATION TRUST'S RESPONSE TO
MOTION TO QUASH SUBPOENAS**

Status Hearing Date: September 27, 2011
Status Hearing Time: 10:30 a.m.

The Litigation Trust of The Rhodes Companies, LLC, et al. (the "Litigation Trust") respectfully submits this response to the motion to quash filed by James M. Rhodes ("Rhodes") and states as follows:

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC 90206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Clubb, LLC (7132); Pinnacle Grading, LLC (4838).

## I.    **INTRODUCTION**

Having first caused the dissipation of the Debtors assets, Rhodes now seeks to thwart the Litigation Trust's investigation of claims against him and the other Rhodes Entities by filing the instant motion to quash every single third party subpoena served by the Litigation Trust pursuant to Rule 2004 and Rule 9016.  Notwithstanding the inconsistent (and seemingly disingenuous) positions taken by Rhodes in the brief in support of his motion, Rhodes is undoubtedly well aware of the significant potential liability he could face to the Litigation Trust as a result of his misdeeds if the Litigation Trust were able to obtain necessary discovery from the third parties that have been subpoenaed.

Through its preliminary investigation, the Litigation Trust has identified what appear to be numerous wrongful transfers of Debtor funds to or for the benefit of the Rhodes Entities.  In several such instances, it appears that funds originating from the Debtors were wrongfully transferred to various third parties for the benefit of the Rhodes Entities.  In turn, the Litigation Trust has sought discovery from these entities to investigate: (1) the purposes for which such suspect transfers were made; and (2) whether the Debtor may have received any economic benefit in exchange for the transfers, information which is not readily available from the Debtors' records.  The Litigation Trust has only sought Rule 2004 discovery from entities that received funds originating from the Debtors; in other words, *every single entity* that has been subpoenaed received Debtor assets pre-petition.

Rhodes first challenges this necessary discovery on the basis that the Litigation Trust does not have any claims against him or any of the Rhodes Entities, both on the facts and as a result of a release contained with the Third Amended Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, et al. (the "Plan").  This argument ignores the plain language of the release, which *only* apples to: (a) Chapter 5 claims relating to (b) transfers made within two years of the petition date that (c) have been specifically identified in certain filings in this Court.  All other claims against Rhodes and the other Rhodes Entities— including claims arising out of transfers made two years before the petition date, common law

claims such as breach of fiduciary duty, and claims related to undisclosed transfers made within two years of the petition date—have <u>not</u> been released.

Indeed, the tenuous nature of Rhodes' arguments pertaining to the Litigation Trust's purported lack of any claims against the Rhodes Entities is perhaps best illustrated by his own actions in litigating his proof of claim. As Rhodes states in the brief filed in support of his motion to quash, "Rhodes repeatedly has informed the Court that he does not seek to collect his claim for the taxes paid from the Debtors, but *merely seeks a setoff against any claims the Reorganized Debtors (through the Litigation Trust) may have against him*."[2] Why would Rhodes vigorously litigate a claim for setoff—filing both an appeal to the District Court and a subsequent motion for reconsideration—if the underlying claims had been released?

After launching this meritless attack on the Litigation Trust's underlying basis for seeking discovery, Rhodes then argues that the subpoenas should be quashed because they seek privileged and/or confidential information, and are otherwise unduly burdensome. In doing so, Rhodes attempts to assert objections that he does not hold. First, Rhodes attempts to assert the attorney-client privilege as a basis for quashing the subpoenas even though Rhodes has not asserted—or established by affidavit or otherwise—that he personally holds any attorney-client privilege with respect to documents maintained by the subpoenaed law firms. Second, Rhodes argues that the subpoenas would impose an "undue burden" on the subpoenaed third parties, even though the third parties themselves have almost universally agreed to produce responsive documents after conferring with the Litigation Trust. This Court should not permit Rhodes to thwart the Litigation Trust's investigation on such hypothetical objections.

## II.  FACTUAL BACKGROUND

Through its preliminary investigation, the Litigation Trust has uncovered what appear to be several instances of wrongful dissipation of Debtor assets to or for the benefit of Jim Rhodes

---

[2] Memorandum of Law in Support of Motion to Quash Orders of Rule 2004 Examination and Corresponding Subpoenas and/or for Protective Orders (hereinafter, the "Motion") at 3 (emphasis added).

and/or other Rhodes Entities.[3]  These suspect transactions date at least as far back as November 2005 and continued up to the point of the Debtors' petition date, and generally fall into one or more of several categories, including the following:

- <u>Transfers made to pay Rhodes' personal income taxes</u>.  It appears that tens of millions of dollars of Debtor funds were used to pay Rhodes' personal income tax obligations in late 2005 and 2006;

- <u>Transfers made to financial institutions, evidently for Rhodes' personal benefit</u>.  It appears that hundreds of thousands, if not millions, of dollars of Debtor funds were used to pay Rhodes' personal credit card bills or otherwise advance to accounts held at various financial institutions;

- <u>Transfers made to law firms for the benefit of the Rhodes Entities</u>.  It appears that Debtor funds were used to pay fees for legal services that did not benefit the Debtors.  For example, it appears that Debtor Heritage Land Company, LLC transferred $100,000 and $56,114.00 to Fabian & Clendenin on December 8, 2008 and December 18, 2008, respectively.  Presumably, these payments were for legal services rendered to Rhodes and/or the Rhodes Entities.[4]

In addition, it appears that millions of dollars of Debtor funds may have been transferred to title companies and financial institutions to: (1) obtain real property for the Rhodes Entities; and/or (2) remove encumbrances on real property previously held by Rhodes Entities.

To further its investigation into these and other suspected misuses of Debtor funds, the Litigation Trust sought to obtain discovery from several third parties pursuant to Federal Rule of Bankruptcy Procedure Rule 2004.  Each of the entities from whom discovery was sought is an entity that is believed to have received funds originating from the Debtors.[5]  To the extent that any subpoenaed entities have raised any issues with the scope of any document requests or the dates for compliance, the Litigation Trust and the subpoenaed entities have been able to amicably resolve such issues through the meet and confer process.[6]

---

[3] Declaration of Jacob J. Roberts (hereinafter, the "Roberts Decl.") at ¶5.

[4] Fabian & Clendenin presumably did not represent the Debtors, as otherwise there would appear to be a conflict of interest in its instant representation Rhodes.

[5] Roberts Decl. at ¶6.

[6] Roberts Decl. at ¶8.

### III.   LEGAL STANDARDS

**A.   FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

Under Rule 2004, on motion of any party in interest, the court may order the examination of any person or entity with respect to:

> [t]he acts, conduct, or property or . . . the liabilities and financial condition of the debtor, or … any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.  In a . . . reorganization case under chapter 11 of the Code, . . . the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan.[7]

Rule 2004 examinations are "broad and unfettered and in the nature of fishing expeditions."[8]  The primary purpose of allowing such broad discovery under Rule 2004 is to "expedite the locating of assets of the estate."[9]  Rule 2004 examinations are appropriate for "discovering assets, examining transactions, and determining whether wrongdoing has occurred."[10]  Further, Rule 2004 allows a "trustee to do the necessary investigatory work without the need for initiating formal litigation which would trigger the traditional discovery tools.  Indeed, one purpose for such an examination is to give the trustee the information needed to determine whether litigation should be filed."[11]

The permissive discovery mechanism provided by Rule 2004 is appropriate unless the discovery sought is related to a pending adversary proceeding.[12]  Even if litigation is "sure to be filed," Rule 2004 discovery is still appropriate because discovery pre-suit can "be critical to ensure that no viable cause of action is lost, for while it may be certain suit will be filed against

---

[7] FED.R. BANKR. P. 2004(b).

[8] *E.g. In re Enron*, 281 B.R. 836, 840 (S.D.N.Y. 2002); *In re J&R Trucking*, 431 B.R. 818, 821 (Bankr. N.D. Ind. 2010); *In re Bennett*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996).

[9] *In re Parikh*, 397 B.R. 518, 526 (Bankr. E.D.N.Y. 2008).

[10] *In re Enron*, 281 B.R. 836, 840 (S.D.N.Y. 2002).

[11] *In re J&R Trucking*, 431 B.R. 818, 822 (Bankr. N.D. Ind. 2010).

[12] *In re Bennett*, 203 B.R. 24, 29 (Bankr. N.D.N.Y. 1996).

[a potential defendant], that does not mean all possible claims, some of which might soon be lost [to limitations], have been identified."[13]

Generally, good cause exists if the party seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests.[14] Moreover, in determining that there was good cause for a Rule 2004 examination, it is appropriate for a court to rely on representations of counsel.[15]

## IV.  ARGUMENT

**A.  THE DISCOVERY SOUGHT BY THE LITIGATION TRUST IS NECESSARY FOR ITS INVESTIGATION OF CLAIMS AGAINST THE RHODES ENTITIES.**

### 1.  The Discovery Sought is Relevant to the Litigation Trust's Potential Claims against the Rhodes Entities.

To date, the Litigation Trust has identified what appear to be numerous wrongful transfers of Debtor funds to or for the benefit of the Rhodes Entities.  For example, Debtor funds were evidently used to: (1) pay Jim Rhodes' personal income tax obligations; (2) to fund Jim Rhodes' divorce settlement; (3) to pay legal fees and other professional fees rendered solely for the benefit of the Rhodes Entities; and (4) to acquire real property for the benefit of Rhodes Entities.  These various wrongful dissipations of Debtor assets, along with other abuses of the Debtors for the benefit of the Rhodes Entities, will likely give rise to claims against Jim Rhodes and/or other Rhodes Entities for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, and/or avoidance and recovery of fraudulent transfers under Chapter 5 of the Bankruptcy Code and the UFTA.

---

[13] *In re Mirant,* 326 B.R. 354, 356-57 (Bankr. N.D. Tex. 2005).

[14] *Bank One, Columbus, N.A. v. Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992).

[15] *In re Metiom, Inc.,* 318 B.R. 263, 269 (S.D.N.Y. 2004) ("Given the absence of any authority suggesting that oral or written statements must be made under oath in order to support a finding of good cause for a Rule 2004 examination, and the existence of case law to the contrary, this Court finds no reason to doubt the soundness of the Bankruptcy Court's decision to rely on the representations of Metiom's counsel and the Metiom email in determining that there was good cause for the Rule 2004 examination.").

In several such instances, it appears that funds originating from the Debtors were wrongfully transferred to various third parties for the benefit of the Rhodes Entities. In turn, the Litigation Trust has sought discovery from these entities to investigate: (1) the purposes for which such suspect transfers were made; and (2) whether the Debtor may have received any economic benefit in exchange for the transfers. *Every single entity* that was subpoenaed received funds that originated from the Debtors. Indeed, each entity's receipt of funds originating from the Debtors is what led to the Litigation Trust's identification of that entity as a source for Rule 2004 discovery in the first place.

Although the Litigation Trust can trace Debtor assets into the subpoenaed entities, additional discovery from these entities is still necessary because, in many instances, it is not clear: (1) why the subpoenaed entities received Debtor assets, directly or indirectly via Rhodes Entities; and (2) whether the Debtors received any economic benefit in exchange. For example:

- Financial Institutions. Each of the various financial institutions subpoenaed received funds originating from the Debtors. In several instances, it appears that funds were transferred to pay Rhodes' personal credit card bills, and/or were transferred to personal financial accounts held by Rhodes. It is unknown, however, whether these payments benefitted the Debtors in some way (e.g. if Rhodes had previously put company expenses on his personal credit card, if Rhodes subsequently transferred funds received in personal accounts to a third party for the benefit of the Debtors, etc.).

- Law Firms. Each of the law firms subpoenaed received funds originating from the Debtors. It appears that Debtor funds may have been used to pay Rhodes' personal legal fees related to his divorce. In addition, it appears that Debtor funds may have been used to pay legal fees incurred solely to benefit Rhodes Entities, in some cases to the detriment of the Debtors (especially in regards to the creation of Harmony Homes, LLC, a direct competitor to the

Debtors). The extent to which the law firms rendered services solely to Rhodes personally or to the other Rhodes Entities is unknown.

- <u>Title Companies</u>. Each of the title companies subpoenaed received funds originating from the Debtors. It appears that in many instances, Debtor funds were used to either obtain new real property for Rhodes Entities, or to eliminate liens on real property already owned by Rhodes Entities. Given the extensive commingling of assets between the Debtors and the Rhodes Entities and the vague and incomplete nature of the Debtors' financial records, however, it is unclear in many instances whether the Debtors ultimately received the real property in question from Rhodes Entities or received some other benefit in exchange.

- <u>Other Professionals</u>. Each of the other professionals subpoenaed received funds originating from the Debtors. It appears that these professional firms rendered services solely to the Rhodes Entities. The extent to which these professional firms rendered any services that benefitted the Debtors in some way is unknown.

Given these factual gaps and the inherent limitations in what information can be derived solely from the Debtors' financial records, the additional discovery that the Litigation Trust seeks from these entities through Rule 2004 is necessary in order to enable the Litigation Trust to fully investigate its potential claims. Without such discovery, the potential litigation instituted by the Litigation Trust could very well be both under-inclusive (not bringing all tenable claims) and over-inclusive (bringing claims that appear strong now, but additional discovery would render weak). In turn, permitting the Litigation Trust to seek necessary third party discovery now will prevent the cost and delay associated with various pleadings amendments later.

## 2. The Releases Contained in the Plan do Not Bar the Litigation Trust From Bringing Claims against the Rhodes Entities.

In tacit recognition of the fact that the Litigation Trust's discovery is clearly geared towards investigation of claims against the Rhodes Entities, Rhodes argues that: "the Rule 2004 Subpoenas should be quashed because they seek information to claims which are barred by the release contained in the Plan."[16]  This argument is disingenuous, as Rhodes has admitted that he "repeatedly has informed the Court that he does not seek to collect his claim for the taxes paid from the Debtors, but *merely seeks a setoff against any claims the Reorganized Debtors (through the Litigation Trust) may have against him.*"[17]  It is difficult to fathom why Rhodes would vigorously litigate his "set-off" claim—both appealing this Court's initial ruling and filing a motion for reconsideration[18]—if he truly believed that the claims against him had been released under the Plan in the first place.

In any event, the plain language of the release provision contained in the Plan makes clear that only a small subset of the potential universe of claims against the Rhodes Entities has been released.  The pertinent release, contained in Article VIII, section E of the plan, provides as follows:

> The Rhodes Entities shall be deemed released from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever arising under chapter 5 of the Bankruptcy Code with respect to transfers made by the Debtors to the Rhodes Entities during the 2 years prior to the Petition Date; provided, however, that such release shall only apply to transfers expressly set forth in the Schedules as Filed with the Bankruptcy Court as of August 1, 2009 or as disclosed in Attachment B to the Mediation Term Sheet.

This release is very narrow and is expressly limited to only Chapter 5 claims with respect to transfers made within in two years of the petition date.  And even then, by its own terms, the

---

[16] Motion at 13.

[17] Motion at 3 (emphasis added).

[18] *See* Docket Nos. 1323, 1428, and 1429.

"*release shall only apply to transfers expressly set forth*" in the Mediation Term Sheet or filings with the Bankruptcy Court.

In other words, the Rhodes Entities are <u>not</u> released from: (1) claims arising out of any transfers of Debtor funds that were not specifically listed in the Mediation Term Sheet; (2) any Chapter 5 claims related to transfers made more than 2 years before the petition date; and/or (3) claims for breach of fiduciary duty and other common law causes of action. The Litigation Trust should not be precluded from investigating such claims solely because an extremely narrow subset of the universe of potential claims against the Rhodes Entities has been released.

**B.    THE DISCOVERY SOUGHT WILL NOT IMPERMISSIBLY INVADE THE ATTORNEY-CLIENT PRIVILEGE, IMPLICATE ANY MEANINGFUL CONFIDENTIALITY CONCERNS, OR IMPOSE ANY UNDUE BURDEN.**

**1.    The Discovery Sought Will Not Impermissibly Invade any Attorney-Client Privilege.**

As discussed above, the Litigation Trust subpoenaed each of the law firms because each law firm received funds originating from the Debtors. The Litigation Trust is seeking information regarding the nature of the underlying legal services provided; namely, whether the legal services were provided to the Debtors (as opposed to any of the Rhodes Entities) and/or otherwise benefitted the Debtors.[19] Rhodes' assertion of privilege underscores the importance of this information; to the extent the law firms were representing Rhodes, Debtor funds may have been used to pay for legal services that did not benefit the Debtors. In any event, Rhodes' assertion of privilege is unfounded.

First, Rhodes has failed to establish that any of the subpoenaed law firms ever represented him in a solely personal capacity and/or that he holds any personal attorney-client privilege with respect to the subpoenaed documents. Rhodes has the burden of making a *prima facie* showing that the attorney-client privilege protects the information that is sought.[20] To meet

---

[19] The Litigation Trust is not intentionally seeking to invade any attorney-client privilege held by any of the Rhodes Entities. Specifically, the Litigation Trust is not seeking discovery from every law firm that possibly may have represented the Rhodes Entities, but solely those law firms that received funds originating from the Debtors.

[20] *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992).

this burden Rhodes must demonstrate that the documents in possession of the subpoenaed law firms adhere to the essential elements of the attorney-client privilege.[21] Rhodes has failed to do so through privilege log, appropriate affidavit, or otherwise. Because Rhodes has failed to establish that he has a personal right or privilege with regard to the documents sought, Rhodes—a non-party to the subpoenas to the law firms—lacks standing to move to quash the subpoenas.[22]

Second, much of the information sought would not be privileged in any event. For example, billing invoices (when redacted appropriately) would not be privileged and would shed light on the nature of the legal services paid for with Debtor funds. Similarly, purely transactional documents and pleading files—both of which could reveal that Debtor funds were used to pay for legal services solely benefitting the Rhodes Entities—would not be privileged.

Finally, to the extent that the Law Firms represented the Debtors (either individually or jointly with any Rhodes Entities), then any otherwise privileged documents would not be privileged with respect to the Litigation Trust.[23]

### 2. The Discovery Sought Does Not Impermissibly Seek Confidential or Personally Identifiable Information.

Rhodes' assertion that the subpoenas should be quashed because they seek "confidential and personally identifiable information" is not legally supported in his Motion. Confidential commercial information—the only type of confidential information mentioned in Rule 45(c)—includes only information which, if disclosed, would cause substantial economic harm to the competitive position of the entity from whom the information was obtained.[24] A claim of confidential commercial information must be expressly made and supported by a sufficient description of the nature of the documents, communications, or things not produced so as to

---

[21] *Id.*

[22] *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995).

[23] *See, e.g., Gottlieb v. Wiles,* 143 F.R.D. 241, 247 (D. Colo.1992) ("When parties with a common interest retain a single attorney to represent them [and] ... later become adverse, neither is permitted to assert the attorney-client privilege as to communications occurring during the period of common interest.").

[24] *Diamond State Insurance Co. v. Rebel Oil Co.*, Inc., 157 F.R.D. 691, 697 (D. Nev. 1994).

enable the demanding party to contest the claim.[25]  Rhodes' has failed to make such a showing, and thus his ambiguous claim of confidentiality does not provide grounds for quashing the Litigation Trust's Rule 2004 subpoenas under Rule 45(c).

Further, in conferring with various financial institutions and title companies, the Litigation Trust has made clear that the scope of its requests with respect to the Individuals was not intended to extend beyond those Individuals' dealings with the Debtors.[26]  Nevertheless, to the extent that the Court has any concerns regarding privacy or confidentiality issues with respect to any of the Individuals, a protective order—and not quashing the subpoena—would be the appropriate remedy.

### 3. Rhodes Lacks Standing to Move to Quash the Subpoenas on the Basis of Undue Burden.

Rhodes does not have standing to move to quash the subpoenas as unduly burdensome to the subpoenaed entities.  Only the subpoenaed entities can raise such an objection.  But tellingly, those entities have not done so (aside from one placeholder objection filed by Mutual Bank of Omaha and resolved after a brief phone conversation with the Litigation Trust's counsel).  Put simply, Rhodes' perception of the burden that the subpoenas place on the subpoenaed entities is irrelevant and not a proper basis to quash the subpoenas.

## C. RHODES RECEIVED SUFFICIENT NOTICE.

Rhodes makes the novel argument that the subpoenas should be quashed because the Litigation Trust purportedly failed to comply with Rule 45(b)(1)'s requirement that before a subpoena requesting documents is served, "a notice must be served on each party."  In the context of a subpoena authorized by Rule 2004 and issued under Bankruptcy Rule 9016, it is unclear what this notice requirement entails.  None of the Rule 45 cases cited by Rhodes involve a failure to serve notice of a subpoena authorized by Rule 2004 prior to the initiation of litigation

---

[25] *Id.*

[26] The Litigation Trust has been in contact with Mr. Huygens and has resolved any objections he had to the subpoenas.

or an adversary proceeding,[27] and the Litigation Trust was unable to locate any authority addressing the issue.

This dearth of case law is probably a result of the fact that, on its face, Rule 45(b)(1) only requires service of notice on a "party." In turn, the Rule 45(b)(1) notice requirement likely does not apply to creditors and other entities in the pre-suit, Rule 2004 context. Indeed, requiring any sort of special notice to be served to all creditors—such as Rhodes—every time a Rule 2004 subpoena is issued would be incredibly burdensome and wasteful in complex bankruptcies, as well as create massive creditor confusion.

In any event, Rhodes has in fact received adequate notice of the subpoenas through his counsel. Specifically, the Litigation Trust's motions requesting Rule 2004 examinations and the orders authorizing the examinations were filed on the docket and notice was automatically sent out to everyone on the bankruptcy case service list. This included Mr. Anderson, Rhodes's counsel and signatory on the Motion.[28] Mr. Anderson's receipt of notice of the 2004 motions and order is evidenced by the fact that on September 2, 2011, three days after the 2004 orders were entered, Mr. Anderson file a *pro hac vice* application and a designation of local counsel on Rhodes' behalf.

Further, even if Rhodes could establish that he fit within the Rule 45 meaning of "party," and even if he could establish that he did not receive adequate notice, the subpoenas should still not be quashed because Rhodes was not prejudiced by any lack of notice.[29] On September 15, 2011—the day after the Motion was filed—the Litigation Trust sent Rhodes' counsel copies of

---

[27] *Firefighter's Institute for Racial Equality v. City of St. Louis,* 220 F.3d 898, 903 (8th Cir. 2000) (Rule 45 subpoena served by plaintiff on a third party in non-bankruptcy lawsuit quashed based plaintiff's failure to served defendant with prior notice of the subpoena).

[28] Mr. Anderson filed a notice of appearance in the bankruptcy case on August 20, 2010—over a year before the Litigation Trust's motions requesting the Rule 2004 examinations and the orders authorizing those examinations were filed—and currently receives electronic notice of all filings (and presumably has since he filed his notice of appearance). [DE# 1268]

[29] *See In re Asbestos,* 256 F.R.D. 151, 158 (E.D. Pa. 2009) (holding that plaintiffs were not prejudiced by defendants failure to given notice of a third party subpoena because the delay did not interfere with the plaintiffs' ability to file an objection before the production of the documents by the third party).

all the Rule 2004 subpoenas it had served. Additionally, on September 21, 2011 the Litigation Trust sent letters to all of the subpoenaed entities requesting that, in light of the Motion and the hearing set for September 27, 2001, they should not produce any documents before September 29, 2011.[30]

Dated: September 23, 2011.

**DIAMOND MCCARTHY LLP**

By: _____/s/ Michael J. Yoder_____
Eric D. Madden, (*pro hac vice*)
Michael J. Yoder, (*pro hac vice*)
Jacob J. Roberts, (*pro hac vice*)
1201 Elm Street, 34th Floor
Dallas, Texas 75270
(214) 389-5300 (telephone)
(214) 389-5399 (facsimile)

*Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

**LAW OFFICE OF BRIAN SHAPIRO**

By: _____/s/ Brian D. Shapiro_____
Brian D. Shapiro,
411 E. Bonneville, Suite 300
Las Vegas, Nevada 89101
(702) 386-8600 (telephone)
(702) 383-0994 (facsimile)

*Local Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

---

[30] Roberts Decl. ¶9.

## CERTIFICATE OF SERVICE

I hereby certify that I am employee of the law firm of DIAMOND MCCARTHY LLP,

and that on the 23rd day of September 2011, a true and correct copy of the foregoing Litigation

Trust's Response to Motion to Quash Subpoenas was served by the Court's CM/ECF system to:

KEVIN N. ANDERSON on behalf of Creditor JAMES RHODES
kanderson@fabianlaw.com, sburdash@fabianlaw.com

BRETT A. AXELROD on behalf of Creditor SAGEBRUSH ENTERPRISES, INC.
baxelrod@foxrothschild.com, pkois@foxrothschild.com; rdittrich@foxrothschild.com;
msheffield@foxrothschild.com; ldupree@foxrothschild.com

J. THOMAS BECKETT on behalf of Creditor CREDITORS COMMITTEE
ECF@parsonsbehle.com

SHIRLEY S. CHO on behalf of Debtor THE RHODES COMPANIES, LLC
scho@pszjlaw.com

JANET L. CHUBB on behalf of Creditor COMMERCE ASSOCIATES, LLC
bsalinas@armstrongteasdale.com

DAVID A. COLVIN on behalf of Creditor DANA KEPNER COMPANIES, LLC
dcolvin@maclaw.com, mwalters@maclaw.com; kgallegos@maclaw.com;
tszostek@maclaw.com

NATALIE M. COX on behalf of Plaintiff EUGENE DAVIS
ncox@klnevada.com, bankruptcy@klnevada.com; ckishi@klnevada.com

THOMAS E. CROWE on behalf of Creditor SHANE SMITH
tcrowelaw@yahoo.com

DAMON K. DIAS on behalf of Creditor X-It at 215, LLC
ddias@diaslawgroup.com,bankruptcy@diaslawgroup.com

TRACY A. DIFILLIPPO on behalf of Creditor COMMERCE ASSOCIATES, LLC
tdifillippo@jonesvargas.com, enunez@jonesvargas.com; ehardy@jonesvargas.com

CONOR P. FLYNN on behalf of Creditor COMMERCE ASSOCIATES, LLC
cflynn@jonesvargas.com

PHILIP S. GERSON on behalf of Creditor CLARK COUNTY
banknv@rocgd.com, mburgener@rocgd.com

REW R. GOODENOW on behalf of Creditor CREDITORS COMMITTEE
ecf@parsonsbehle.com

JAMES D. GREENE on behalf of Plaintiff EUGENE DAVIS
jgreene@greeneinfusolaw.com, fritchie@greeneinfusolaw.com; kfarney@greeneinfusolaw.com;
bschmidt@greeneinfusolaw.com

KIRBY C. GRUCHOW on behalf of Creditor NEVADA POWER COMPANY
hkelley@leachjohnson.com

CAROL L. HARRIS on behalf of Creditor IN RE KITEC FITTING LITIGATION CLASS
PLAINTIFFS
c.harris@kempjones.com, jlm@kempjones.com

RODNEY M. JEAN on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS BRANCH
RJEAN@LIONELSAWYER.COM, gbagley@lionelsawyer.com; bklsclv@lionelsawyer.com;
mstow@lionelsawyer.com

ROBERT R. KINAS on behalf of Creditor CATERPILLAR FINANCIAL SERVICES
CORPORATION
rkinas@swlaw.com, jmath@swlaw.com; mfull@swlaw.com; cdossier@swlaw.com;
nbaig@swlaw.com; nunzueta@swlaw.com; docket_las@swlaw.com

KEITH S. KNOCHEL on behalf of Creditor VALERIE SILVAS
law@lawyersinarizona.com, bank@lawyersinarizona.com

BART K. LARSEN on behalf of Creditor Reef Colonial, LLC
blarsen@klnevada.com, jierien@klnevada.com; bankruptcy@klnevada.com

ZACHARIAH LARSON on behalf of Debtor APACHE FRAMING, LLC
cshurtliff@larsonlawnv.com, sstanton@larsonlawnv.com; akosina@larsonlawnv.com

NILE LEATHAM on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED
LENDERS
nleatham@klnevada.com, ckishi@klnevada.com; bankruptcy@klnevada.com

ANNE M. LORADITCH on behalf of Creditor JAMES RHODES
aloraditch@foxrothschild.com, pkois@foxrothschild.com; rdittrich@foxrothschild.com

VIRGINIA CRONAN LOWE on behalf of Creditor UNITED STATES OF AMERICA -
INTERNAL REVENUE SERVICE
virginiacronan.lowe@usdoj.gov, Western.Taxcivil@usdoj.gov

JANIECE S MARSHALL on behalf of Creditor STANLEY CONSULTANTS, INC.
car@amclaw.com; lom@amclaw.com; crb@amclaw.com; csh@amclaw.com

EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
edward.m.mcdonald@usdoj.gov

SUSAN L. MYERS on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS BRANCH
smyers@lionelsawyer.com, gbagley@lionelsawyer.com; bklsclv@lionelsawyer.com

JEFFREY D. OLSTER on behalf of Creditor HARSCH INVESTMENT PROPERTIES -
NEVADA, LLC
olster@lbbslaw.com, sallade@lbbslaw.com

ERIC RANSAVAGE on behalf of Creditor LESLIE BLASCO, ET AL.
eransavage@ssllplaw.com, agutierrez@ssllplaw.com

SHLOMO S. SHERMAN on behalf of Interested Party REORGANIZED DEBTORS
ssherman@klnevada.com, bankruptcy@klnevada.com; ckishi@klnevada.com;
bbroussard@klnevada.com

MARK R. SOMERSTEIN on behalf of Creditor WELLS FARGO BANK, N.A.
mark.somerstein@ropesgray.com

JEFFREY R. SYLVESTER on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS
BRANCH
jeff@sylvesterpolednak.com

TIMOTHY P. THOMAS on behalf of Creditor STEERING COMMITTEE OF SENIOR
SECURED LENDERS
veralynn@tthomaslaw.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

DONALD H. WILLIAMS on behalf of Creditor WESTAR KITCHEN & BATH, LLC
DonaldHWilliamsLaw@gmail.com, taylorsellers@gmail.com.

_/s/ Catherine A. Burrow_
Catherine A. Burrow
Legal Assistant
Diamond McCarthy LLP

**DIAMOND MCCARTHY LLP**
1201 Elm Street, 34th Floor
Dallas, Texas 75270
(214) 389-5300 (telephone)
(214) 389-5399 (facsimile)

Eric D. Madden, TX Bar No. 24013079
Email: emadden@diamondmccarthy.com
Michael J. Yoder, TX Bar No. 24056572
Email: myoder@diamondmccarthy.com
Jacob J. Roberts, TX Bar No. 24065982
Email: jroberts@diamondmccarthy.com

*Counsel for the Litigation Trust*
*of The Rhodes Companies, LLC, et al.*

**LAW OFFICE OF BRIAN D. SHAPIRO, A NEVADA LLC**
411 E. Bonneville Ave., Suite 300
Las Vegas, Nevada 89101
(702) 386-8600 (telephone)
(702) 383-0994 (facsimile)

Brian D. Shapiro, NV Bar No. 5772
Email: bshapiro@brianshapirolaw.com

*Local Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

IN RE:

THE RHODES COMPANIES, LLC,
Aka "Rhodes Homes", *et al.*,

Reorganized Debtors.[1]

Affects:
☒ All Debtors
☐ The following Debtor(s)

Case No. BK-09-14814-LBR
(Jointly Administered)

Chapter 11

**DECLARATION OF JACOB J. ROBERTS IN SUPPORT OF LITIGATION TRUST'S RESPONSE TO MOTION TO QUASH SUBPOENAS**

Status Hearing Date: September 27, 2011
Status Hearing Time: 10:30 a.m.

I, Jacob J. Roberts, counsel for the Litigation Trust of The Rhodes Companies, LLC, *et al.* (the "Litigation Trust"), under penalty of perjury, hereby declare on this 23rd day of September 2011 that:

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC 90206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Ralty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Clubb, LLC (7132); Pinnacle Grading, LLC (4838).

1.      I am an associate in the law firm of Diamond McCarthy LLP.  I am an attorney licensed to practice in the State of Texas, before the federal district court in the Southern District of Texas, and before the Ninth Circuit Court of Appeals.  I have also been admitted to practice, on a *pro hac vice* basis, before this Court and the United States District Court for the District of Nevada.

2.      I am one of the attorneys serving as special litigation counsel to the Litigation Trust.

3.      As special litigation counsel to the Litigation Trust, I have personal knowledge of the facts stated herein, except where I state my knowledge on information and belief, and if called to do so, could and would testify competently hereto.

4.       I provide this declaration in support of the Litigation Trust's Response to the Motion to Quash Subpoenas (the "Response").

5.      Based on my firm's investigation of the records of the Reorganized Debtors it appears that Debtor funds were used to:

    a.  pay Jim Rhodes' personal taxes;

    b.  pay Jim Rhodes' personal credit card bills and were transferred to financial institutions for Jim Rhodes' Benefit;

    c.  pay for legal and professional services that did not benefit the Debtors; and

    d.  obtain real property for the Rhodes Entities, and/or remove encumbrances on real property previously held by the Rhodes Entities.

6.      It is our understanding that each entity that the Litigation Trust subpoenaed received funds that originated from the Debtors.

7.      Only one party, Mutual Bank of Omaha, has filed an objection to the Rule 2004 subpoenas issued by the Litigation Trust. After that objection was filed I contacted counsel for Mutual Bank of Omaha and was informed that the objection was only filed as a placeholder until a meet and confer could be made. After a brief conversation, all of Mutual Bank of Omaha's concerns with respect to the Litigation Trust's Rule 2004 subpoena were resolved.

8.      In addition, all concerns that have been raised by other subpoenaed entities have been amicably resolved through the meet and confer process.

9.      On September 21, 2011 the Litigation Trust sent letters to all of the subpoenaed entities requesting that, in light of the Motion and the hearing set for September 27, 2001, they should not produce any documents before September 29, 2011.


I executed this declaration on September 23, 2011, in Houston, Texas.


_____/s/ Jacob J. Roberts_____
Jacob J. Roberts

**CERTIFICATE OF SERVICE**

I hereby certify that I am employee of the law firm of DIAMOND MCCARTHY LLP, and that on the 23rd day of September 2011, a true and correct copy of the foregoing Declaration of Jacob J. Roberts in Support of Litigation Trust's Response to Motion to Quash Subpoenas was served by the Court's CM/ECF system to:

KEVIN N. ANDERSON on behalf of Creditor JAMES RHODES
kanderson@fabianlaw.com, sburdash@fabianlaw.com

BRETT A. AXELROD on behalf of Creditor SAGEBRUSH ENTERPRISES, INC.
baxelrod@foxrothschild.com, pkois@foxrothschild.com; rdittrich@foxrothschild.com;
msheffield@foxrothschild.com; ldupree@foxrothschild.com

J. THOMAS BECKETT on behalf of Creditor CREDITORS COMMITTEE
ECF@parsonsbehle.com

SHIRLEY S. CHO on behalf of Debtor THE RHODES COMPANIES, LLC
scho@pszjlaw.com

JANET L. CHUBB on behalf of Creditor COMMERCE ASSOCIATES, LLC
bsalinas@armstrongteasdale.com

DAVID A. COLVIN on behalf of Creditor DANA KEPNER COMPANIES, LLC
dcolvin@maclaw.com, mwalters@maclaw.com; kgallegos@maclaw.com;
tszostek@maclaw.com

NATALIE M. COX on behalf of Plaintiff EUGENE DAVIS
ncox@klnevada.com, bankruptcy@klnevada.com; ckishi@klnevada.com

THOMAS E. CROWE on behalf of Creditor SHANE SMITH
tcrowelaw@yahoo.com

DAMON K. DIAS on behalf of Creditor X-It at 215, LLC
ddias@diaslawgroup.com,bankruptcy@diaslawgroup.com

TRACY A. DIFILLIPPO on behalf of Creditor COMMERCE ASSOCIATES, LLC
tdifillippo@jonesvargas.com, enunez@jonesvargas.com; ehardy@jonesvargas.com

CONOR P. FLYNN on behalf of Creditor COMMERCE ASSOCIATES, LLC
cflynn@jonesvargas.com

PHILIP S. GERSON on behalf of Creditor CLARK COUNTY

banknv@rocgd.com, mburgener@rocgd.com

REW R. GOODENOW on behalf of Creditor CREDITORS COMMITTEE
ecf@parsonsbehle.com

JAMES D. GREENE on behalf of Plaintiff EUGENE DAVIS
jgreene@greeneinfusolaw.com, fritchie@greeneinfusolaw.com; kfarney@greeneinfusolaw.com;
bschmidt@greeneinfusolaw.com

KIRBY C. GRUCHOW on behalf of Creditor NEVADA POWER COMPANY
hkelley@leachjohnson.com

CAROL L. HARRIS on behalf of Creditor IN RE KITEC FITTING LITIGATION CLASS
PLAINTIFFS
c.harris@kempjones.com, jlm@kempjones.com

RODNEY M. JEAN on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS BRANCH
RJEAN@LIONELSAWYER.COM, gbagley@lionelsawyer.com; bklsclv@lionelsawyer.com;
mstow@lionelsawyer.com

ROBERT R. KINAS on behalf of Creditor CATERPILLAR FINANCIAL SERVICES
CORPORATION
rkinas@swlaw.com, jmath@swlaw.com; mfull@swlaw.com; cdossier@swlaw.com;
nbaig@swlaw.com; nunzueta@swlaw.com; docket_las@swlaw.com

KEITH S. KNOCHEL on behalf of Creditor VALERIE SILVAS
law@lawyersinarizona.com, bank@lawyersinarizona.com

BART K. LARSEN on behalf of Creditor Reef Colonial, LLC
blarsen@klnevada.com, jierien@klnevada.com; bankruptcy@klnevada.com

ZACHARIAH LARSON on behalf of Debtor APACHE FRAMING, LLC
cshurtliff@larsonlawnv.com, sstanton@larsonlawnv.com; akosina@larsonlawnv.com

NILE LEATHAM on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED
LENDERS
nleatham@klnevada.com, ckishi@klnevada.com; bankruptcy@klnevada.com

ANNE M. LORADITCH on behalf of Creditor JAMES RHODES
aloraditch@foxrothschild.com, pkois@foxrothschild.com; rdittrich@foxrothschild.com

VIRGINIA CRONAN LOWE on behalf of Creditor UNITED STATES OF AMERICA -
INTERNAL REVENUE SERVICE
virginiacronan.lowe@usdoj.gov, Western.Taxcivil@usdoj.gov

JANIECE S MARSHALL on behalf of Creditor STANLEY CONSULTANTS, INC.

car@amclaw.com; lom@amclaw.com; crb@amclaw.com; csh@amclaw.com

EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
edward.m.mcdonald@usdoj.gov

SUSAN L. MYERS on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS BRANCH
smyers@lionelsawyer.com, gbagley@lionelsawyer.com; bklsclv@lionelsawyer.com

JEFFREY D. OLSTER on behalf of Creditor HARSCH INVESTMENT PROPERTIES -
NEVADA, LLC
olster@lbbslaw.com, sallade@lbbslaw.com

ERIC RANSAVAGE on behalf of Creditor LESLIE BLASCO, ET AL.
eransavage@ssllplaw.com, agutierrez@ssllplaw.com

SHLOMO S. SHERMAN on behalf of Interested Party REORGANIZED DEBTORS
ssherman@klnevada.com, bankruptcy@klnevada.com; ckishi@klnevada.com;
bbroussard@klnevada.com

MARK R. SOMERSTEIN on behalf of Creditor WELLS FARGO BANK, N.A.
mark.somerstein@ropesgray.com

JEFFREY R. SYLVESTER on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS
BRANCH
jeff@sylvesterpolednak.com

TIMOTHY P. THOMAS on behalf of Creditor STEERING COMMITTEE OF SENIOR
SECURED LENDERS
veralynn@tthomaslaw.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

DONALD H. WILLIAMS on behalf of Creditor WESTAR KITCHEN & BATH, LLC
DonaldHWilliamsLaw@gmail.com, taylorsellers@gmail.com.


   _/s/ Catherine A. Burrow_
Catherine A. Burrow
Legal Assistant
Diamond McCarthy LLP

1  Kevin N. Anderson
   Nevada Bar No. 4512
2  David R. Hague (Admitted Pro Hac Vice)
   **FABIAN & CLENDENIN**
3  215 South State Street, Suite 1200
   Salt Lake City, Utah 84111-2323
4  Telephone:    801-531-8900
   Facsimile:    801-596-2814
5  Email:    kanderson@fabianlaw.com
             dhague@fabianlaw.com
6
   *Counsel for James M. Rhodes*
7

8                 **UNITED STATES BANKRUPTCY COURT**

9                      **DISTRICT OF NEVADA**

10 In re:                              Case No.: 09-14814-LBR
                                       (Jointly Administered)
11 THE RHODES COMPANIES, LLC, aka
   "Rhodes Homes," et al.,            Chapter 11

12                                     **REPLY MEMORANDUM IN SUPPORT
                  Reorganized Debtors  OF MOTION TO QUASH ORDERS OF
13                                     RULE 2004 EXAMINATION AND
                                       CORRESPONDING SUBPOENAS
14                                     AND/OR FOR PROTECTIVE ORDERS**

15
   ☒ Affects all Debtors              Hearing Date:  October 5, 2011
16                                     Hearing Time:  9:30 a.m.
   ☐ Affects the following Debtors    Place:          Courtroom 1
17

18

19

20        James M. Rhodes ("**Rhodes**") submits this reply memorandum in support of his *Motion to*

21 *Quash Orders of Rule 2004 Examination and Corresponding Subpoenas and/or For Protective*

22 *Orders* (the "**Motion**").

23

24

25

26

## ARGUMENT

On September 23, 2011, the Litigation Trust of The Rhodes Companies, LLC, et al. (the "**Litigation Trust**") filed its *Response to Motion to Quash Subpoenas* (the "**Response**") and the *Declaration of Jacob J. Roberts in Support of Litigation Trust's Response to Motion to Quash* (the "**Roberts Declaration**").  The Response and unsubstantiated Roberts Declaration do nothing to meet the Litigation Trust's initial burden of proving that good cause exists for taking the Rule 2004 examinations and requesting the vast amounts of irrelevant, privileged and otherwise confidential information.

As set forth in Rhodes' supporting memorandum, this Court has the power to quash the 2004 Subpoenas: (1) if they are unreasonable and oppressive or if they seek production of materials that are not both material and within the possession of the person to be examined; (2) if they do not relate to the Debtors' bankruptcy proceedings; (3) if they are used as a device to launch into a wholesale investigation of a non-debtor's private business affairs; (4) if they are not sufficiently particularized so that the documents sought may be readily identified; (5) if on their face they are too broad and sweeping; and (6) if they are proposed in bad faith so as to annoy, embarrass or oppress the party who is the subject of the inquiry.

The Litigation Trust has done nothing to cure these blatant defects in the 2004 Subpoenas. The wide scope of the Litigation Trust's intended discovery is not supported by <u>any</u> facts.  Even the Response itself and the Roberts Declaration are devoid of any substantiated facts that would support the Litigation Trust's vast fishing expedition.  Indeed, the Litigation Trust's lack of specificity, clarity and evidence to support its requests is astonishing.  As set forth in the Response, the Litigation Trust states:

> ▪ "Through its preliminary investigation, the Litigation Trust has uncovered what <u>appear</u> to be several instances of wrongful transfers of Debtor funds to or for the benefit of the Rhodes Entities."  (Response, at 2.) (Emphasis added.)

APPDX 92

- ▪ "It <u>appears</u> that funds originating from the Debtors were wrongfully transferred to various third parties for the benefit of the Rhodes Entities." (Response, at 2.) (Emphasis added.)

- ▪ "Through its preliminary investigation, the Litigation Trust has uncovered what <u>appear</u> to be several instances of wrongful dissipation of Debtor assets to or for the benefit of Jim Rhodes and/or other Rhodes Entities." (Response, at 3.) (Emphasis added.)

- ▪ "In addition, it <u>appears</u> that millions of dollars of Debtor funds <u>may</u> have been transferred to tile companies and financial institutions . . . ." (Response, at 4.) (Emphasis added.)

- ▪ "Each of the entities from whom discovery was sought is an entity that is <u>believed</u> to have received funds originating from the Debtors." (Response, at 4) (Emphasis added.)

Despite the Litigation Trust's opportunity to set out with reasonable particularity the transfers, documents and matters for examination in its Response, it has failed to do so. Indeed, the Litigation Trust has not identified with specificity even one transaction that relates to the Debtors' bankruptcy proceeding. Instead, it uses words such as "appears," "may," and "believe" as evidence and support for its request for "any and all" documents from several non-party entities, stretching back nearly seven years. The Litigation Trust's generic and boilerplate requests are wholly improper and far exceed the permissible scope of Rule 2004. Rule 2004 is not a discovery device to allow the Litigation Trust to blindly comb through non-party records in a futile effort to find some evidence to support its potential claims.

Furthermore, the Litigation Trust has done nothing to cure its overly burdensome request. Among other things, the Litigation Trust seeks documents in 40 categories (plus 30 subcategories), regarding 31 so-called Debtors, plus affiliates, employees, and representatives, 37 "Entities" (plus each of their affiliates, employees and representatives), and 4 "Individuals."

3

Moreover, the 2004 Subpoenas fail to include reasonable and relevant temporal and subject matter limitations. Indeed, the 2004 Subpoenas request:

- ▪ "<u>Any and all documents</u> evidencing the transactions and/or activity in accounts at the Bank held in the name of or for the benefit of <u>any of the Individuals</u>."

- ▪ "<u>All documents and communications</u> referring or relating to <u>any services</u> or work performed by [the Law Firms] <u>for any of the Entities [or] . . . Individuals</u>."

- ▪ "<u>Any and all documents or communications</u> referring to or relating to <u>any legal opinion</u> or analysis on or regarding the legality of [any transaction entered into by any of the Individuals or Entities]."

- ▪ "All <u>calendars, diaries, notes, and desk files</u> of [the Law Firms'] attorneys who performed <u>any service</u> or work for <u>any of the Entities, Debtors, and/or Individuals</u>."

(Emphasis added.) Such requests go far beyond the scope of Rule 2004 and the protections afforded by the Federal Rules of Civil Procedure.

Additionally, the Litigation Trust has not been forthcoming with the Court. In its Response, the Litigation Trust asserts as follows: "[t]o the extent that any subpoenaed entities have raised any issues with the scope of any document request or the dates for compliance, the Litigation Trust and the subpoenaed entities have been able to amicably resolve such issues through the meet and confer process." This is not true. Other entities, in addition to Rhodes, either have filed objections with this Court or the issuing courts outside of this Court's jurisdiction, or have sent objections directly to the Litigation Trust. Furthermore, even if the Litigation Trust has been able to resolve all the issues surrounding the 2004 Subpoenas, which it has not, it has not provided any information to any of the parties regarding these so-called

4

1    agreements.  This Court, along with the parties affected by the 2004 Subpoenas, should be privy

2    to any types of arrangements the Litigation Trust is making with the subpoenaed parties.

3         Also, the Litigation Trust has done nothing to overcome the fact that most of the

4    documents requested in the subpoenas served upon the Law Firms constitute documents protected

5    by the attorney-client privilege and/or work-product doctrine.  While the Litigation Trust asserts

6    that it "is not intentionally seeking to invade any attorney-client privilege held by any of the

7    Rhodes Entities," that is fundamentally not true.  As set forth above, the Litigation Trust wants

8    (1) "[a]ll documents and communications referring or relating to any services or work performed

9    by [the Law Firms] for any of the Entities [or] . . . Individuals;" (2) "[a]ny and all documents or

10   communications referring to or relating to any legal opinion or analysis on or regarding the

11   legality of [any transaction entered into by any of the Individuals or Entities];" and (3) "[a]ll

12   calendars, diaries, notes, and desk files of [the Law Firms'] attorneys who performed any service

13   or work for any of the Entities, Debtors, and/or Individuals."

14        The Litigation Trust also asserts that Rhodes lacks standing to quash the 2004 Subpoenas.

15   This is simply not true.  If a party has privilege over any information requested pursuant to a

16   subpoena issued to a third party, that party has standing to challenge the subpoena.  *See, e.g.,*

17   Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (3d ed. 1995) (stating that a

18   party has standing to challenge a subpoena issued to a non-party if "the objecting party claims

19   some personal right or privilege with regard to the documents sought.").  As set forth herein, and

20   more specifically in Rhodes' opening memorandum, the information sought by the Litigation

21   Trust delves deeply into Rhodes' personal life and seeks highly sensitive and personally

22   identifiable information.  Rhodes clearly has standing to challenge such actions and the denial of

23   such would be a violation of his due process rights.

24        Finally, while the Litigation Trust suggests that perhaps a protective order—and not

25   quashing the 2004 Subpoenas—would be the "appropriate remedy," the Litigation Trust has not

26   set forth any facts, or given any indication to the subpoenaed parties, that it intends on (1) limiting

1    the discovery requests to non-privileged information relating only to the Debtors' business or

2    assets; (2) restricting its inquiries into any matter encompassed within the releases contained in

3    the Plan of Reorganization; and (3) identifying with particularity the documents it seeks and

4    providing a legitimate basis for its request that is related to the administration of the Debtors'

5    estate.

6         In short, the Litigation Trust has done nothing to carry its burden of proving that good

7    cause exists for taking the Rule 2004 examinations and requesting the vast amounts of irrelevant,

8    privileged and otherwise confidential information.  Accordingly, the Court should enter an order

9    quashing the Rule 2004 Subpoenas and vacating the Rule 2004 Orders or, at the very least,

10   limiting the scope of the Rule 2004 Subpoenas and Rule 2004 Orders.

11        DATED this 30th day of September, 2011.

12

13

14                                        /s/ Kevin N. Anderson

15                                        Kevin N. Anderson
                                          David R. Hague
16                                        FABIAN & CLENDENIN
                                          *Attorneys for James M. Rhodes*
17

18

19

20   4844-1499-0859, v.  1

21

22

23

24

25

26

6

APPDX 96

1    Kevin N. Anderson
     Nevada Bar No. 4512
2    David R. Hague (Admitted Pro Hac Vice)
     **FABIAN & CLENDENIN**
3    215 South State Street, Suite 1200
     Salt Lake City, Utah 84111-2323
4    Telephone:    801-531-8900
     Facsimile:    801-596-2814
5    Email:    kanderson@fabianlaw.com
               dhague@fabianlaw.com
6
     *Counsel for James M. Rhodes*
7

8                  **UNITED STATES BANKRUPTCY COURT**

9                        **DISTRICT OF NEVADA**

10   In re:                              Case No.: 09-14814-LBR
                                         (Jointly Administered)
11   THE RHODES COMPANIES, LLC, aka
     "Rhodes Homes," et al.,             Chapter 11

12                                       **DECLARATION OF KEVIN N.**
                                         **ANDERSON**
13                  Reorganized Debtors
                                         Hearing Date: October 5, 2011
14                                       Hearing Time: 9:30 a.m.
                                         Place:        Courtroom 1
15
     ☒ Affects all Debtors
16
     ☐ Affects the following Debtors
17

18

19          I, Kevin N. Anderson, make the following statement under the penalty of perjury of the

20   laws of the United States of America and the laws of the State of Nevada.

21          1.      I am over the age of eighteen (18).

22          2.      I am an attorney licensed to practice law in the State of Nevada.

23          3.      I represent James M. Rhodes ("**Rhodes**") in the above-entitled bankruptcy case.

24

25

26

                                                                        APPDX 97

4.       On August 30, 2011, the Litigation Trust began issuing expansive subpoenas requesting vast amounts of irrelevant, privileged, confidential and personally identifiable information (the "**Rule 2004 Subpoenas**").

5.       On or about September 12, 2011, the Litigation Trust sent a subpoena to my law firm, Fabian & Clendenin.

6.       It was not until September 15, 2011, after Rhodes had filed his *Motion to Quash Orders of Rule 2004 Examination and Corresponding Subpoenas and/or for Protective Orders* (the "**Motion to Quash**"), that the Litigation Trust provided me with copies of all the Rule 2004 Subpoenas issued by the Litigation Trust.

7.       Also on September 15, 2011, the Litigation Trust declined my proposal that the hearing on the Motion to Quash be heard on an expedited basis due to the urgency and exigent nature of the Rule 2004 Subpoenas.

8.       On September 30, 2011, I contacted counsel for the Litigation Trust, Michael Yoder, and attempted to resolve the various objections Rhodes has with the Rule 2004 Subpoenas.

DATED this 30th day of September, 2011.


                                                    /s/ Kevin N. Anderson
                                                    Kevin N. Anderson

4818-9349-4539, v.  1

APPDX 98



1

2

3

Entered on Docket
October 12, 2011

Hon. Linda B. Riegle
United States Bankruptcy Judge

4

5

6

7

8

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

9

10

IN RE:

THE RHODES COMPANIES, LLC,
   Aka "Rhodes Homes", *et al.*,

                     Reorganized Debtors.[1]

Affects:
☒ All Debtors
☐ The following Debtor(s)

Case No. BK-09-14814-LBR
(Jointly Administered)

Chapter 11

**ORDER DENYING MOTION TO QUASH**
**RULE 2004 EXAMINATION AND**
**CORRESPONDING SUBPOENAS**

Hearing Date: October 5, 2011
Hearing Time: 9:30 a.m.

11

12

13

14

15

16

17

18

19

20

21

     Upon consideration of the Motion to Quash Rule 2004 Examination and Corresponding

Subpoenas and/or Protective Order (the "Motion") filed by James M. Rhodes ("Rhodes"); the

Response filed by the Litigation Trust of the Rhodes Companies, LLC, *et al.* (the "Litigation

22

23

24

25

26

---

[1]   The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC 90206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Ralty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Clubb, LLC (7132); Pinnacle Grading, LLC (4838).

Trust"); the other related papers and pleadings filed in these jointly administered bankruptcy cases; and the arguments of counsel; it is hereby

ORDERED that the Motion is hereby DENIED.

Prepared by:

**DIAMOND MCCARTHY LLP**

By: _____/s/ Jacob J. Roberts_____
Eric D. Madden, (*pro hac vice*)
Michael J. Yoder (*pro hac vice* pending)
Jacob J. Roberts (*pro hac vice*)
1201 Elm Street, 34th Floor
Dallas, Texas 75270
Phone: 214-389-5300
Facsimile: 214-389-5399

*Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

**LAW OFFICE OF BRIAN SHAPIRO**

By: _____/s/ Brian D. Shapiro_____
Brian D. Shapiro, NV Bar No. 5772
400 E. Bonneville, Suite 300
Las Vegas, Nevada 89101
Phone: 702-386-8600
Facsimile: 702-383-0994

*Local Counsel for the Litigation Trust of*
*Rhodes Companies, LLC, et al.*

###

APPDX 100

CERTIFICATION PURSUANT TO LOCAL RULE 9021

In accordance with LR 9021, counsel submitting this document certifies as follows (check one): _____

_____　　　　　The Court has waived the requirement of approval under LR 9021

_____　　　　　No parties appeared or filed written objections, and there is no trustee appointed in the case.

_X_　　　　　I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document.]

Kevin N. Anderson　　　　　Approved */s/ Kevin Anderson*

DATED: October 7, 2011

　　　　　 */s/ Michael J. Yoder*　　　　　
Michael J. Yoder

APPDX 101

E-Filed on 8/29/2011

**DIAMOND MCCARTHY LLP**
1201 Elm Street, 34th Floor
Dallas, Texas 75270
(214) 389-5300 (telephone)
(214) 389-5399 (facsimile)

Eric D. Madden, TX Bar No. 24013079
Email: emadden@diamondmccarthy.com
Michael J. Yoder, TX Bar No. 24056572
Email: myoder@diamondmccarthy.com
Jacob J. Roberts, TX Bar No. 24065982
Email: jroberts@diamondmccarthy.com

*Counsel for the Litigation Trust*
*of The Rhodes Companies, LLC, et al.*

**LAW OFFICE OF BRIAN D. SHAPIRO, A NEVADA LLC**
411 E. Bonneville Ave., Suite 300
Las Vegas, Nevada 89101
(702) 386-8600 (telephone)
(702) 383-0994 (facsimile)

Brian D. Shapiro, NV Bar No. 5772
Email: bshapiro@brianshapirolaw.com

*Local Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No. BK-09-14814-LBR (Jointly Administered) |
| THE RHODES COMPANIES, LLC, Aka "Rhodes Homes", *et al.*, | Chapter 11 |
| Reorganized Debtors.[1] | **OMNIBUS MOTION FOR ORDER REQUIRING PRODUCTION OF ONE OR MORE CORPORATE REPRESENTATIVES FOR EXAMINATION IN ACCORDANCE WITH FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004** |
| Affects: ☒ All Debtors ☐ The following Debtor(s) | [No hearing required] |

In accordance with Federal Rule of Bankruptcy Procedure 2004, the Litigation Trust of

The Rhodes Companies, LLC, *et al.* (the "<u>Litigation Trust</u>" or "<u>Movant</u>") hereby moves this

Court for an order requiring that the following financial institutions:

> American Express Company
> UBS Financial Services, Inc.
> Town & Country Bank, Inc.

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC 90206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Ralty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Clubb, LLC (7132); Pinnacle Grading, LLC (4838).

Consolidated Mortgage Company
American Commonwealth Mortgage Company
Bank of Oklahoma
Alliance Mortgage, LLC
BofA ML Asset Holding f/k/a Merrill Lynch
The Bank of New York
Mutual of Omaha Bank
Nevada State Bank
Wells Fargo Bank, N.A.

(the "Financial Institutions") produce one or more corporate representatives for examination on a

business day no earlier than fourteen (14) business days after the entry of an order granting this

Motion, or at such other mutually agreeable location, date, and time, and continuing from day to

day thereafter until completed.

This Motion is further explained in the following Memorandum.

**Memorandum**

The Litigation Trust seeks information concerning the Reorganized Debtors and their

pre-bankruptcy acts, conduct, property, liabilities and financial condition.  Specifically, the

Litigation Trust seeks information concerning banking and financial services provided by each of

the Financial Institutions to the Reorganized Debtors.  The Litigation Trust seeks this

information from the Financial Institutions to assist in the collection of the assets and the

investigation of the liabilities of the Reorganized Debtors.

The requested discovery from the Financial Institutions is within the scope of

examination permitted under Rule 2004, which includes:

> [t]he acts, conduct, or property or . . . the liabilities and financial condition of the
> debtor, or … any matter which may affect the administration of the debtor's
> estate, or to the debtor's right to a discharge.  In a . . . reorganization case under
> chapter 11 of the Code, . . . the examination may also relate to the operation of
> any business and the desirability of its continuance, the source of any money or
> property acquired or to be acquired by the debtor for purposes of consummating a
> plan and the consideration given or offered therefore, and any other matter
> relevant to the case or to the formulation of a plan.[2]

---

[2] FED.R. BANKR. P. 2004(b).

## Conclusion

Accordingly, the Litigation Trust requests that this Court enter the form of order submitted with this Motion.

Dated: August 29, 2011.

**DIAMOND MCCARTHY LLP**

By:     */s/ Jacob J. Roberts*
Eric D. Madden, (*pro hac vice*)
Michael J. Yoder, (*pro hac vice* pending)
Jacob J. Roberts, (*pro hac vice*)
1201 Elm Street, 34th Floor
Dallas, Texas 75270
(214) 389-5300 (telephone)
(214) 389-5399 (facsimile)

*Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

**LAW OFFICE OF BRIAN SHAPIRO**

By:     */s/ Brian D. Shapiro*
Brian D. Shapiro,
411 E. Bonneville, Suite 300
Las Vegas, Nevada 89101
(702) 386-8600 (telephone)
(702) 383-0994 (facsimile)

*Local Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that I am employee of the law firm of DIAMOND MCCARTHY LLP, and that on the 29th day of August 2011, a true and correct copy of the foregoing **OMNIBUS MOTION FOR ORDER REQUIRING PRODUCTION OF ONE OR MORE CORPORATE REPRESENTATIVES FOR EXAMINATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004** was served by the Court's CM/ECF system to:

KEVIN N. ANDERSON on behalf of Creditor JAMES RHODES
kanderson@fabianlaw.com, sburdash@fabianlaw.com

BRETT A. AXELROD on behalf of Creditor SAGEBRUSH ENTERPRISES, INC.
baxelrod@foxrothschild.com, pkois@foxrothschild.com; rdittrich@foxrothschild.com; msheffield@foxrothschild.com; ldupree@foxrothschild.com

J. THOMAS BECKETT on behalf of Creditor CREDITORS COMMITTEE
ECF@parsonsbehle.com

SHIRLEY S. CHO on behalf of Debtor THE RHODES COMPANIES, LLC
scho@pszjlaw.com

JANET L. CHUBB on behalf of Creditor COMMERCE ASSOCIATES, LLC
bsalinas@armstrongteasdale.com

DAVID A. COLVIN on behalf of Creditor DANA KEPNER COMPANIES, LLC
dcolvin@maclaw.com, mwalters@maclaw.com; kgallegos@maclaw.com; tszostek@maclaw.com

NATALIE M. COX on behalf of Plaintiff EUGENE DAVIS
ncox@klnevada.com, bankruptcy@klnevada.com; ckishi@klnevada.com

THOMAS E. CROWE on behalf of Creditor SHANE SMITH
tcrowelaw@yahoo.com

DAMON K. DIAS on behalf of Creditor X-It at 215, LLC
ddias@diaslawgroup.com,bankruptcy@diaslawgroup.com

TRACY A. DIFILLIPPO on behalf of Creditor COMMERCE ASSOCIATES, LLC
tdifillippo@jonesvargas.com, enunez@jonesvargas.com; ehardy@jonesvargas.com

CONOR P. FLYNN on behalf of Creditor COMMERCE ASSOCIATES, LLC
cflynn@jonesvargas.com

PHILIP S. GERSON on behalf of Creditor CLARK COUNTY
banknv@rocgd.com, mburgener@rocgd.com

REW R. GOODENOW on behalf of Creditor CREDITORS COMMITTEE
ecf@parsonsbehle.com

JAMES D. GREENE on behalf of Plaintiff EUGENE DAVIS
jgreene@greeneinfusolaw.com, fritchie@greeneinfusolaw.com; kfarney@greeneinfusolaw.com;
bschmidt@greeneinfusolaw.com

KIRBY C. GRUCHOW on behalf of Creditor NEVADA POWER COMPANY
hkelley@leachjohnson.com

CAROL L. HARRIS on behalf of Creditor IN RE KITEC FITTING LITIGATION CLASS
PLAINTIFFS
c.harris@kempjones.com, jlm@kempjones.com

RODNEY M. JEAN on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS BRANCH
RJEAN@LIONELSAWYER.COM, gbagley@lionelsawyer.com; bklsclv@lionelsawyer.com;
mstow@lionelsawyer.com

ROBERT R. KINAS on behalf of Creditor CATERPILLAR FINANCIAL SERVICES
CORPORATION
rkinas@swlaw.com, jmath@swlaw.com; mfull@swlaw.com; cdossier@swlaw.com;
nbaig@swlaw.com; nunzueta@swlaw.com; docket_las@swlaw.com

KEITH S. KNOCHEL on behalf of Creditor VALERIE SILVAS
law@lawyersinarizona.com, bank@lawyersinarizona.com

BART K. LARSEN on behalf of Creditor Reef Colonial, LLC
blarsen@klnevada.com, jierien@klnevada.com; bankruptcy@klnevada.com

ZACHARIAH LARSON on behalf of Debtor APACHE FRAMING, LLC
cshurtliff@larsonlawnv.com, sstanton@larsonlawnv.com; akosina@larsonlawnv.com

NILE LEATHAM on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED
LENDERS
nleatham@klnevada.com, ckishi@klnevada.com; bankruptcy@klnevada.com

ANNE M. LORADITCH on behalf of Creditor JAMES RHODES
aloraditch@foxrothschild.com, pkois@foxrothschild.com; rdittrich@foxrothschild.com

VIRGINIA CRONAN LOWE on behalf of Creditor UNITED STATES OF AMERICA -
INTERNAL REVENUE SERVICE
virginiacronan.lowe@usdoj.gov, Western.Taxcivil@usdoj.gov

JANIECE S MARSHALL on behalf of Creditor STANLEY CONSULTANTS, INC.
car@amclaw.com; lom@amclaw.com; crb@amclaw.com; csh@amclaw.com

EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
edward.m.mcdonald@usdoj.gov

SUSAN L. MYERS on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS BRANCH
smyers@lionelsawyer.com, gbagley@lionelsawyer.com; bklsclv@lionelsawyer.com

JEFFREY D. OLSTER on behalf of Creditor HARSCH INVESTMENT PROPERTIES -
NEVADA, LLC
olster@lbbslaw.com, sallade@lbbslaw.com

ERIC RANSAVAGE on behalf of Creditor LESLIE BLASCO, ET AL.
eransavage@ssllplaw.com, agutierrez@ssllplaw.com

SHLOMO S. SHERMAN on behalf of Interested Party REORGANIZED DEBTORS
ssherman@klnevada.com, bankruptcy@klnevada.com; ckishi@klnevada.com;
bbroussard@klnevada.com

MARK R. SOMERSTEIN on behalf of Creditor WELLS FARGO BANK, N.A.
mark.somerstein@ropesgray.com

JEFFREY R. SYLVESTER on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS
BRANCH
jeff@sylvesterpolednak.com

TIMOTHY P. THOMAS on behalf of Creditor STEERING COMMITTEE OF SENIOR
SECURED LENDERS
veralynn@tthomaslaw.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

DONALD H. WILLIAMS on behalf of Creditor WESTAR KITCHEN & BATH, LLC
DonaldHWilliamsLaw@gmail.com, taylorsellers@gmail.com.


_/s/  Catherine A. Burrow_
Catherine A. Burrow
Legal Assistant
Diamond McCarthy LLP

1

2

3

4

5

6

7

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

8   IN RE:                                    | Case No. BK-09-14814-LBR
                                              | (Jointly Administered)
9   THE RHODES COMPANIES, LLC,
       Aka "Rhodes Homes", *et al.,*          | Chapter 11

10                                            | **ORDER REQUIRING FINANCIAL**
               Reorganized Debtors.[1]        | **INSTITUTIONS TO PRODUCE ONE OR**
11  ──────────────────────────────────────    | **MORE CORPORATE REPRESENTATIVES**
                                              | **FOR EXAMINATION PURSUANT TO**
    Affects:                                  | **FEDERAL RULE OF BANKRUPTCY**
12  ☒  All Debtors                            | **PROCEDURE 2004**
    ☐  The following Debtor(s)
13                                            | [No hearing required]

14

15

16        The Litigation Trust of The Rhodes Companies, LLC, *et al.* (the "<u>Litigation Trust</u>" having

17  filed an Omnibus Motion for Order Requiring Production of One or More Corporate

18  Representatives for Examination In Accordance With Federal Rule of Bankruptcy Procedure 2004

19  (the "<u>Motion</u>"), the Motion having been submitted to this Court, and good cause appearing,

20        IT IS HEREBY ORDERED that the following financial institutions:

21

22  ─────────────────────────

[1]    The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if
23  applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General
    Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189);
24  Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC
    90206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC
25  (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Ralty,
    Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona
26  Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada
    Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache
    Framing, LLC (6352); Tuscany Golf Country Clubb, LLC (7132); Pinnacle Grading, LLC (4838).

American Express Company
UBS Financial Services, Inc.
Town & Country Bank, Inc.
Consolidated Mortgage Company
American Commonwealth Mortgage Company
Bank of Oklahoma
Alliance Mortgage, LLC
BofA ML Asset Holding f/k/a Merrill Lynch
The Bank of New York
Mutual of Omaha Bank
Nevada State Bank
Wells Fargo Bank, N.A.

produce one or more corporate representatives for examination on a business day no earlier than

fourteen (14) days after the entry of this Order, or at such other mutually agreeable location, date,

and time, and continuing from day to day thereafter until completed.

Prepared by:

**DIAMOND MCCARTHY LLP**

By: _____/s/ Jacob J. Roberts_____
Eric D. Madden, (*pro hac vice*)
Michael J. Yoder (*pro hac vice* pending)
Jacob J. Roberts (*pro hac vice*)
1201 Elm Street, 34th Floor
Dallas, Texas 75270
Phone:  214-389-5300
Facsimile:  214-389-5399

*Counsel for the Litigation Trust of
The Rhodes Companies, LLC, et al.*

**LAW OFFICE OF BRIAN SHAPIRO**

By: _____/s/ Brian D. Shapiro_____
Brian D. Shapiro, NV Bar No. 5772
400 E. Bonneville, Suite 300
Las Vegas, Nevada 89101
Phone:  702-386-8600
Facsimile:  702-383-0994

*Local Counsel for the Litigation Trust of
Rhodes Companies, LLC, et al.*

### ###

APPDX 109

E-Filed on 8/30/2011

**DIAMOND MCCARTHY LLP**
1201 Elm Street, 34th Floor
Dallas, Texas 75270
(214) 389-5300 (telephone)
(214) 389-5399 (facsimile)

Eric D. Madden, TX Bar No. 24013079
Email: emadden@diamondmccarthy.com
Michael J. Yoder, TX Bar No. 24056572
Email: myoder@diamondmccarthy.com
Jacob J. Roberts, TX Bar No. 24065982
Email: jroberts@diamondmccarthy.com

*Counsel for the Litigation Trust*
*of The Rhodes Companies, LLC, et al.*

**LAW OFFICE OF BRIAN D. SHAPIRO, A NEVADA LLC**
411 E. Bonneville Ave., Suite 300
Las Vegas, Nevada 89101
(702) 386-8600 (telephone)
(702) 383-0994 (facsimile)

Brian D. Shapiro, NV Bar No. 5772
Email: bshapiro@brianshapirolaw.com

*Local Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No. BK-09-14814-LBR |
| | (Jointly Administered) |
| THE RHODES COMPANIES, LLC, | |
| Aka "Rhodes Homes", *et al.*, | Chapter 11 |
| | |
| Reorganized Debtors.[1] | **OMNIBUS MOTION FOR ORDER** |
| | **REQUIRING PRODUCTION OF ONE OR** |
| Affects: | **MORE CORPORATE REPRESENTATIVES** |
| ☒ All Debtors | **FOR EXAMINATION IN ACCORDANCE** |
| ☐ The following Debtor(s) | **WITH FEDERAL RULE OF BANKRUPTCY** |
| | **PROCEDURE 2004** |
| | |
| | [No hearing required] |

In accordance with Federal Rule of Bankruptcy Procedure 2004, the Litigation Trust of

The Rhodes Companies, LLC, *et al.* (the "Litigation Trust" or "Movant") hereby moves this

Court for an order requiring that the following law firms:

      Santoro, Driggs, Walch, Kearney, Holley & Thompson, Ltd.
      Gibson Dunn & Crutcher, LLP
      Snell & Wilmer, LLP

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC 90206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Ralty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Clubb, LLC (7132); Pinnacle Grading, LLC (4838).

---

**MOTION FOR RULE 2004 EXAMINATION — PAGE 1**

Stewart Occhipinti, LLP
Fabian & Clendinin
Bancroft Susa & Galloway P.C.

(the "Law Firms") produce one or more corporate representatives for examination on a business day no earlier than fourteen (14) business days after the entry of an order granting this Motion, or at such other mutually agreeable location, date, and time, and continuing from day to day thereafter until completed.

This Motion is further explained in the following Memorandum.

## Memorandum

The Litigation Trust seeks information concerning the Reorganized Debtors and their pre-bankruptcy acts, conduct, property, liabilities and financial condition. Specifically, the Litigation Trust seeks information concerning legal services performed by each of the Law Firms of behalf of the Reorganized Debtors. The Litigation Trust seeks this information from the Law Firms to assist in the collection of the assets and the investigation of the liabilities of the Reorganized Debtors.

The requested discovery from the Law Firms is within the scope of examination permitted under Rule 2004, which includes:

> [t]he acts, conduct, or property or . . . the liabilities and financial condition of the debtor, or … any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In a . . . reorganization case under chapter 11 of the Code, . . . the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan.[2]

---

[2] FED.R. BANKR. P. 2004(b).

## Conclusion

Accordingly, the Litigation Trust requests that this Court enter the form of order submitted with this Motion.

Dated: August 30, 2011.

**DIAMOND MCCARTHY LLP**

By: _/s/ Jacob J. Roberts_
Eric D. Madden, (*pro hac vice*)
Michael J. Yoder, (*pro hac vice* pending)
Jacob J. Roberts, (*pro hac vice*)
1201 Elm Street, 34th Floor
Dallas, Texas 75270
(214) 389-5300 (telephone)
(214) 389-5399 (facsimile)

*Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

**LAW OFFICE OF BRIAN SHAPIRO**

By: _/s/ Brian D. Shapiro_
Brian D. Shapiro,
411 E. Bonneville, Suite 300
Las Vegas, Nevada 89101
(702) 386-8600 (telephone)
(702) 383-0994 (facsimile)

*Local Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that I am employee of the law firm of DIAMOND MCCARTHY LLP,

and that on the 30th day of August 2011, a true and correct copy of the foregoing **OMNIBUS**

**MOTION FOR ORDER REQUIRING PRODUCTION OF ONE OR MORE**

**CORPORATE REPRESENTATIVES FOR EXAMINATION PURSUANT TO FEDERAL**

**RULE OF BANKRUPTCY PROCEDURE 2004** was served by the Court's CM/ECF system

to:

KEVIN N. ANDERSON on behalf of Creditor JAMES RHODES
kanderson@fabianlaw.com, sburdash@fabianlaw.com

BRETT A. AXELROD on behalf of Creditor SAGEBRUSH ENTERPRISES, INC.
baxelrod@foxrothschild.com, pkois@foxrothschild.com; rdittrich@foxrothschild.com;
msheffield@foxrothschild.com; ldupree@foxrothschild.com

J. THOMAS BECKETT on behalf of Creditor CREDITORS COMMITTEE
ECF@parsonsbehle.com

SHIRLEY S. CHO on behalf of Debtor THE RHODES COMPANIES, LLC
scho@pszjlaw.com

JANET L. CHUBB on behalf of Creditor COMMERCE ASSOCIATES, LLC
bsalinas@armstrongteasdale.com

DAVID A. COLVIN on behalf of Creditor DANA KEPNER COMPANIES, LLC
dcolvin@maclaw.com, mwalters@maclaw.com; kgallegos@maclaw.com;
tszostek@maclaw.com

NATALIE M. COX on behalf of Plaintiff EUGENE DAVIS
ncox@klnevada.com, bankruptcy@klnevada.com; ckishi@klnevada.com

THOMAS E. CROWE on behalf of Creditor SHANE SMITH
tcrowelaw@yahoo.com

DAMON K. DIAS on behalf of Creditor X-It at 215, LLC
ddias@diaslawgroup.com,bankruptcy@diaslawgroup.com

TRACY A. DIFILLIPPO on behalf of Creditor COMMERCE ASSOCIATES, LLC
tdifillippo@jonesvargas.com, enunez@jonesvargas.com; ehardy@jonesvargas.com

**MOTION FOR RULE 2004 EXAMINATION — PAGE 4**

CONOR P. FLYNN on behalf of Creditor COMMERCE ASSOCIATES, LLC
cflynn@jonesvargas.com

PHILIP S. GERSON on behalf of Creditor CLARK COUNTY
banknv@rocgd.com, mburgener@rocgd.com

REW R. GOODENOW on behalf of Creditor CREDITORS COMMITTEE
ecf@parsonsbehle.com

JAMES D. GREENE on behalf of Plaintiff EUGENE DAVIS
jgreene@greeneinfusolaw.com, fritchie@greeneinfusolaw.com; kfarney@greeneinfusolaw.com;
bschmidt@greeneinfusolaw.com

KIRBY C. GRUCHOW on behalf of Creditor NEVADA POWER COMPANY
hkelley@leachjohnson.com

CAROL L. HARRIS on behalf of Creditor IN RE KITEC FITTING LITIGATION CLASS
PLAINTIFFS
c.harris@kempjones.com, jlm@kempjones.com

RODNEY M. JEAN on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS BRANCH
RJEAN@LIONELSAWYER.COM, gbagley@lionelsawyer.com; bklsclv@lionelsawyer.com;
mstow@lionelsawyer.com

ROBERT R. KINAS on behalf of Creditor CATERPILLAR FINANCIAL SERVICES
CORPORATION
rkinas@swlaw.com, jmath@swlaw.com; mfull@swlaw.com; cdossier@swlaw.com;
nbaig@swlaw.com; nunzueta@swlaw.com; docket_las@swlaw.com

KEITH S. KNOCHEL on behalf of Creditor VALERIE SILVAS
law@lawyersinarizona.com, bank@lawyersinarizona.com

BART K. LARSEN on behalf of Creditor Reef Colonial, LLC
blarsen@klnevada.com, jierien@klnevada.com; bankruptcy@klnevada.com

ZACHARIAH LARSON on behalf of Debtor APACHE FRAMING, LLC
cshurtliff@larsonlawnv.com, sstanton@larsonlawnv.com; akosina@larsonlawnv.com

NILE LEATHAM on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED
LENDERS
nleatham@klnevada.com, ckishi@klnevada.com; bankruptcy@klnevada.com

ANNE M. LORADITCH on behalf of Creditor JAMES RHODES
aloraditch@foxrothschild.com, pkois@foxrothschild.com; rdittrich@foxrothschild.com

VIRGINIA CRONAN LOWE on behalf of Creditor UNITED STATES OF AMERICA -
INTERNAL REVENUE SERVICE
virginiacronan.lowe@usdoj.gov, Western.Taxcivil@usdoj.gov

JANIECE S MARSHALL on behalf of Creditor STANLEY CONSULTANTS, INC.
car@amclaw.com; lom@amclaw.com; crb@amclaw.com; csh@amclaw.com

EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
edward.m.mcdonald@usdoj.gov

SUSAN L. MYERS on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS BRANCH
smyers@lionelsawyer.com, gbagley@lionelsawyer.com; bklsclv@lionelsawyer.com

JEFFREY D. OLSTER on behalf of Creditor HARSCH INVESTMENT PROPERTIES -
NEVADA, LLC
olster@lbbslaw.com, sallade@lbbslaw.com

ERIC RANSAVAGE on behalf of Creditor LESLIE BLASCO, ET AL.
eransavage@sllplaw.com, agutierrez@sllplaw.com

SHLOMO S. SHERMAN on behalf of Interested Party REORGANIZED DEBTORS
ssherman@klnevada.com, bankruptcy@klnevada.com; ckishi@klnevada.com;
bbroussard@klnevada.com

MARK R. SOMERSTEIN on behalf of Creditor WELLS FARGO BANK, N.A.
mark.somerstein@ropesgray.com

JEFFREY R. SYLVESTER on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS
BRANCH
jeff@sylvesterpolednak.com

TIMOTHY P. THOMAS on behalf of Creditor STEERING COMMITTEE OF SENIOR
SECURED LENDERS
veralynn@tthomaslaw.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

DONALD H. WILLIAMS on behalf of Creditor WESTAR KITCHEN & BATH, LLC
DonaldHWilliamsLaw@gmail.com, taylorsellers@gmail.com.


   */s/ Catherine A. Burrow*
Catherine A. Burrow
Legal Assistant
Diamond McCarthy LLP

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA**

IN RE:

THE RHODES COMPANIES, LLC,
   Aka "Rhodes Homes", *et al.,*

                  Reorganized Debtors.[1]

Affects:
☒ All Debtors
☐ The following Debtor(s)

---

Case No. BK-09-14814-LBR
(Jointly Administered)

Chapter 11

**ORDER REQUIRING LAW FIRMS TO
PRODUCE ONE OR MORE CORPORATE
REPRESENTATIVES FOR EXAMINATION
PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 2004**

[No hearing required]

---

     The Litigation Trust of The Rhodes Companies, LLC, *et al.* (the "<u>Litigation Trust</u>" having

filed an Omnibus Motion for Order Requiring Production of One or More Corporate

Representatives for Examination In Accordance With Federal Rule of Bankruptcy Procedure 2004

(the "<u>Motion</u>"), the Motion having been submitted to this Court, and good cause appearing,

     IT IS HEREBY ORDERED that the following law firms:

---

[1]    The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC 90206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Ralty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Clubb, LLC (7132); Pinnacle Grading, LLC (4838).

Santoro, Driggs, Walch, Kearney, Holley & Thompson, Ltd.
Gibson Dunn & Crutcher, LLP
Snell & Wilmer, LLP
Stewart Occhipinti, LLP
Fabian & Clendinin
Bancroft Susa & Galloway P.C.

produce one or more corporate representatives for examination on a business day no earlier than

fourteen (14) days after the entry of this Order, or at such other mutually agreeable location, date,

and time, and continuing from day to day thereafter until completed.

Prepared by:

**DIAMOND MCCARTHY LLP**                     **LAW OFFICE OF BRIAN SHAPIRO**

By: ____/s/ Jacob J. Roberts_____        By: ____/s/ Brian D. Shapiro_____
Eric D. Madden, (*pro hac vice*)                     Brian D. Shapiro, NV Bar No. 5772
Michael J. Yoder (*pro hac vice* pending)            400 E. Bonneville, Suite 300
Jacob J. Roberts (*pro hac vice*)                    Las Vegas, Nevada 89101
1201 Elm Street, 34th Floor                          Phone: 702-386-8600
Dallas, Texas 75270                                  Facsimile: 702-383-0994
Phone: 214-389-5300
Facsimile: 214-389-5399                              *Local Counsel for the Litigation Trust of*
                                                     *Rhodes Companies, LLC, et al.*

*Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

                                        ###

APPDX 117

E-Filed on 8/30/2011

**DIAMOND MCCARTHY LLP**
1201 Elm Street, 34th Floor
Dallas, Texas 75270
(214) 389-5300 (telephone)
(214) 389-5399 (facsimile)

Eric D. Madden, TX Bar No. 24013079
Email: emadden@diamondmccarthy.com
Michael J. Yoder, TX Bar No. 24056572
Email: myoder@diamondmccarthy.com
Jacob J. Roberts, TX Bar No. 24065982
Email: jroberts@diamondmccarthy.com

*Counsel for the Litigation Trust
of The Rhodes Companies, LLC, et al.*

**LAW OFFICE OF BRIAN D. SHAPIRO, A NEVADA LLC**
411 E. Bonneville Ave., Suite 300
Las Vegas, Nevada 89101
(702) 386-8600 (telephone)
(702) 383-0994 (facsimile)

Brian D. Shapiro, NV Bar No. 5772
Email: bshapiro@brianshapirolaw.com

*Local Counsel for the Litigation Trust of
The Rhodes Companies, LLC, et al.*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>THE RHODES COMPANIES, LLC,<br>  Aka "Rhodes Homes", *et al.*,<br><br>                   Reorganized Debtors.[1]<br><br>Affects:<br>☒ All Debtors<br>☐ The following Debtor(s) | Case No. BK-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>**OMNIBUS MOTION FOR ORDER REQUIRING PRODUCTION OF ONE OR MORE CORPORATE REPRESENTATIVES FOR EXAMINATION IN ACCORDANCE WITH FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**<br><br>[No hearing required] |

In accordance with Federal Rule of Bankruptcy Procedure 2004, the Litigation Trust of

The Rhodes Companies, LLC, *et al.* (the "<u>Litigation Trust</u>" or "<u>Movant</u>") hereby moves this

Court for an order requiring that the following title companies:

> Chicago Title of Nevada, Inc.
> First American Title Company
> Fidelity National Financial, Inc.

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC 90206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Ralty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Clubb, LLC (7132); Pinnacle Grading, LLC (4838).

Commerce Title Company
Transnation Title Agency
Security Title of Nevada, LLC
Stewart Title Company
Yuma Title

(the "Title Companies") produce one or more corporate representatives for examination on a business day no earlier than fourteen (14) business days after the entry of an order granting this Motion, or at such other mutually agreeable location, date, and time, and continuing from day to day thereafter until completed.

This Motion is further explained in the following Memorandum.

## Memorandum

The Litigation Trust seeks information concerning the Reorganized Debtors and their pre-bankruptcy acts, conduct, property, liabilities and financial condition. Specifically, the Litigation Trust seeks information concerning services provided by each of the Title Companies to the Reorganized Debtors. The Litigation Trust seeks this information from the Title Companies to assist in the collection of the assets and the investigation of the liabilities of the Reorganized Debtors.

The requested discovery from the Title Companies is within the scope of examination permitted under Rule 2004, which includes:

> [t]he acts, conduct, or property or . . . the liabilities and financial condition of the debtor, or … any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In a . . . reorganization case under chapter 11 of the Code, . . . the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan.[2]

---

[2] FED.R. BANKR. P. 2004(b).

MOTION FOR RULE 2004 EXAMINATION — PAGE 2

## Conclusion

Accordingly, the Litigation Trust requests that this Court enter the form of order submitted with this Motion.

Dated: August 30, 2011.

**DIAMOND MCCARTHY LLP**

By: ____/s/ Jacob J. Roberts_____
Eric D. Madden, (*pro hac vice*)
Michael J. Yoder, (*pro hac vice* pending)
Jacob J. Roberts, (*pro hac vice*)
1201 Elm Street, 34th Floor
Dallas, Texas 75270
(214) 389-5300 (telephone)
(214) 389-5399 (facsimile)

*Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

**LAW OFFICE OF BRIAN SHAPIRO**

By: ____/s/ Brian D. Shapiro_____
Brian D. Shapiro,
411 E. Bonneville, Suite 300
Las Vegas, Nevada 89101
(702) 386-8600 (telephone)
(702) 383-0994 (facsimile)

*Local Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that I am employee of the law firm of DIAMOND MCCARTHY LLP, and that on the 30th day of August 2011, a true and correct copy of the foregoing **OMNIBUS MOTION FOR ORDER REQUIRING PRODUCTION OF ONE OR MORE CORPORATE REPRESENTATIVES FOR EXAMINATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004** was served by the Court's CM/ECF system to:

KEVIN N. ANDERSON on behalf of Creditor JAMES RHODES
kanderson@fabianlaw.com, sburdash@fabianlaw.com

BRETT A. AXELROD on behalf of Creditor SAGEBRUSH ENTERPRISES, INC.
baxelrod@foxrothschild.com, pkois@foxrothschild.com; rdittrich@foxrothschild.com; msheffield@foxrothschild.com; ldupree@foxrothschild.com

J. THOMAS BECKETT on behalf of Creditor CREDITORS COMMITTEE
ECF@parsonsbehle.com

SHIRLEY S. CHO on behalf of Debtor THE RHODES COMPANIES, LLC
scho@pszjlaw.com

JANET L. CHUBB on behalf of Creditor COMMERCE ASSOCIATES, LLC
bsalinas@armstrongteasdale.com

DAVID A. COLVIN on behalf of Creditor DANA KEPNER COMPANIES, LLC
dcolvin@maclaw.com, mwalters@maclaw.com; kgallegos@maclaw.com; tszostek@maclaw.com

NATALIE M. COX on behalf of Plaintiff EUGENE DAVIS
ncox@klnevada.com, bankruptcy@klnevada.com; ckishi@klnevada.com

THOMAS E. CROWE on behalf of Creditor SHANE SMITH
tcrowelaw@yahoo.com

DAMON K. DIAS on behalf of Creditor X-It at 215, LLC
ddias@diaslawgroup.com,bankruptcy@diaslawgroup.com

TRACY A. DIFILLIPPO on behalf of Creditor COMMERCE ASSOCIATES, LLC
tdifillippo@jonesvargas.com, enunez@jonesvargas.com; ehardy@jonesvargas.com

CONOR P. FLYNN on behalf of Creditor COMMERCE ASSOCIATES, LLC
cflynn@jonesvargas.com

PHILIP S. GERSON on behalf of Creditor CLARK COUNTY
banknv@rocgd.com, mburgener@rocgd.com

REW R. GOODENOW on behalf of Creditor CREDITORS COMMITTEE
ecf@parsonsbehle.com

JAMES D. GREENE on behalf of Plaintiff EUGENE DAVIS
jgreene@greeneinfusolaw.com, fritchie@greeneinfusolaw.com; kfarney@greeneinfusolaw.com;
bschmidt@greeneinfusolaw.com

KIRBY C. GRUCHOW on behalf of Creditor NEVADA POWER COMPANY
hkelley@leachjohnson.com

CAROL L. HARRIS on behalf of Creditor IN RE KITEC FITTING LITIGATION CLASS
PLAINTIFFS
c.harris@kempjones.com, jlm@kempjones.com

RODNEY M. JEAN on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS BRANCH
RJEAN@LIONELSAWYER.COM, gbagley@lionelsawyer.com; bklsclv@lionelsawyer.com;
mstow@lionelsawyer.com

ROBERT R. KINAS on behalf of Creditor CATERPILLAR FINANCIAL SERVICES
CORPORATION
rkinas@swlaw.com, jmath@swlaw.com; mfull@swlaw.com; cdossier@swlaw.com;
nbaig@swlaw.com; nunzueta@swlaw.com; docket_las@swlaw.com

KEITH S. KNOCHEL on behalf of Creditor VALERIE SILVAS
law@lawyersinarizona.com, bank@lawyersinarizona.com

BART K. LARSEN on behalf of Creditor Reef Colonial, LLC
blarsen@klnevada.com, jierien@klnevada.com; bankruptcy@klnevada.com

ZACHARIAH LARSON on behalf of Debtor APACHE FRAMING, LLC
cshurtliff@larsonlawnv.com, sstanton@larsonlawnv.com; akosina@larsonlawnv.com

NILE LEATHAM on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED
LENDERS
nleatham@klnevada.com, ckishi@klnevada.com; bankruptcy@klnevada.com

ANNE M. LORADITCH on behalf of Creditor JAMES RHODES
aloraditch@foxrothschild.com, pkois@foxrothschild.com; rdittrich@foxrothschild.com

VIRGINIA CRONAN LOWE on behalf of Creditor UNITED STATES OF AMERICA - INTERNAL REVENUE SERVICE
virginiacronan.lowe@usdoj.gov, Western.Taxcivil@usdoj.gov

JANIECE S MARSHALL on behalf of Creditor STANLEY CONSULTANTS, INC.
car@amclaw.com; lom@amclaw.com; crb@amclaw.com; csh@amclaw.com

EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
edward.m.mcdonald@usdoj.gov

SUSAN L. MYERS on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS BRANCH
smyers@lionelsawyer.com, gbagley@lionelsawyer.com; bklsclv@lionelsawyer.com

JEFFREY D. OLSTER on behalf of Creditor HARSCH INVESTMENT PROPERTIES - NEVADA, LLC
olster@lbbslaw.com, sallade@lbbslaw.com

ERIC RANSAVAGE on behalf of Creditor LESLIE BLASCO, ET AL.
eransavage@ssllplaw.com, agutierrez@ssllplaw.com

SHLOMO S. SHERMAN on behalf of Interested Party REORGANIZED DEBTORS
ssherman@klnevada.com, bankruptcy@klnevada.com; ckishi@klnevada.com;
bbroussard@klnevada.com

MARK R. SOMERSTEIN on behalf of Creditor WELLS FARGO BANK, N.A.
mark.somerstein@ropesgray.com

JEFFREY R. SYLVESTER on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS BRANCH
jeff@sylvesterpolednak.com

TIMOTHY P. THOMAS on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED LENDERS
veralynn@tthomaslaw.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

DONALD H. WILLIAMS on behalf of Creditor WESTAR KITCHEN & BATH, LLC
DonaldHWilliamsLaw@gmail.com, taylorsellers@gmail.com.


_/s/ Catherine A. Burrow_
Catherine A. Burrow
Legal Assistant
Diamond McCarthy LLP

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | Case No. BK-09-14814-LBR (Jointly Administered) |
| THE RHODES COMPANIES, LLC, Aka "Rhodes Homes", *et al.*, | Chapter 11 |
| Reorganized Debtors.[1] | **ORDER REQUIRING TITLE COMPANIES TO PRODUCE ONE OR MORE CORPORATE REPRESENTATIVES FOR EXAMINATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004** |
| Affects: ☒ All Debtors ☐ The following Debtor(s) | [No hearing required] |

The Litigation Trust of The Rhodes Companies, LLC, *et al.* (the "Litigation Trust" having

filed an Omnibus Motion for Order Requiring Production of One or More Corporate

Representatives for Examination In Accordance With Federal Rule of Bankruptcy Procedure 2004

(the "Motion"), the Motion having been submitted to this Court, and good cause appearing,

IT IS HEREBY ORDERED that the following title companies:

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC 90206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Ralty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Clubb, LLC (7132); Pinnacle Grading, LLC (4838).

4513.1

Chicago Title of Nevada, Inc.
First American Title Company
Fidelity National Financial, Inc.
Commerce Title Company
Transnation Title Agency
Security Title of Nevada, LLC
Stewart Title Company
Yuma Title

produce one or more corporate representatives for examination on a business day no earlier than

fourteen (14) days after the entry of this Order, or at such other mutually agreeable location, date,

and time, and continuing from day to day thereafter until completed.

Prepared by:

**DIAMOND MCCARTHY LLP**

**LAW OFFICE OF BRIAN SHAPIRO**

By: _____/s/ Jacob J. Roberts_____
Eric D. Madden, (*pro hac vice*)
Michael J. Yoder (*pro hac vice* pending)
Jacob J. Roberts (*pro hac vice*)
1201 Elm Street, 34th Floor
Dallas, Texas 75270
Phone: 214-389-5300
Facsimile: 214-389-5399

*Counsel for the Litigation Trust of
The Rhodes Companies, LLC, et al.*

By: _____/s/ Brian D. Shapiro_____
Brian D. Shapiro, NV Bar No. 5772
400 E. Bonneville, Suite 300
Las Vegas, Nevada 89101
Phone: 702-386-8600
Facsimile: 702-383-0994

*Local Counsel for the Litigation Trust of
Rhodes Companies, LLC, et al.*

### 

APPDX 125

E-Filed on 8/30/2011

**DIAMOND MCCARTHY LLP**
1201 Elm Street, 34th Floor
Dallas, Texas 75270
(214) 389-5300 (telephone)
(214) 389-5399 (facsimile)

Eric D. Madden, TX Bar No. 24013079
Email: emadden@diamondmccarthy.com
Michael J. Yoder, TX Bar No. 24056572
Email: myoder@diamondmccarthy.com
Jacob J. Roberts, TX Bar No. 24065982
Email: jroberts@diamondmccarthy.com

*Counsel for the Litigation Trust*
*of The Rhodes Companies, LLC, et al.*

**LAW OFFICE OF BRIAN D. SHAPIRO, A NEVADA LLC**
411 E. Bonneville Ave., Suite 300
Las Vegas, Nevada 89101
(702) 386-8600 (telephone)
(702) 383-0994 (facsimile)

Brian D. Shapiro, NV Bar No. 5772
Email: bshapiro@brianshapirolaw.com

*Local Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No. BK-09-14814-LBR (Jointly Administered) |
| THE RHODES COMPANIES, LLC, Aka "Rhodes Homes", *et al.*, | Chapter 11 |
| Reorganized Debtors.[1] | **OMNIBUS MOTION FOR ORDER REQUIRING PRODUCTION OF ONE OR MORE CORPORATE REPRESENTATIVES FOR EXAMINATION IN ACCORDANCE WITH FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004** |
| Affects: ☒ All Debtors ☐ The following Debtor(s) | [No hearing required] |

In accordance with Federal Rule of Bankruptcy Procedure 2004, the Litigation Trust of

The Rhodes Companies, LLC, *et al.* (the "<u>Litigation Trust</u>" or "<u>Movant</u>") hereby moves this

Court for an order requiring that the following professionals:

        Alvarez & Marsal North America, LLC
        SMS Financial LLC

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC 90206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Ralty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Clubb, LLC (7132); Pinnacle Grading, LLC (4838).

(the "Professionals") produce one or more corporate representatives for examination on a business day no earlier than fourteen (14) business days after the entry of an order granting this Motion, or at such other mutually agreeable location, date, and time, and continuing from day to day thereafter until completed.

This Motion is further explained in the following Memorandum.

### Memorandum

The Litigation Trust seeks information concerning the Reorganized Debtors and their pre-bankruptcy acts, conduct, property, liabilities and financial condition. Specifically, the Litigation Trust seeks information concerning each Professionals' relationship to, interactions with, and services provided to the Reorganized Debtors The Litigation Trust seeks this information from the Professionals to assist in the collection of the assets and the investigation of the liabilities of the Reorganized Debtors.

The requested discovery from the Professionals is within the scope of examination permitted under Rule 2004, which includes:

> [t]he acts, conduct, or property or . . . the liabilities and financial condition of the debtor, or … any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In a . . . reorganization case under chapter 11 of the Code, . . . the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan.[2]

### Conclusion

Accordingly, the Litigation Trust requests that this Court enter the form of order submitted with this Motion.

---

[2] FED.R. BANKR. P. 2004(b).

Dated: August 30, 2011.

**DIAMOND MCCARTHY LLP**

By: ___/s/ Jacob J. Roberts_____
Eric D. Madden, (*pro hac vice*)
Michael J. Yoder, (*pro hac vice* pending)
Jacob J. Roberts, (*pro hac vice*)
1201 Elm Street, 34th Floor
Dallas, Texas 75270
(214) 389-5300 (telephone)
(214) 389-5399 (facsimile)

*Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

**LAW OFFICE OF BRIAN SHAPIRO**

By: ___/s/ Brian D. Shapiro_____
Brian D. Shapiro,
411 E. Bonneville, Suite 300
Las Vegas, Nevada 89101
(702) 386-8600 (telephone)
(702) 383-0994 (facsimile)

*Local Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

# CERTIFICATE OF SERVICE

I hereby certify that I am employee of the law firm of DIAMOND MCCARTHY LLP, and that on the 30th day of August 2011, a true and correct copy of the foregoing **OMNIBUS MOTION FOR ORDER REQUIRING PRODUCTION OF ONE OR MORE CORPORATE REPRESENTATIVES FOR EXAMINATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004** was served by the Court's CM/ECF system to:

KEVIN N. ANDERSON on behalf of Creditor JAMES RHODES
kanderson@fabianlaw.com, sburdash@fabianlaw.com

BRETT A. AXELROD on behalf of Creditor SAGEBRUSH ENTERPRISES, INC.
baxelrod@foxrothschild.com, pkois@foxrothschild.com; rdittrich@foxrothschild.com;
msheffield@foxrothschild.com; ldupree@foxrothschild.com

J. THOMAS BECKETT on behalf of Creditor CREDITORS COMMITTEE
ECF@parsonsbehle.com

SHIRLEY S. CHO on behalf of Debtor THE RHODES COMPANIES, LLC
scho@pszjlaw.com

JANET L. CHUBB on behalf of Creditor COMMERCE ASSOCIATES, LLC
bsalinas@armstrongteasdale.com

DAVID A. COLVIN on behalf of Creditor DANA KEPNER COMPANIES, LLC
dcolvin@maclaw.com, mwalters@maclaw.com; kgallegos@maclaw.com;
tszostek@maclaw.com

NATALIE M. COX on behalf of Plaintiff EUGENE DAVIS
ncox@klnevada.com, bankruptcy@klnevada.com; ckishi@klnevada.com

THOMAS E. CROWE on behalf of Creditor SHANE SMITH
tcrowelaw@yahoo.com

DAMON K. DIAS on behalf of Creditor X-It at 215, LLC
ddias@diaslawgroup.com,bankruptcy@diaslawgroup.com

TRACY A. DIFILLIPPO on behalf of Creditor COMMERCE ASSOCIATES, LLC
tdifillippo@jonesvargas.com, enunez@jonesvargas.com; ehardy@jonesvargas.com

CONOR P. FLYNN on behalf of Creditor COMMERCE ASSOCIATES, LLC
cflynn@jonesvargas.com

PHILIP S. GERSON on behalf of Creditor CLARK COUNTY
banknv@rocgd.com, mburgener@rocgd.com

REW R. GOODENOW on behalf of Creditor CREDITORS COMMITTEE
ecf@parsonsbehle.com

JAMES D. GREENE on behalf of Plaintiff EUGENE DAVIS
jgreene@greeneinfusolaw.com, fritchie@greeneinfusolaw.com; kfarney@greeneinfusolaw.com;
bschmidt@greeneinfusolaw.com

KIRBY C. GRUCHOW on behalf of Creditor NEVADA POWER COMPANY
hkelley@leachjohnson.com

CAROL L. HARRIS on behalf of Creditor IN RE KITEC FITTING LITIGATION CLASS
PLAINTIFFS
c.harris@kempjones.com, jlm@kempjones.com

RODNEY M. JEAN on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS BRANCH
RJEAN@LIONELSAWYER.COM, gbagley@lionelsawyer.com; bklsclv@lionelsawyer.com;
mstow@lionelsawyer.com

ROBERT R. KINAS on behalf of Creditor CATERPILLAR FINANCIAL SERVICES
CORPORATION
rkinas@swlaw.com, jmath@swlaw.com; mfull@swlaw.com; cdossier@swlaw.com;
nbaig@swlaw.com; nunzueta@swlaw.com; docket_las@swlaw.com

KEITH S. KNOCHEL on behalf of Creditor VALERIE SILVAS
law@lawyersinarizona.com, bank@lawyersinarizona.com

BART K. LARSEN on behalf of Creditor Reef Colonial, LLC
blarsen@klnevada.com, jierien@klnevada.com; bankruptcy@klnevada.com

ZACHARIAH LARSON on behalf of Debtor APACHE FRAMING, LLC
cshurtliff@larsonlawnv.com, sstanton@larsonlawnv.com; akosina@larsonlawnv.com

NILE LEATHAM on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED
LENDERS
nleatham@klnevada.com, ckishi@klnevada.com; bankruptcy@klnevada.com

ANNE M. LORADITCH on behalf of Creditor JAMES RHODES
aloraditch@foxrothschild.com, pkois@foxrothschild.com; rdittrich@foxrothschild.com

VIRGINIA CRONAN LOWE on behalf of Creditor UNITED STATES OF AMERICA - INTERNAL REVENUE SERVICE
virginiacronan.lowe@usdoj.gov, Western.Taxcivil@usdoj.gov

JANIECE S MARSHALL on behalf of Creditor STANLEY CONSULTANTS, INC.
car@amclaw.com; lom@amclaw.com; crb@amclaw.com; csh@amclaw.com

EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
edward.m.mcdonald@usdoj.gov

SUSAN L. MYERS on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS BRANCH
smyers@lionelsawyer.com, gbagley@lionelsawyer.com; bklsclv@lionelsawyer.com

JEFFREY D. OLSTER on behalf of Creditor HARSCH INVESTMENT PROPERTIES - NEVADA, LLC
olster@lbbslaw.com, sallade@lbbslaw.com

ERIC RANSAVAGE on behalf of Creditor LESLIE BLASCO, ET AL.
eransavage@sslplaw.com, agutierrez@sslplaw.com

SHLOMO S. SHERMAN on behalf of Interested Party REORGANIZED DEBTORS
ssherman@klnevada.com, bankruptcy@klnevada.com; ckishi@klnevada.com; bbroussard@klnevada.com

MARK R. SOMERSTEIN on behalf of Creditor WELLS FARGO BANK, N.A.
mark.somerstein@ropesgray.com

JEFFREY R. SYLVESTER on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS BRANCH
jeff@sylvesterpolednak.com

TIMOTHY P. THOMAS on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED LENDERS
veralynn@tthomaslaw.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

DONALD H. WILLIAMS on behalf of Creditor WESTAR KITCHEN & BATH, LLC
DonaldHWilliamsLaw@gmail.com, taylorsellers@gmail.com.


  _/s/  Catherine A. Burrow_____
Catherine A. Burrow
Legal Assistant
Diamond McCarthy LLP

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | Case No. BK-09-14814-LBR (Jointly Administered) |
| THE RHODES COMPANIES, LLC, Aka "Rhodes Homes", *et al.*, | Chapter 11 |
| Reorganized Debtors.[1] | **ORDER REQUIRING PROFESSIONALS TO PRODUCE ONE OR MORE CORPORATE REPRESENTATIVES FOR EXAMINATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004** |
| Affects:<br>☒ All Debtors<br>☐ The following Debtor(s) | [No hearing required] |

The Litigation Trust of The Rhodes Companies, LLC, *et al.* (the "<u>Litigation Trust</u>" having

filed an Omnibus Motion for Order Requiring Production of One or More Corporate

Representatives for Examination In Accordance With Federal Rule of Bankruptcy Procedure 2004

(the "<u>Motion</u>"), the Motion having been submitted to this Court, and good cause appearing,

IT IS HEREBY ORDERED that the following professionals:

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC 90206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Ralty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Clubb, LLC (7132); Pinnacle Grading, LLC (4838).

Alvarez & Marsal North America, LLC
SMS Financial LLC

produce one or more corporate representatives for examination on a business day no earlier than

fourteen (14) days after the entry of this Order, or at such other mutually agreeable location, date,

and time, and continuing from day to day thereafter until completed.

Prepared by:

**DIAMOND MCCARTHY LLP**

By: ___*/s/ Jacob J. Roberts*_____

Eric D. Madden, (*pro hac vice*)

Michael J. Yoder (*pro hac vice* pending)

Jacob J. Roberts (*pro hac vice*)

1201 Elm Street, 34th Floor

Dallas, Texas 75270

Phone:  214-389-5300

Facsimile:  214-389-5399

*Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

**LAW OFFICE OF BRIAN SHAPIRO**

By: ___*/s/ Brian D. Shapiro*_____

Brian D. Shapiro, NV Bar No. 5772

400 E. Bonneville, Suite 300

Las Vegas, Nevada 89101

Phone:  702-386-8600

Facsimile:  702-383-0994

*Local Counsel for the Litigation Trust of*
*Rhodes Companies, LLC, et al.*

###

2

APPDX 133



Entered on Docket
August 30, 2011

_Mary A. Schott_
**Mary A. Schott, Clerk**
**United States Bankruptcy Court**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>THE RHODES COMPANIES, LLC,<br>  Aka "Rhodes Homes", *et al.,*<br><br>Reorganized Debtors.[1]<br><br>Affects:<br>☒ All Debtors<br>☐ The following Debtor(s) | Case No. BK-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>**ORDER REQUIRING FINANCIAL INSTITUTIONS TO PRODUCE ONE OR MORE CORPORATE REPRESENTATIVES FOR EXAMINATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**<br><br>[No hearing required] |

     The Litigation Trust of The Rhodes Companies, LLC, *et al.* (the "<u>Litigation Trust</u>" having filed an Omnibus Motion for Order Requiring Production of One or More Corporate Representatives for Examination In Accordance With Federal Rule of Bankruptcy Procedure 2004 (the "<u>Motion</u>"), the Motion having been submitted to this Court, and good cause appearing,

     IT IS HEREBY ORDERED that the following financial institutions:

---

[1]   The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC 90206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Ralty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Clubb, LLC (7132); Pinnacle Grading, LLC (4838).

4513.1

American Express Company
UBS Financial Services, Inc.
Town & Country Bank, Inc.
Consolidated Mortgage Company
American Commonwealth Mortgage Company
Bank of Oklahoma
Alliance Mortgage, LLC
BofA ML Asset Holding f/k/a Merrill Lynch
The Bank of New York
Mutual of Omaha Bank
Nevada State Bank
Wells Fargo Bank, N.A.

produce one or more corporate representatives for examination on a business day no earlier than

fourteen (14) days after the entry of this Order, or at such other mutually agreeable location, date,

and time, and continuing from day to day thereafter until completed.

Prepared by:

**DIAMOND MCCARTHY LLP**

By: ___*/s/ Jacob J. Roberts*_____
Eric D. Madden, (*pro hac vice*)
Michael J. Yoder (*pro hac vice* pending)
Jacob J. Roberts (*pro hac vice*)
1201 Elm Street, 34th Floor
Dallas, Texas 75270
Phone: 214-389-5300
Facsimile: 214-389-5399

*Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

**LAW OFFICE OF BRIAN SHAPIRO**

By: ___*/s/ Brian D. Shapiro*_____
Brian D. Shapiro, NV Bar No. 5772
400 E. Bonneville, Suite 300
Las Vegas, Nevada 89101
Phone: 702-386-8600
Facsimile: 702-383-0994

*Local Counsel for the Litigation Trust of*
*Rhodes Companies, LLC, et al.*

###

APPDX 135



**Entered on Docket**
**August 30, 2011**

*Mary A. Schott*
_____
**Mary A. Schott, Clerk**
**United States Bankruptcy Court**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

IN RE:

THE RHODES COMPANIES, LLC,
   Aka "Rhodes Homes", *et al.,*

               Reorganized Debtors.[1]

Affects:
☒ All Debtors
☐ The following Debtor(s)

Case No. BK-09-14814-LBR
(Jointly Administered)

Chapter 11

**ORDER REQUIRING TITLE COMPANIES TO PRODUCE ONE OR MORE CORPORATE REPRESENTATIVES FOR EXAMINATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

[No hearing required]

     The Litigation Trust of The Rhodes Companies, LLC, *et al.* (the "<u>Litigation Trust</u>" having

filed an Omnibus Motion for Order Requiring Production of One or More Corporate

Representatives for Examination In Accordance With Federal Rule of Bankruptcy Procedure 2004

(the "<u>Motion</u>"), the Motion having been submitted to this Court, and good cause appearing,

     IT IS HEREBY ORDERED that the following title companies:

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC 90206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Ralty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Clubb, LLC (7132); Pinnacle Grading, LLC (4838).

Chicago Title of Nevada, Inc.
First American Title Company
Fidelity National Financial, Inc.
Commerce Title Company
Transnation Title Agency
Security Title of Nevada, LLC
Stewart Title Company
Yuma Title

produce one or more corporate representatives for examination on a business day no earlier than

fourteen (14) days after the entry of this Order, or at such other mutually agreeable location, date,

and time, and continuing from day to day thereafter until completed.

Prepared by:

**DIAMOND MCCARTHY LLP**

By: ___/s/ Jacob J. Roberts_____
Eric D. Madden, (*pro hac vice*)
Michael J. Yoder (*pro hac vice* pending)
Jacob J. Roberts (*pro hac vice*)
1201 Elm Street, 34th Floor
Dallas, Texas 75270
Phone: 214-389-5300
Facsimile: 214-389-5399

*Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

**LAW OFFICE OF BRIAN SHAPIRO**

By: ___/s/ Brian D. Shapiro_____
Brian D. Shapiro, NV Bar No. 5772
400 E. Bonneville, Suite 300
Las Vegas, Nevada 89101
Phone: 702-386-8600
Facsimile: 702-383-0994

*Local Counsel for the Litigation Trust of*
*Rhodes Companies, LLC, et al.*

###

2



1

2

3        **Entered on Docket**          *Mary A. Schott*
         **August 30, 2011**        _____

                                       **Mary A. Schott, Clerk**
4                                   **United States Bankruptcy Court**

5

6

7                 **UNITED STATES BANKRUPTCY COURT**
                       **DISTRICT OF NEVADA**

8    IN RE:                          | Case No. BK-09-14814-LBR
                                     | (Jointly Administered)
9    THE RHODES COMPANIES, LLC,
         Aka "Rhodes Homes", *et al.,*  | Chapter 11
10
                    Reorganized Debtors.[1]  | **ORDER REQUIRING LAW FIRMS TO**
11   _____  | **PRODUCE ONE OR MORE CORPORATE**
     Affects:                        | **REPRESENTATIVES FOR EXAMINATION**
12   ☒ All Debtors                   | **PURSUANT TO FEDERAL RULE OF**
     ☐ The following Debtor(s)       | **BANKRUPTCY PROCEDURE 2004**
13
                                     | [No hearing required]
14

15

16       The Litigation Trust of The Rhodes Companies, LLC, *et al.* (the "Litigation Trust" having

17   filed an Omnibus Motion for Order Requiring Production of One or More Corporate

18   Representatives for Examination In Accordance With Federal Rule of Bankruptcy Procedure 2004

19   (the "Motion"), the Motion having been submitted to this Court, and good cause appearing,

20       IT IS HEREBY ORDERED that the following law firms:

21

22   _____
     [1]   The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if
23   applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General
     Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189);
24   Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC
     90206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC
25   (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Ralty,
     Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona
26   Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada
     Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache
     Framing, LLC (6352); Tuscany Golf Country Clubb, LLC (7132); Pinnacle Grading, LLC (4838).

84513.1

Santoro, Driggs, Walch, Kearney, Holley & Thompson, Ltd.
Gibson Dunn & Crutcher, LLP
Snell & Wilmer, LLP
Stewart Occhipinti, LLP
Fabian & Clendinin
Bancroft Susa & Galloway P.C.

produce one or more corporate representatives for examination on a business day no earlier than

fourteen (14) days after the entry of this Order, or at such other mutually agreeable location, date,

and time, and continuing from day to day thereafter until completed.

Prepared by:

**DIAMOND MCCARTHY LLP**                          **LAW OFFICE OF BRIAN SHAPIRO**

By: ____ */s/ Jacob J. Roberts* _____          By: ____ */s/ Brian D. Shapiro* _____
Eric D. Madden, (*pro hac vice*)                  Brian D. Shapiro, NV Bar No. 5772
Michael J. Yoder (*pro hac vice* pending)         400 E. Bonneville, Suite 300
Jacob J. Roberts (*pro hac vice*)                 Las Vegas, Nevada 89101
1201 Elm Street, 34ᵗʰ Floor                       Phone:  702-386-8600
Dallas, Texas 75270                               Facsimile:  702-383-0994
Phone:  214-389-5300
Facsimile:  214-389-5399                           *Local Counsel for the Litigation Trust of*
                                                   *Rhodes Companies, LLC, et al.*
*Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

###

APPDX 139



Entered on Docket
August 31, 2011

_Mary A. Schott_

**Mary A. Schott, Clerk**
**United States Bankruptcy Court**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

IN RE:

THE RHODES COMPANIES, LLC,
    Aka "Rhodes Homes", *et al.,*

                Reorganized Debtors.[1]

Affects:
☒ All Debtors
☐ The following Debtor(s)

Case No. BK-09-14814-LBR
(Jointly Administered)

Chapter 11

**ORDER REQUIRING PROFESSIONALS**
**TO PRODUCE ONE OR MORE**
**CORPORATE REPRESENTATIVES FOR**
**EXAMINATION PURSUANT TO FEDERAL**
**RULE OF BANKRUPTCY PROCEDURE**
**2004**

[No hearing required]

      The Litigation Trust of The Rhodes Companies, LLC, *et al.* (the "<u>Litigation Trust</u>" having

filed an Omnibus Motion for Order Requiring Production of One or More Corporate

Representatives for Examination In Accordance With Federal Rule of Bankruptcy Procedure 2004

(the "<u>Motion</u>"), the Motion having been submitted to this Court, and good cause appearing,

      IT IS HEREBY ORDERED that the following professionals:

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC 90206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Ralty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Clubb, LLC (7132); Pinnacle Grading, LLC (4838).

4513.1

Alvarez & Marsal North America, LLC
SMS Financial LLC

produce one or more corporate representatives for examination on a business day no earlier than

fourteen (14) days after the entry of this Order, or at such other mutually agreeable location, date,

and time, and continuing from day to day thereafter until completed.

Prepared by:

**DIAMOND MCCARTHY LLP**

By: ___/s/ Jacob J. Roberts_____
Eric D. Madden, (*pro hac vice*)
Michael J. Yoder (*pro hac vice* pending)
Jacob J. Roberts (*pro hac vice*)
1201 Elm Street, 34th Floor
Dallas, Texas 75270
Phone: 214-389-5300
Facsimile: 214-389-5399

*Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

**LAW OFFICE OF BRIAN SHAPIRO**

By: ___/s/ Brian D. Shapiro_____
Brian D. Shapiro, NV Bar No. 5772
400 E. Bonneville, Suite 300
Las Vegas, Nevada 89101
Phone: 702-386-8600
Facsimile: 702-383-0994

*Local Counsel for the Litigation Trust of*
*Rhodes Companies, LLC, et al.*

###

2

APPDX 141

75

# United States Bankruptcy Court

### DISTRICT OF NEVADA

IN RE:

**THE RHODES COMPANIES, LLC,**
   Aka "Rhodes Homes", *et al.,*

           **DEBTORS.**

**AFFECTS: ALL DEBTORS**

## SUBPOENA FOR RULE 2004 EXAMINATION

CASE NO.   BK-S-09-14814-LBR
JOINTLY ADMINISTERED
CHAPTER 11

**TO:**  Santoro, Driggs, Walch, Kearney,
      Holley & Thompson, Ltd.
      Attn:  Any Officer or Director
      400 South Fourth Street, 3rd Floor
      Las Vegas, NV 89101

**X** **YOU ARE COMMANDED** to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, pursuant to the attached court order, regarding the following topics at the place, date and time specified below:

#### SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY | | | DATE AND TIME |
|---|---|---|---|
| LAW OFFICE OF BRIAN D. SHAPIRO<br>400 E. BONNEVILLE, SUITE 300<br>LAS VEGAS, NEVADA 89101 | OR | SUCH OTHER AGREED<br>UPON LOCATION | September 22, 2011 at 10:00 A.M.<br>Or such other mutually<br>agreeable date and/or time |

**X** **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

#### SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED

| PLACE | | | DATE |
|---|---|---|---|
| LAW OFFICE OF BRIAN D. SHAPIRO<br>400 E. BONNEVILLE, SUITE 300<br>LAS VEGAS, NEVADA 89101 | OR | SUCH OTHER AGREED<br>UPON LOCATION | September 22, 2011<br>Or such other mutually<br>agreeable date |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]*<br>Counsel for the Litigation Trust of The Rhodes Companies, LLC, et al. | August 31, 2011 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

JACOB J. ROBERTS
DIAMOND MCCARTHY LLP
909 FANNIN, 15TH FLOOR
HOUSTON, TEXAS 77010
(713) 333-5100

{00365037;}

DATE:                              PLACE:

SERVED:

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

Date                              Signature of Server

_____

Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}

APPDX 143

## EXHIBIT A

The topics of examination under Federal Rule of Bankruptcy Procedure 2004 shall include:

(1)   Your policies, if any, regarding document destruction and retention, and how those policies were applied to the documents requested in EXHIBIT B (the "documents");

(2)   How and where the documents are kept and filed;

(3)   Whether the documents are kept in the ordinary and usual course of your business;

(4)   How the documents came to be created, including the identities (specifically or by category) of the persons creating them;

(5)   Whether the persons creating the documents had personal knowledge of the matters stated in the documents, or created from them information transmitted by someone with such knowledge;

(6)   Whether it was the regular practice of Deponent to create the documents (or keep a file of the documents, if created by others);

(7)   The efforts Deponent made to locate and produce the documents;

(8)   The identities of all persons assisting with the search for responsive documents;

(9)   Whether any responsive documents were withheld on any ground;

(10)  Whether any responsive documents have been destroyed, and if so, when and for what reason or pursuant to what policy or instruction;

(11)  Whether any documents that should have been found were missing, and if so, the reasons that the documents were missing; and

(12)  Whether any of the instructions provided in EXHIBIT B were not followed, and if so, which instructions were not followed and the reasons for any and all departures from the instructions.

## EXHIBIT B

## I. DEFINITIONS

As used herein, unless otherwise indicated:

1.      "Communication" means any transmittal of information, of any kind, without regard to whether such information was transmitted orally, in writing, electronically, visually, or by any other means.

2.      "Debtors" shall mean shall mean the following entities and their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of any of the Debtors, including any attorneys, advisors, or consultants:

- Heritage Land Company, LLC
- Tick, LP
- Glynda, LP
- Chalkline, LP
- Batcave, LP
- Jackknife, LP
- Wallboard, LP
- Overflow, LP
- Rhodes Companies, LLC
- Rhodes Ranch GP
- Tuscany Acquisitions, LLC
- Tuscany Acquisitions II, LLC
- Tuscany Acquisitions III, LLC
- Tuscany Acquisitions VI, LLC
- Rhodes Design and Development Corp.
- C&J Holdings, Inc.
- Rhodes Realty, Inc.
- Jarupa LLC
- Elkhorn Investments, Inc.
- Elkhorn Partners, LP
- Tuscany Golf Country Club, LLC
- Rhodes Homes Arizona, LLC
- Pinnacle Grading, LLC
- Rhodes Arizona Properties, LLC
- Tribes Holdings LLC

- 1 -

- Six Feathers LLC
- Bravo, Inc.
- Gung-Ho Concrete, LLC
- Geronimo Plumbing, LLC
- Arapahoe Cleaning, LLC
- Apache Framing, LLC

3. "Document" means all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements, records of inventory, financial and/or accounting records, catalogues, trade journals, and any other documented or recorded information.  The term "document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method.  The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

4. "Entity" or "Entities" shall mean the following entities, their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other

- 2 -

persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of any of the Entities, including any attorneys, advisors, or consultants:

- Harmony Homes, Inc.
- Harmoney Homes, LLC
- Sagebrush Enterprises, Inc.
- Sedora Holdings, LLC
- Westward Crossing, LLC
- Pinnacle Equipment Rental, LLC
- Rhodes Ranch Golf, Inc.
- Rhodes Ranch Golf and Country Club
- Tropicana Durango Investments, Inc.
- Tropicana Durango, Ltd I
- Dirt Investments, LLC
- Spirit Underground, LLC
- Desert Communities, Inc.
- Custom Quality Homes, LLC
- Canberra Holdings, LLC
- Underground Technologies, LLC
- South Dakota Aggregate and Engineering, LLC
- Freedom Underground, LLC
- Rhodes Ranch, LLC
- James M. Rhodes Dynasty Trust 1
- James M. Rhodes Dynasty Trust 2
- JMRCIET
- Truckee Springs Holdings, Inc.
- Gypsum Resources, LLC
- Tulare Springs Holdings, Inc.
- Tock, LP
- Tapemeasure, LP
- Rule, LLC
- Joshua Choya, LLC
- American Land Management, LLC
- South Dakota Conservancy, LLC
- Meridian Land Company, LLC
- Yucca Land Company, LLC
- Wasatch Ave, LLC
- Escalante-Zion Investments, LLC
- HH Trust
- Jerico Trust

5.      "Evidencing" means constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

6.      "Identify" or "identity" with respect to a natural person requires that the following information be provided for each such person:

(a)      the name of the person;

(b)      the last known home address, business address and/or telephone number of each person.

7.      "Identify" or "identity" with respect to a person other than a natural person (e.g., corporation, partnership, unincorporated joint venture, sole proprietorship, subchapter S corporation) requires that the following information be provided for each such person:

(a)      the name of the person;

(b)      the last known address and telephone number of that person's headquarters or principal place of business.

8.      "Identify" or "identity" with respect to a document means to state the date and author of the document, the type of document (e.g., letter, memorandum, telegram, chart), the addressee or intended recipient, a summary of its contents or other means of identifying the document, and the present location and custodian of the document.  Alternatively, in lieu of the foregoing identification, the document may be produced along with an identification of the interrogatory to which it is responsive.  If any such document was, but is no longer, in the possession, custody, or control of Santoro Driggs or Santoro Driggs's attorneys or agents, state what disposition was made of it and the date of such disposition.  With respect to document identification, documents prepared subsequent to or prior to the time period specified in these

- 4 -

interrogatories but which relate or refer to such time or period are to be included in your response.

9.      "Identify" or "identity" with respect to a communication, written or oral conversation, conference or meeting, means to identify all persons participating in or in attendance at the communication, conversation, conference or meeting, and to identify all documents recording, summarizing or otherwise arising from the communication, conversation, conference or meeting in accordance with the definitions stated above.  In addition, "identify" or "identity" with respect to a communication, conversation, conference or meeting means to state in detail its purpose, all subjects discussed, the method(s) of communication.

10.  "Individual" or "Individuals" shall mean the following individuals:

- James M. Rhodes
- Glynda Rhodes
- John Rhodes
- Paul Huygens

11.      "Person" means an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity. "Person" means the plural as well as the singular.

12.      "Relating or referring" and/or "relate or refer" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

13.      "Santoro Driggs" shall refer to Santoro, Driggs, Walch, Kearney, Johnson & Thompson, Ltd. and its predecessors and successors, past and present subsidiaries, affiliates,

APPDX 149

divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of Santoro Driggs, including any attorneys, advisors, or consultants

14.    "You" or "your" refers to Santoro Driggs (as defined above) and its employees, officers, agents, subsidiaries, affiliates and all other persons acting, understood to act, or purporting to act on its behalf or under its direction or control.

## II. INSTRUCTIONS

1.    The following document requests are to be responded to fully, by furnishing all information in your possession, custody or control.  Your having possession, custody, or control of a document includes your having a right, superior to other parties, to compel the production of such document from a third party, such as your agent, employee, representative, or, unless privileged, attorney.

2.    If any document requested herein has been lost, discarded, or destroyed, the document so lost, discarded or destroyed should be identified as completely as possible, including without limitation, the date the document was lost, discarded, or destroyed, the manner in which the document was lost, discarded, or destroyed, the reason(s) the document was lost, discarded, or destroyed, the person who authorized that the document be destroyed or discarded, and the person who lost, discarded, or destroyed the document.

3.    If you cannot produce a document because it no longer exists or is no longer in your possession, custody, or control, please identify that document by:  (a) its title; (b) its nature (for example, a "letter" or "e-mail"); (c) the date it was created or sent; (d) its author(s) and signator(y/ies); (e) any of its recipient(s); (f) the last place it was known to have been located; (g)

- 6 -

the circumstances under which it ceased to exist or passed from your possession, custody, or control; and (h) the identity and last known residence and business address of any person who had knowledge of its existence and location.

4.      Produce the original, as well as all non-identical duplicates or copies and/or drafts, of all requested documents in your possession, in the possession of your agents, attorneys, accountants or employees, or which are otherwise within your custody, control, or access, wherever located.  A document with handwritten notes, editing marks, etc., is not identical to one without such notes or marks and therefore must be produced if within the scope of documents requested.

5.      Produce each requested document in its entirety, including all attachments and enclosures, even if only a portion of the document is responsive to the request.

6.      If you withhold from production any document (or portion of any document) that is otherwise responsive to a request on the basis of a claim of privilege, work product, or other ground, you must provide sufficient information regarding the withheld document to permit the Court and the parties to evaluate the propriety of your objection.  Specifically, you must identify: (a) the name and title of the author(s) of the document; (b) the name and title of each person to whom the document was addressed; (c) the name and title of each person to whom the document was distributed; (d) the name and title of each person to whom the document was disclosed, in whole or in part; (e) the type of document (e.g., "memorandum" or "report"); (f) the subject matter of the document; (g) the purpose(s) of the document; (h) the date on the document and, if different, the date on which the document was created and/or sent; (i) the number of pages of the document; (j) the specific request herein to which the document is responsive; (k) the nature of the privilege(s) asserted as to the document; and (l) a detailed, specific explanation as to why the

document is privileged or otherwise immune from discovery, including a presentation of all factual grounds and legal analyses.

7.      If any requested document cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

8.      Please produce each specified document either (a) in the original file or organizational system in which it is regularly maintained or organized or (b) designate which documents are being produced in response to which of the numbered specifications below. Produce the requested documents either in their original file folders or appended to a copy of any writing on the file folders from which the documents are taken.

9.      Identify each document produced by the paragraph number of this schedule to which it is responsive.  If a document is produced in response to more than one request, it is sufficient to identify only the first request to which the document is responsive.

10.     All electronically stored information must be produced in the same form or forms in which it is ordinarily maintained.  Specifically, all electronically stored information must be produced in its native format, so that the metadata can be accessed.

11.     Unless otherwise specified, the relevant time period for this request is from January 1, 2005 through and including the present.

12.     This request is a continuing one that calls for the supplemental or additional production of documents if any defendant or its counsel obtains supplemental or additional documents.

13.     In responding to the requests below: (a) the disjunctive shall also be read to include the conjunctive and vice versa; (b) "including" shall be read to mean "including without limitation;" (c) the singular shall also be read to include the plural and vice versa; (d) the present

- 8 -

shall also be read as if the past tense and vice versa; (e) "any" shall be read to include "all" and vice versa; and (f) "and" shall be read to include "or" and vice versa.

## III.  DOCUMENTS

YOU ARE REQUESTED to produce the documents set forth below:

1.      All engagement letters and other documents and communications referring or relating to any engagement letters between You and any of the Debtors.

2.      All engagement letters and other documents and communications referring or relating to any engagement letters between You and any of the Entities.

3.      All engagement letters and other documents and communications referring or relating to any engagement letters between You and any of the Individuals.

4.      All documents and communications referring or relating to any services or work performed by You for any of the Debtors.

5.      All documents and communications referring or relating to any services or work performed by You for any of the Entities.

6.      All documents and communications referring or relating to any services or work performed by You for any of the Individuals.

7.      All documents referring or relating to any services or work performed by You that was billed to or paid for by any of the Debtors.

8.      All documents referring or relating to any services or work performed by You that was billed to or paid for by any of the Entities.

9.      All documents referring or relating to any services or work performed by You that was billed to or paid for by any of the Individuals.

APPDX 153

10.     All documents and communications referring or relating to payment for any services or work performed by You for any of the Debtors, including but not limited to all timekeeping records, bills, invoices, and records of payments.

11.     All documents and communications referring or relating to payment for any services or work performed by You for any of the Entities, including but not limited to all timekeeping records, bills, invoices, and records of payments.

12.     All documents and communications referring or relating to payment for any services or work performed by You for any of the Individuals, including but not limited to all timekeeping records, bills, invoices, and records of payments.

13.     All documents and communications referring or relating to any transactions entered into by any of the Debtors, including but not limited to:

  a.  Communications to and from any of the Entities, attorneys representing the Entities, or any other representatives of any of the Entities;

  b.  Communications to and from any of the Debtors, attorneys representing any of the Debtors, or any other representatives of any of the Debtors;

  c.  Communications to and from any of the Individuals, attorneys representing any of the Individuals, or any other representatives of any of the Individuals;

  d.  Communications to and from any potential or actual appraisal firms;

  e.  Any and all documents and communications referring or relating to the valuation or appraisal of any and all real property interests involved in the transaction;

  f.  Communications to and from any and all potential or actual title companies;

  g.  Any and all documents and communications referring or relating to the title of any real property interests involved in the transaction;

  h.  Communications to and from any and all potential or actual accountants, auditors, accounting firms, and auditing firms;

  i.  Any and all documents and communications referring or relating to the financial condition, valuation, or financial records of any and all Entities and Debtors involved in the transaction; and

- 10 -

j.  Any and all documents or communications referring or relating to any legal opinion or analysis on or regarding the legality of the transaction.

14.  All documents and communications referring or relating to any transactions entered into by any of the Entities, including but not limited to:

a.  Communications to and from any of the Entities, attorneys representing the Entities, or any other representatives of any of the Entities;

b.  Communications to and from any of the Debtors, attorneys representing any of the Debtors, or any other representatives of any of the Debtors;

c.  Communications to and from any of the Individuals, attorneys representing any of the Individuals, or any other representatives of any of the Individuals;

d.  Communications to and from any potential or actual appraisal firms;

e.  Any and all documents and communications referring or relating to the valuation or appraisal of any and all real property interests involved in the transaction;

f.  Communications to and from any and all potential or actual title companies;

g.  Any and all documents and communications referring or relating to the title of any real property interests involved in the transaction;

h.  Communications to and from any and all potential or actual accountants, auditors, accounting firms, and auditing firms;

i.  Any and all documents and communications referring or relating to the financial condition, valuation, or financial records of any and all Entities and Debtors involved in the transaction; and

j.  Any and all documents or communications referring or relating to any legal opinion or analysis on or regarding the legality of the transaction.

15.  All documents and communications referring or relating to any transactions entered into by any of the Individuals, including but not limited to:

a.  Communications to and from any of the Entities, attorneys representing the Entities, or any other representatives of any of the Entities;

b.  Communications to and from any of the Debtors, attorneys representing any of the Debtors, or any other representatives of any of the Debtors;

- 11 -

    c.   Communications to and from any of the Individuals, attorneys representing any of the Individuals, or any other representatives of any of the Individuals;

    d.   Communications to and from any potential or actual appraisal firms;

    e.   Any and all documents and communications referring or relating to the valuation or appraisal of any and all real property interests involved in the transaction;

    f.   Communications to and from any and all potential or actual title companies;

    g.   Any and all documents and communications referring or relating to the title of any real property interests involved in the transaction;

    h.   Communications to and from any and all potential or actual accountants, auditors, accounting firms, and auditing firms;

    i.   Any and all documents and communications referring or relating to the financial condition, valuation, or financial records of any and all Entities and Debtors involved in the transaction; and

    j.   Any and all documents or communications referring or relating to any legal opinion or analysis on or regarding the legality of the transaction.

16.    All documents referring or relating to meetings, minutes of meetings, presentations to, votes, or decisions by the management or boards of directors for any of the Debtors.

17.    All documents referring or relating to meetings, minutes of meetings, presentations to, votes, or decisions by the management or boards of directors for any of the Entities.

18.    All personnel files, including any and all performance reviews for Your attorneys who performed any services or work for any of the Entities, Debtors, and/or Individuals.

19.    All calendars, diaries, notes, and desk files of Your attorneys who performed any services or work for any of the Entities, Debtors, and/or Individuals.

APPDX 156

20.     All of Your document retention policies (or any other document setting forth guidelines for the retention, disposal, or destruction of documents) from 2005 through the present time.

21.     All documents and communications referring or relating to audited financial statements, audit work papers, appraisals, valuation reports, or any other assessment of the financial condition of any Debtors and/or Entities.

22.     All documents referring or relating to any audit responses submitted by You to any auditor for any of the Debtors and/or Entities.

23.     All documents referring or relating to any conflict of interest in your simultaneous representation of any of the Debtors, Entities, and/or Individuals.

24.     All documents referring or relating to any transaction between any of the Debtors and any of the Entities or Individuals.

25.     All documents relating to any real estate transaction entered into by any of the Debtors, including but not limited to:

       a.   purchase and sale agreements;

       b.   promissory notes;

       c.   bills of sale;

       d.   deeds;

       e.   assignments and assumptions of leases and security deposits;

       f.   assignments and assumptions of contracts;

       g.   title insurance policies;

       h.   escrow instruction letters;

       i.   incumbency certificates;

- 13 -

j.  organizational documents;

k.  resolutions related to the transaction; and

l.  opinion letters.

26.  All documents relating to any real estate transaction entered into by any of the Entities, including but not limited to:

a.  purchase and sale agreements;

b.  promissory notes;

c.  bills of sale;

d.  deeds;

e.  assignments and assumptions of leases and security deposits;

f.  assignments and assumptions of contracts;

g.  title insurance policies;

h.  escrow instruction letters;

i.  incumbency certificates;

j.  organizational documents;

k.  resolutions related to the transaction; and

l.  opinion letters.

27.  All documents relating to any real estate transaction entered into by any of the Individuals, including but not limited to:

a.  purchase and sale agreements;

b.  promissory notes;

c.  bills of sale;

d.  deeds;

- 14 -

    e.   assignments and assumptions of leases and security deposits;

    f.   assignments and assumptions of contracts;

    g.   title insurance policies;

    h.   escrow instruction letters;

    i.   incumbency certificates;

    j.   organizational documents;

    k.   resolutions related to the transaction; and

    l.   opinion letters.

28.    All documents relating to any financing transactions entered into by any of the Debtors, including but not limited:

    a.   loan agreements;

    b.   promissory notes;

    c.   intercreditor agreements; and

    d.   loan applications.

29.    All documents relating to any financing transactions entered into by any of the Entities, including but not limited:

    a.   loan agreements;

    b.   promissory notes;

    c.   intercreditor agreements; and

    d.   loan applications.

30.    All documents relating to any financing transactions entered into by any of the Individuals, including but not limited:

    a.   loan agreements;

    b.   promissory notes;

    c.   intercreditor agreements; and

    d.   loan applications.

# United States Bankruptcy Court

### DISTRICT OF NEVADA

IN RE:

**SUBPOENA FOR RULE 2004 EXAMINATION**

THE RHODES COMPANIES, LLC,
Aka "Rhodes Homes", *et al.,*

CASE NO.    BK-S-09-14814-LBR
JOINTLY ADMINISTERED
CHAPTER 11

DEBTORS.

AFFECTS: ALL DEBTORS

TO:    Mutual of Omaha Bank
By and Through Its Registered Agent:
CSC Services of Nevada, Inc.
2215-B Renaissance Dr.
Las Vegas, NV 89119

**X YOU ARE COMMANDED** to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, pursuant to the attached court order, regarding the following topics at the place, date and time specified below:

### SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY | | | DATE AND TIME |
|---|---|---|---|
| LAW OFFICE OF BRIAN D. SHAPIRO<br>400 E. BONNEVILLE, SUITE 300<br>LAS VEGAS, NEVADA 89101 | OR | SUCH OTHER AGREED<br>UPON LOCATION | September 22, 2011 at 10:00 A.M.<br>Or such other mutually<br>agreeable date and/or time |

**X YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

### SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED

| PLACE | | | DATE |
|---|---|---|---|
| LAW OFFICE OF BRIAN D. SHAPIRO<br>400 E. BONNEVILLE, SUITE 300<br>LAS VEGAS, NEVADA 89101 | OR | SUCH OTHER AGREED<br>UPON LOCATION | September 22, 2011<br>Or such other mutually<br>agreeable date |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Counsel for the Litigation Trust of The Rhodes Companies, LLC, et al. | August 31, 2011 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

JACOB J. ROBERTS
DIAMOND MCCARTHY LLP
909 FANNIN, 15TH FLOOR
HOUSTON, TEXAS 77010
(713) 333-5100

{00365037; }

**PROOF OF SERVICE**

| | |
|---|---|
| DATE: | PLACE: |

SERVED:

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

Date                              Signature of Server


_____
Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

The topics of examination under Federal Rule of Bankruptcy Procedure 2004 shall include:

(1)     Your policies, if any, regarding document destruction and retention, and how those policies were applied to the documents requested in EXHIBIT B (the "documents");

(2)     How and where the documents are kept and filed;

(3)     Whether the documents are kept in the ordinary and usual course of your business;

(4)     How the documents came to be created, including the identities (specifically or by category) of the persons creating them;

(5)     Whether the persons creating the documents had personal knowledge of the matters stated in the documents, or created from them information transmitted by someone with such knowledge;

(6)     Whether it was the regular practice of Deponent to create the documents (or keep a file of the documents, if created by others);

(7)     The efforts Deponent made to locate and produce the documents;

(8)     The identities of all persons assisting with the search for responsive documents;

(9)     Whether any responsive documents were withheld on any ground;

(10)    Whether any responsive documents have been destroyed, and if so, when and for what reason or pursuant to what policy or instruction;

(11)    Whether any documents that should have been found were missing, and if so, the reasons that the documents were missing; and

(12)    Whether any of the instructions provided in EXHIBIT B were not followed, and if so, which instructions were not followed and the reasons for any and all departures from the instructions.

## EXHIBIT B

## I. DEFINITIONS

As used herein, unless otherwise indicated:

1.      "Communication" means any transmittal of information, of any kind, without regard to whether such information was transmitted orally, in writing, electronically, visually, or by any other means.

2.      "Debtors" shall mean shall mean the following entities and their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of any of the Debtors, including any attorneys, advisors, or consultants:

- Heritage Land Company, LLC
- Tick, LP
- Glynda, LP
- Chalkline, LP
- Batcave, LP
- Jackknife, LP
- Wallboard, LP
- Overflow, LP
- Rhodes Companies, LLC
- Rhodes Ranch GP
- Tuscany Acquisitions, LLC
- Tuscany Acquisitions II, LLC
- Tuscany Acquisitions III, LLC
- Tuscany Acquisitions VI, LLC
- Rhodes Design and Development Corp.
- C&J Holdings, Inc.
- Rhodes Realty, Inc.
- Jarupa LLC
- Elkhorn Investments, Inc.
- Elkhorn Partners, LP
- Tuscany Golf Country Club, LLC
- Rhodes Homes Arizona, LLC
- Pinnacle Grading, LLC
- Rhodes Arizona Properties, LLC
- Tribes Holdings LLC

- 1 -

- Six Feathers LLC
- Bravo, Inc.
- Gung-Ho Concrete, LLC
- Geronimo Plumbing, LLC
- Arapahoe Cleaning, LLC
- Apache Framing, LLC

3.      "Document" means all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements, records of inventory, financial and/or accounting records, catalogues, trade journals, and any other documented or recorded information.  The term "document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method.  The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

4.      "Entity" or "Entities" shall mean the following entities, their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other

- 2 -

persons or entities acting or purporting to act directly or indirectly on behalf of or under the

control of any of the Entities, including any attorneys, advisors, or consultants:

- Harmony Homes, Inc.
- Harmoney Homes, LLC
- Sagebrush Enterprises, Inc.
- Sedora Holdings, LLC
- Westward Crossing
- Pinnacle Equipment Rental, LLC
- Rhodes Ranch Golf, Inc.
- Rhodes Ranch Golf and Country Club
- Tropicana Durango Investments, Inc.
- Tropicana Durango, Ltd I
- Dirt Investments, LLC
- Spirit Underground, LLC
- Desert Communities, Inc.
- Custom Quality Homes, LLC
- Canberra Holdings, LLC
- Underground Technologies, LLC
- South Dakota Aggregate and Engineering, LLC
- Freedom Underground, LLC
- Rhodes Ranch, LLC
- James M. Rhodes Dynasty Trust 1
- James M. Rhodes Dynasty Trust 2
- JMRCIET
- Truckee Springs Holdings, Inc.
- Gypsum Resources, LLC
- Tulare Springs Holdings, Inc.
- Tock, LP
- Tapemeasure, LP
- Rule, LLC
- Joshua Choya, LLC
- American Land Management, LLC
- South Dakota Conservancy, LLC
- Meridian Land Company, LLC
- Yucca Land Company, LLC
- Wasatch Ave, LLC
- Escalante-Zion Investments, LLC
- HH Trust
- Jerico Trust

5.      "Evidencing" means constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

6.      "Identify" or "identity" with respect to a natural person requires that the following information be provided for each such person:

      (a)     the name of the person;

      (b)     the last known home address, business address and/or telephone number of each person.

7.      "Identify" or "identity" with respect to a person other than a natural person (e.g., corporation, partnership, unincorporated joint venture, sole proprietorship, subchapter S corporation) requires that the following information be provided for each such person:

      (a)     the name of the person;

      (b)     the last known address and telephone number of that person's headquarters or principal place of business.

8.      "Identify" or "identity" with respect to a document means to state the date and author of the document, the type of document (e.g., letter, memorandum, telegram, chart), the addressee or intended recipient, a summary of its contents or other means of identifying the document, and the present location and custodian of the document.  Alternatively, in lieu of the foregoing identification, the document may be produced along with an identification of the interrogatory to which it is responsive.  If any such document was, but is no longer, in the possession, custody, or control of Mutual of Omaha Bank or Mutual of Omaha Bank's attorneys or agents, state what disposition was made of it and the date of such disposition.  With respect to document identification, documents prepared subsequent to or prior to the time period specified

- 4 -

in these interrogatories but which relate or refer to such time or period are to be included in your response.

9.      "Identify" or "identity" with respect to a communication, written or oral conversation, conference or meeting, means to identify all persons participating in or in attendance at the communication, conversation, conference or meeting, and to identify all documents recording, summarizing or otherwise arising from the communication, conversation, conference or meeting in accordance with the definitions stated above. In addition, "identify" or "identity" with respect to a communication, conversation, conference or meeting means to state in detail its purpose, all subjects discussed, the method(s) of communication.

10. "Individual" or "Individuals" shall mean the following individuals:

- James M. Rhodes
- Glynda Rhodes
- John Rhodes
- Paul Huygens

11.      "Person" means an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity. "Person" means the plural as well as the singular.

12.      "Relating or referring" and/or "relate or refer" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

13.      "Mutual of Omaha" shall refer to Mutual of Omaha Bank and its predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers,

APPDX 168

directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of Mutual of Omaha Bank including any attorneys, advisors, or consultants

14.     "You," "your," or "the Bank" refers to Mutual of Omaha (as defined above) and its employees, officers, agents, subsidiaries, affiliates and all other persons acting, understood to act, or purporting to act on its behalf or under its direction or control.

## II. <u>INSTRUCTIONS</u>

1.     The following document requests are to be responded to fully, by furnishing all information in your possession, custody or control.  Your having possession, custody, or control of a document includes your having a right, superior to other parties, to compel the production of such document from a third party, such as your agent, employee, representative, or, unless privileged, attorney.

2.     If any document requested herein has been lost, discarded, or destroyed, the document so lost, discarded or destroyed should be identified as completely as possible, including without limitation, the date the document was lost, discarded, or destroyed, the manner in which the document was lost, discarded, or destroyed, the reason(s) the document was lost, discarded, or destroyed, the person who authorized that the document be destroyed or discarded, and the person who lost, discarded, or destroyed the document.

3.     If you cannot produce a document because it no longer exists or is no longer in your possession, custody, or control, please identify that document by:  (a) its title; (b) its nature (for example, a "letter" or "e-mail"); (c) the date it was created or sent; (d) its author(s) and signator(y/ies); (e) any of its recipient(s); (f) the last place it was known to have been located; (g) the circumstances under which it ceased to exist or passed from your possession, custody, or

APPDX 169

control; and (h) the identity and last known residence and business address of any person who had knowledge of its existence and location.

4.      Produce the original, as well as all non-identical duplicates or copies and/or drafts, of all requested documents in your possession, in the possession of your agents, attorneys, accountants or employees, or which are otherwise within your custody, control, or access, wherever located.  A document with handwritten notes, editing marks, etc., is not identical to one without such notes or marks and therefore must be produced if within the scope of documents requested.

5.      Produce each requested document in its entirety, including all attachments and enclosures, even if only a portion of the document is responsive to the request.

6.      If you withhold from production any document (or portion of any document) that is otherwise responsive to a request on the basis of a claim of privilege, work product, or other ground, you must provide sufficient information regarding the withheld document to permit the Court and the parties to evaluate the propriety of your objection.  Specifically, you must identify: (a) the name and title of the author(s) of the document; (b) the name and title of each person to whom the document was addressed; (c) the name and title of each person to whom the document was distributed; (d) the name and title of each person to whom the document was disclosed, in whole or in part; (e) the type of document (e.g., "memorandum" or "report"); (f) the subject matter of the document; (g) the purpose(s) of the document; (h) the date on the document and, if different, the date on which the document was created and/or sent; (i) the number of pages of the document; (j) the specific request herein to which the document is responsive; (k) the nature of the privilege(s) asserted as to the document; and (l) a detailed, specific explanation as to why the

APPDX 170

document is privileged or otherwise immune from discovery, including a presentation of all factual grounds and legal analyses.

7.      If any requested document cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

8.      Please produce each specified document either (a) in the original file or organizational system in which it is regularly maintained or organized or (b) designate which documents are being produced in response to which of the numbered specifications below. Produce the requested documents either in their original file folders or appended to a copy of any writing on the file folders from which the documents are taken.

9.      Identify each document produced by the paragraph number of this schedule to which it is responsive.  If a document is produced in response to more than one request, it is sufficient to identify only the first request to which the document is responsive.

10.     All electronically stored information must be produced in the same form or forms in which it is ordinarily maintained.  Specifically, all electronically stored information must be produced in its native format, so that the metadata can be accessed.

11.     Unless otherwise specified, the relevant time period for this request is from January 1, 2004 through and including the present.

12.     This request is a continuing one that calls for the supplemental or additional production of documents if any defendant or its counsel obtains supplemental or additional documents.

13.     In responding to the requests below: (a) the disjunctive shall also be read to include the conjunctive and vice versa; (b) "including" shall be read to mean "including without limitation;" (c) the singular shall also be read to include the plural and vice versa; (d) the present

- 8 -

shall also be read as if the past tense and vice versa; (e) "any" shall be read to include "all" and vice versa; and (f) "and" shall be read to include "or" and vice versa.

## III.  DOCUMENTS

YOU ARE REQUESTED to produce the documents set forth below:

1.      Any and all documents evidencing any and all accounts at the Bank held in the name of or for the benefit of any of the Debtors.

2.      Any and all documents evidencing any and all accounts at the Bank held in the name of or for the benefit of any of the Entities.

3.      Any and all documents evidencing any and all accounts at the Bank held in the name of or for the benefit of any of the Individuals.

4.      Any and all documents evidencing the type and purpose of any and all accounts at the Bank held in the name of or for the benefit of any of the Debtors.

5.      Any and all documents evidencing the type and purpose of any and all accounts at the Bank held in the name of or for the benefit of any of the Entities.

6.      Any and all documents evidencing the type and purpose of any and all accounts at the Bank held in the name of or for the benefit of any of the Individuals.

7.      Any and all documents evidencing the transactions and/or activity in the accounts at the Bank held in the name of or for the benefit of any of the Debtors.

8.      Any and all documents evidencing the transactions and/or activity in the accounts at the Bank held in the name of or for the benefit of any of the Entities.

9.      Any and all documents evidencing the transactions and/or activity in the accounts at the Bank held in the name of or for the benefit of any of the Individuals.

APPDX 172

10.     Any and all documents evidencing the history of the relationship between any of the Debtors and the Bank.

11.     Any and all documents evidencing the history of the relationship between any of the Entities and the Bank.

12.     Any and all documents evidencing the history of the relationship between any of the Individuals and the Bank.

13.     Any and all documents evidencing actual, apparent, and/or purported authorization of any and all individuals to act on behalf of any Debtors, including but limited to signature cards and authorization letters.

14.     Any and all documents evidencing actual, apparent, and/or purported authorization of any and all individuals to act on behalf of any Individuals, including but limited to signature cards and authorization letters.

15.     Any and all documents evidencing actual, apparent, and/or purported authorization of any and all individuals to act on behalf of any Entities, including but limited to signature cards and authorization letters.

16.     Any and all documents evidencing the application, opening, acceptance, management, ongoing review and oversight of the accounts at the Bank held in the name of or for the benefit of any of the Debtors, and any the Bank policies and procedures applicable to these activities.

17.     Any and all documents evidencing the application, opening, acceptance, management, ongoing review and oversight of the accounts at the Bank held in the name of or for the benefit of any of the Entities, and any the Bank policies and procedures applicable to these activities.

18.     Any and all documents evidencing the application, opening, acceptance, management, ongoing review and oversight of the accounts at the Bank held in the name of or for the benefit of any of the Individuals, and any the Bank policies and procedures applicable to these activities.

19.     Any and all correspondence files, account officer files, customer call records, and credit files with respect to any accounts at the Bank held in the name of or for the benefit of any of the Debtors.

20.     Any and all correspondence files, account officer files, customer call records, and credit files with respect to any accounts at the Bank held in the name of or for the benefit of any of the Entities.

21.     Any and all correspondence files, account officer files, customer call records, and credit files with respect to any accounts at the Bank held in the name of or for the benefit of any of the Individuals.

22.     Any and all documents evidencing loans or other forms of credit extended to any person or company affiliated with the Debtors, Entities, and/or Individuals by the Bank and the terms thereof.

23.     Any and all documents evidencing correspondence and communications between any of the Debtors and the Bank.

24.     Any and all documents evidencing correspondence and communications between any of the Entities and the Bank.

25.     Any and all documents evidencing correspondence and communications between any of the Individuals and the Bank.

- 11 -

26.     Any and all documents evidencing wire transfers received or sent by the Bank with reference to any accounts at the Bank held in the name of or for the benefit of any of the Debtors.

27.     Any and all documents evidencing wire transfers received or sent by the Bank with reference to any accounts at the Bank held in the name of or for the benefit of any of the Entities.

28.     Any and all documents evidencing wire transfers received or sent by the Bank with reference to any accounts at the Bank held in the name of or for the benefit of any of the Individuals.

29.     Any and all documents evidencing wire transfers to or from accounts of any Debtors where the name of the recipient or transferor is not identified.

30.     Any and all documents evidencing wire transfers to or from accounts of any Entities where the name of the recipient or transferor is not identified.

31.     Any and all documents evidencing wire transfers to or from accounts of any Individuals where the name of the recipient or transferor is not identified.

32.     Any and all documents evidencing any transactions, including wire transfers, between any of the Debtors and any of the Entities.

33.     Any and all documents evidencing any transactions, including wire transfers, between any of the Debtors and any of the Individuals.

34.     Any and all documents evidencing any transactions, including wire transfers, between any of the Entities and any of the Individuals.

35.     Any and all documents evidencing any flow of money in or out of any  and all accounts held by any of the Debtors, including but not limited to (a) deposit slips, (b) copies of checks, (c) copies of endorsements on checks, (d) withdrawals, and (e) wire transfers.

36.     Any and all documents evidencing any flow of money in or out of any  and all accounts held by any of the Individuals, including but not limited to (a) deposit slips, (b) copies of checks, (c) copies of endorsements on checks, (d) withdrawals, and (e) wire transfers.

37.     Any and all documents evidencing any flow of money in or out of any  and all accounts held by any of the Entities, including but not limited to (a) deposit slips, (b) copies of checks, (c) copies of endorsements on checks, (d) withdrawals, and (e) wire transfers.

38.     Any and all documents evidencing any real estate transaction by any of the Debtors, including by not limited to:

    i.    deeds of trust;

    ii.   mortgages;

    iii.  escrow instruction letters;

    iv.   promissory notes;

    v.    closing statements;

    vi.   loan documents;

    vii.  copies of checks to escrow;

    viii. copies of wire transfers to escrow;

    ix.   applications of any kind related to the transaction; and

    x.    communications related to the transaction.

39.     Any and all documents evidencing any real estate transaction by any of the Entities, including by not limited to:

- 13 -

    i.  deeds of trust;

    ii.  mortgages;

    iii.  escrow instruction letters;

    iv.  promissory notes;

    v.  closing statements;

    vi.  loan documents;

    vii.  copies of checks to escrow;

    viii.  copies of wire transfers to escrow;

    ix.  applications of any kind related to the transaction; and

    x.  communications related to the transaction.

40.    Any and all documents evidencing any real estate transaction by any of the Individuals, including by not limited to:

    i.  deeds of trust;

    ii.  mortgages;

    iii.  escrow instruction letters;

    iv.  promissory notes;

    v.  closing statements;

    vi.  loan documents;

    vii.  copies of checks to escrow;

    viii.  copies of wire transfers to escrow;

    ix.  applications of any kind related to the transaction; and

    x.  communications related to the transaction.

- 14 -

B254 (5/92) Subpoena for Rule 2004 Examination

# *United States Bankruptcy Court*

### DISTRICT OF ARIZONA

IN RE:

THE RHODES COMPANIES, LLC,
    Aka "Rhodes Homes", *et al.*,

                        DEBTORS.

AFFECTS: ALL DEBTORS

**SUBPOENA FOR RULE 2004 EXAMINATION**

CASE NO.   BK-S-09-14814-LBR
JOINTLY ADMINISTERED
CHAPTER 11
PENDING IN THE DISTRICT OF NEVADA

TO:    Yuma Title
       Attn: Carrie Safranek, Manager
       11611 S. Foothills Blvd., #A
       Yuma, Arizona 85367-5845

**X** YOU ARE COMMANDED to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, pursuant to the attached court order, regarding the following topics at the place, date and time specified below:

### SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY | | | DATE AND TIME |
|---|---|---|---|
| YUMA COURT REPORTERS, LLC<br>220 SOUTH 2ND AVENUE<br>YUMA, ARIZONA 85364 | OR | SUCH OTHER AGREED<br>UPON LOCATION | September 29, 2011 at 10:00 A.M.<br>Or such other mutually<br>agreeable date and/or time |

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

### SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED

| PLACE | | | DATE |
|---|---|---|---|
| YUMA COURT REPORTERS, LLC<br>220 SOUTH 2ND AVENUE<br>YUMA, ARIZONA 85364 | OR | SUCH OTHER AGREED<br>UPON LOCATION | September 29, 2011<br>Or such other mutually<br>agreeable date |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Counsel for the Litigation Trust of The Rhodes Companies, LLC, et al. | September 7, 2011 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

JACOB J. ROBERTS
DIAMOND MCCARTHY LLP
909 FANNIN, 15TH FLOOR
HOUSTON, TEXAS 77010
(713) 333-5100

{00365037;}

## PROOF OF SERVICE

DATE:                                    PLACE:

SERVED:

SERVED ON (PRINT NAME) | MANNER OF SERVICE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                    Date                                        Signature of Server

                                                    _____
                                                    Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037; }

APPDX 179

# EXHIBIT A

The topics of examination under Federal Rule of Bankruptcy Procedure 2004 shall include:

(1) Your policies, if any, regarding document destruction and retention, and how those policies were applied to the documents requested in EXHIBIT B (the "documents");

(2) How and where the documents are kept and filed;

(3) Whether the documents are kept in the ordinary and usual course of your business;

(4) How the documents came to be created, including the identities (specifically or by category) of the persons creating them;

(5) Whether the persons creating the documents had personal knowledge of the matters stated in the documents, or created from them information transmitted by someone with such knowledge;

(6) Whether it was the regular practice of Deponent to create the documents (or keep a file of the documents, if created by others);

(7) The efforts Deponent made to locate and produce the documents;

(8) The identities of all persons assisting with the search for responsive documents;

(9) Whether any responsive documents were withheld on any ground;

(10) Whether any responsive documents have been destroyed, and if so, when and for what reason or pursuant to what policy or instruction;

(11) Whether any documents that should have been found were missing, and if so, the reasons that the documents were missing; and

(12) Whether any of the instructions provided in EXHIBIT B were not followed, and if so, which instructions were not followed and the reasons for any and all departures from the instructions.

**EXHIBIT B**

**I. <u>DEFINITIONS</u>**

As used herein, unless otherwise indicated:

1.     "Communication" means any transmittal of information, of any kind, without regard to whether such information was transmitted orally, in writing, electronically, visually, or by any other means.

2.     "Debtors" shall mean shall mean the following entities and their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of any of the Debtors, including any attorneys, advisors, or consultants:

- Heritage Land Company, LLC
- Tick, LP
- Glynda, LP
- Chalkline, LP
- Batcave, LP
- Jackknife, LP
- Wallboard, LP
- Overflow, LP
- Rhodes Companies, LLC
- Rhodes Ranch GP
- Tuscany Acquisitions, LLC
- Tuscany Acquisitions II, LLC
- Tuscany Acquisitions III, LLC
- Tuscany Acquisitions VI, LLC
- Rhodes Design and Development Corp.
- C&J Holdings, Inc.
- Rhodes Realty, Inc.
- Jarupa LLC
- Elkhorn Investments, Inc.
- Elkhorn Partners, LP
- Tuscany Golf Country Club, LLC
- Rhodes Homes Arizona, LLC
- Pinnacle Grading, LLC
- Rhodes Arizona Properties, LLC
- Tribes Holdings LLC

- 1 -

- Six Feathers LLC
- Bravo, Inc.
- Gung-Ho Concrete, LLC
- Geronimo Plumbing, LLC
- Arapahoe Cleaning, LLC
- Apache Framing, LLC

3.　　"Document" means all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements, records of inventory, financial and/or accounting records, catalogues, trade journals, and any other documented or recorded information.  The term "document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method.  The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

4.　　"Entity" or "Entities" shall mean the following entities, their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other

- 2 -

persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of any of the Entities, including any attorneys, advisors, or consultants:

- Harmony Homes, Inc.
- Harmoney Homes, LLC
- Sagebrush Enterprises, Inc.
- Sedora Holdings, LLC
- Westward Crossing, LLC
- Pinnacle Equipment Rental, LLC
- Rhodes Ranch Golf, Inc.
- Rhodes Ranch Golf and Country Club
- Tropicana Durango Investments, Inc.
- Tropicana Durango, Ltd I
- Dirt Investments, LLC
- Spirit Underground, LLC
- Desert Communities, Inc.
- Custom Quality Homes, LLC
- Canberra Holdings, LLC
- Underground Technologies, LLC
- South Dakota Aggregate and Engineering, LLC
- Freedom Underground, LLC
- Rhodes Ranch, LLC
- James M. Rhodes Dynasty Trust 1
- James M. Rhodes Dynasty Trust 2
- JMRCIET
- Truckee Springs Holdings, Inc.
- Gypsum Resources, LLC
- Tulare Springs Holdings, Inc.
- Tock, LP
- Tapemeasure, LP
- Rule, LLC
- Joshua Choya, LLC
- American Land Management, LLC
- South Dakota Conservancy, LLC
- Meridian Land Company, LLC
- Yucca Land Company, LLC
- Wasatch Ave, LLC
- Escalante-Zion Investments, LLC
- HH Trust
- Jerico Trust

- 3 -

5.      "Evidencing" means constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

6.      "Identify" or "identity" with respect to a natural person requires that the following information be provided for each such person:

(a)     the name of the person;

(b)     the last known home address, business address and/or telephone number of each person.

7.      "Identify" or "identity" with respect to a person other than a natural person (e.g., corporation, partnership, unincorporated joint venture, sole proprietorship, subchapter S corporation) requires that the following information be provided for each such person:

(a)     the name of the person;

(b)     the last known address and telephone number of that person's headquarters or principal place of business.

8.      "Identify" or "identity" with respect to a document means to state the date and author of the document, the type of document (e.g., letter, memorandum, telegram, chart), the addressee or intended recipient, a summary of its contents or other means of identifying the document, and the present location and custodian of the document.  Alternatively, in lieu of the foregoing identification, the document may be produced along with an identification of the interrogatory to which it is responsive.  If any such document was, but is no longer, in the possession, custody, or control of Yuma Title or Yuma Title's attorneys or agents, state what disposition was made of it and the date of such disposition.  With respect to document identification, documents prepared subsequent to or prior to the time period specified in these

- 4 -

interrogatories but which relate or refer to such time or period are to be included in your response.

9.      "Identify" or "identity" with respect to a communication, written or oral conversation, conference or meeting, means to identify all persons participating in or in attendance at the communication, conversation, conference or meeting, and to identify all documents recording, summarizing or otherwise arising from the communication, conversation, conference or meeting in accordance with the definitions stated above.  In addition, "identify" or "identity" with respect to a communication, conversation, conference or meeting means to state in detail its purpose, all subjects discussed, the method(s) of communication.

10.  "Individual" or "Individuals" shall mean the following individuals:

- James M. Rhodes
- Glynda Rhodes
- John Rhodes
- Paul Huygens

11.      "Person" means an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity. "Person" means the plural as well as the singular.

12.      "Relating or referring" and/or "relate or refer" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

13.      "Yuma Title" shall refer to Yuma Title and its predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees,

APPDX 185

attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of Yuma Title, including any attorneys, advisors, or consultants

14.    "You" or "your" refers to Yuma Title (as defined above) and its employees, officers, agents, subsidiaries, affiliates and all other persons acting, understood to act, or purporting to act on its behalf or under its direction or control.

## II. <u>INSTRUCTIONS</u>

1.    The following document requests are to be responded to fully, by furnishing all information in your possession, custody or control.  Your having possession, custody, or control of a document includes your having a right, superior to other parties, to compel the production of such document from a third party, such as your agent, employee, representative, or, unless privileged, attorney.

2.    If any document requested herein has been lost, discarded, or destroyed, the document so lost, discarded or destroyed should be identified as completely as possible, including without limitation, the date the document was lost, discarded, or destroyed, the manner in which the document was lost, discarded, or destroyed, the reason(s) the document was lost, discarded, or destroyed, the person who authorized that the document be destroyed or discarded, and the person who lost, discarded, or destroyed the document.

3.    If you cannot produce a document because it no longer exists or is no longer in your possession, custody, or control, please identify that document by:  (a) its title; (b) its nature (for example, a "letter" or "e-mail"); (c) the date it was created or sent; (d) its author(s) and signator(y/ies); (e) any of its recipient(s); (f) the last place it was known to have been located; (g) the circumstances under which it ceased to exist or passed from your possession, custody, or

APPDX 186

control; and (h) the identity and last known residence and business address of any person who had knowledge of its existence and location.

4.  Produce the original, as well as all non-identical duplicates or copies and/or drafts, of all requested documents in your possession, in the possession of your agents, attorneys, accountants or employees, or which are otherwise within your custody, control, or access, wherever located. A document with handwritten notes, editing marks, etc., is not identical to one without such notes or marks and therefore must be produced if within the scope of documents requested.

5.  Produce each requested document in its entirety, including all attachments and enclosures, even if only a portion of the document is responsive to the request.

6.  If you withhold from production any document (or portion of any document) that is otherwise responsive to a request on the basis of a claim of privilege, work product, or other ground, you must provide sufficient information regarding the withheld document to permit the Court and the parties to evaluate the propriety of your objection. Specifically, you must identify: (a) the name and title of the author(s) of the document; (b) the name and title of each person to whom the document was addressed; (c) the name and title of each person to whom the document was distributed; (d) the name and title of each person to whom the document was disclosed, in whole or in part; (e) the type of document (e.g., "memorandum" or "report"); (f) the subject matter of the document; (g) the purpose(s) of the document; (h) the date on the document and, if different, the date on which the document was created and/or sent; (i) the number of pages of the document; (j) the specific request herein to which the document is responsive; (k) the nature of the privilege(s) asserted as to the document; and (l) a detailed, specific explanation as to why the

APPDX 187

document is privileged or otherwise immune from discovery, including a presentation of all factual grounds and legal analyses.

7.     If any requested document cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

8.     Please produce each specified document either (a) in the original file or organizational system in which it is regularly maintained or organized or (b) designate which documents are being produced in response to which of the numbered specifications below. Produce the requested documents either in their original file folders or appended to a copy of any writing on the file folders from which the documents are taken.

9.     Identify each document produced by the paragraph number of this schedule to which it is responsive. If a document is produced in response to more than one request, it is sufficient to identify only the first request to which the document is responsive.

10.     All electronically stored information must be produced in the same form or forms in which it is ordinarily maintained. Specifically, all electronically stored information must be produced in its native format, so that the metadata can be accessed.

11.     Unless otherwise specified, the relevant time period for this request is from January 1, 2004 through and including the present.

12.     This request is a continuing one that calls for the supplemental or additional production of documents if any defendant or its counsel obtains supplemental or additional documents.

13.     In responding to the requests below: (a) the disjunctive shall also be read to include the conjunctive and vice versa; (b) "including" shall be read to mean "including without limitation;" (c) the singular shall also be read to include the plural and vice versa; (d) the present

- 8 -

shall also be read as if the past tense and vice versa; (e) "any" shall be read to include "all" and vice versa; and (f) "and" shall be read to include "or" and vice versa.

## III.  DOCUMENTS

YOU ARE REQUESTED to produce the documents set forth below:

1.      All documents and communications referring or relating to any funds You received from any of the Debtors, either personally, as an escrow agent, or otherwise.

2.      All documents and communications referring or relating to any funds You received from any of the Entities, either personally, as an escrow agent, or otherwise.

3.      All documents and communications referring or relating to any funds You received from any of the Individuals, either personally, as an escrow agent, or otherwise.

4.      All documents and communications referring or relating to any services or work performed by You for any of the Entities, including but not limited to title searches.

5.      All documents and communications referring or relating to payment for any services or work performed by You for any of the Entities, including but not limited to all timekeeping records, bills, invoices, and records of payments.

6.      All documents and communications referring or relating to any services or work performed by You for any of the Debtors, including but not limited to title searches.

7.      All documents and communications referring or relating to payment for any services or work performed by You for any of the Debtors, including but not limited to all timekeeping records, bills, invoices, and records of payments.

8.      All documents and communications referring or relating to any services or work performed by You for any of the Individuals, including but not limited to title searches.

APPDX 189

9.     All documents and communications referring or relating to payment for any services or work performed by You for any of the Individuals, including but not limited to all timekeeping records, bills, invoices, and records of payments.

10.     All documents and communications referring or relating to any and all real property interests held by any of the Entities in either the past or the present.

11.     All documents and communications referring or relating to any and all real property interests held by any of the Debtors in either the past or the present.

12.     All documents and communications referring or relating to any and all real property interests held by any of the Individuals in either the past or the present.

13.     All documents and communications referring or relating to any communications between You and any of the Individuals.

14.     All documents and communications referring or relating to any communications between You and any of the Debtors.

15.     All documents and communications referring or relating to any communications between You and any of the Entities.

16.     All documents and communications referring or relating to any transactions entered into by the Entities, including but not limited to:

      a.   Communications to and from the Entities, attorneys representing the Entities, or any other representative of the Entities;

      b.   Communications to and from the Debtors, attorneys representing the Debtors, or any other representative of the Debtors;

      c.   Communications to and from the Individuals, attorneys representing the Individuals, or any other representative of the Individuals;

- 10 -

   d.  Communications to and from any potential or actual appraisal firms;

   e.  Documents and communications referring or relating to the valuation or appraisal of any and all real property interests involved in the transaction;

   f.  Communications to and from any and all other potential or actual title companies;

   g.  Documents and communications referring or relating to the title of any real property interests involved in the transaction;

   h.  Communications to and from any and all potential or actual accountants, auditors, accounting firms, and auditing firms;

   i.  Documents and communications referring or relating to the financial condition, valuation, or financial records of any and all Entities, Debtors, and Individuals involved in the transaction;

   j.  Documents or communications referring or relating to any legal opinion or analysis on or regarding the legality of the transaction;

   k.  Closing statements referring or relating to the transaction; and

   l.  Documents or communications referring or relating to any parcels of real property involved in the transaction.

17.    All documents and communications referring or relating to any transactions entered into by the Debtors, including but not limited to:

   a.  Communications to and from the Entities, attorneys representing the Entities, or any other representative of the Entities;

   b.  Communications to and from the Debtors, attorneys representing the Debtors, or any other representative of the Debtors;

- 11 -

c.   Communications to and from the Individuals, attorneys representing the Individuals, or any other representative of the Individuals;

d.   Communications to and from any potential or actual appraisal firms;

e.   Documents and communications referring or relating to the valuation or appraisal of any and all real property interests involved in the transaction;

f.   Communications to and from any and all other potential or actual title companies;

g.   Documents and communications referring or relating to the title of any real property interests involved in the transaction;

h.   Communications to and from any and all potential or actual accountants, auditors, accounting firms, and auditing firms;

i.   Documents and communications referring or relating to the financial condition, valuation, or financial records of any and all Entities, Debtors, and Individuals involved in the transaction;

j.   Documents or communications referring or relating to any legal opinion or analysis on or regarding the legality of the transaction;

k.   Closing statements referring or relating to the transaction; and

l.   Documents or communications referring or relating to any parcels of real property involved in the transaction.

18.   All documents and communications referring or relating to any transactions entered into by the Individuals, including but not limited to:

a.   Communications to and from the Entities, attorneys representing the Entities, or any other representative of the Entities;

- 12 -

b. Communications to and from the Debtors, attorneys representing the Debtors, or any other representative of the Debtors;

c. Communications to and from the Individuals, attorneys representing the Individuals, or any other representative of the Individuals;

d. Communications to and from any potential or actual appraisal firms;

e. Documents and communications referring or relating to the valuation or appraisal of any and all real property interests involved in the transaction;

f. Communications to and from any and all other potential or actual title companies;

g. Documents and communications referring or relating to the title of any real property interests involved in the transaction;

h. Communications to and from any and all potential or actual accountants, auditors, accounting firms, and auditing firms;

i. Documents and communications referring or relating to the financial condition, valuation, or financial records of any and all Entities, Debtors, and Individuals involved in the transaction;

j. Documents or communications referring or relating to any legal opinion or analysis on or regarding the legality of the transaction;

k. Closing statements referring or relating to the transaction; and

l. Documents or communications referring or relating to any parcels of real property involved in the transaction.

# United States Bankruptcy Court
### DISTRICT OF NEVADA

IN RE:

THE RHODES COMPANIES, LLC,
  Aka "Rhodes Homes", *et al.*,

           **DEBTORS.**

AFFECTS: ALL DEBTORS

**SUBPOENA FOR RULE 2004 EXAMINATION**

CASE NO.   BK-S-09-14814-LBR
JOINTLY ADMINISTERED
CHAPTER 11

TO:  Alvarez & Marsal North America, LLC.
     By and Through Its Registered Agent:
     CSC Services of Nevada, Inc.
     2215-B Renaissance Drive
     Las Vegas, NV 89119

**X** YOU ARE COMMANDED to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, pursuant to the attached court order, regarding the following topics at the place, date and time specified below:

### SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY | | | DATE AND TIME |
|---|---|---|---|
| LAW OFFICE OF BRIAN D. SHAPIRO<br>400 E. BONNEVILLE, SUITE 300<br>LAS VEGAS, NEVADA 89101 | OR | SUCH OTHER AGREED<br>UPON LOCATION | September 22, 2011 at 10:00 A.M.<br>Or such other mutually<br>agreeable date and/or time |

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

### SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED

| PLACE | | | DATE |
|---|---|---|---|
| LAW OFFICE OF BRIAN D. SHAPIRO<br>400 E. BONNEVILLE, SUITE 300<br>LAS VEGAS, NEVADA 89101 | OR | SUCH OTHER AGREED<br>UPON LOCATION | September 22, 2011<br>Or such other mutually<br>agreeable date |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]*<br>Counsel for the Litigation Trust of The Rhodes Companies, LLC, et al. | August 31, 2011 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

JACOB J. ROBERTS
DIAMOND MCCARTHY LLP
909 FANNIN, 15TH FLOOR
HOUSTON, TEXAS 77010
(713) 333-5100

{00365037;}

| DATE: | PLACE: |
|---|---|

SERVED:

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

Date            Signature of Server

_____

Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}

## EXHIBIT A

The topics of examination under Federal Rule of Bankruptcy Procedure 2004 shall include:

(1)     Your policies, if any, regarding document destruction and retention, and how those policies were applied to the documents requested in EXHIBIT B (the "documents");

(2)     How and where the documents are kept and filed;

(3)     Whether the documents are kept in the ordinary and usual course of your business;

(4)     How the documents came to be created, including the identities (specifically or by category) of the persons creating them;

(5)     Whether the persons creating the documents had personal knowledge of the matters stated in the documents, or created from them information transmitted by someone with such knowledge;

(6)     Whether it was the regular practice of Deponent to create the documents (or keep a file of the documents, if created by others);

(7)     The efforts Deponent made to locate and produce the documents;

(8)     The identities of all persons assisting with the search for responsive documents;

(9)     Whether any responsive documents were withheld on any ground;

(10)   Whether any responsive documents have been destroyed, and if so, when and for what reason or pursuant to what policy or instruction;

(11)   Whether any documents that should have been found were missing, and if so, the reasons that the documents were missing; and

(12)   Whether any of the instructions provided in EXHIBIT B were not followed, and if so, which instructions were not followed and the reasons for any and all departures from the instructions.

## EXHIBIT B

## I. DEFINITIONS

As used herein, unless otherwise indicated:

1.      "Communication" means any transmittal of information, of any kind, without regard to whether such information was transmitted orally, in writing, electronically, visually, or by any other means.

2.      "Debtors" shall mean shall mean the following entities and their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of any of the Debtors, including any attorneys, advisors, or consultants:

- Heritage Land Company, LLC
- Tick, LP
- Glynda, LP
- Chalkline, LP
- Batcave, LP
- Jackknife, LP
- Wallboard, LP
- Overflow, LP
- Rhodes Companies, LLC
- Rhodes Ranch GP
- Tuscany Acquisitions, LLC
- Tuscany Acquisitions II, LLC
- Tuscany Acquisitions III, LLC
- Tuscany Acquisitions VI, LLC
- Rhodes Design and Development Corp.
- C&J Holdings, Inc.
- Rhodes Realty, Inc.
- Jarupa LLC
- Elkhorn Investments, Inc.
- Elkhorn Partners, LP
- Tuscany Golf Country Club, LLC
- Rhodes Homes Arizona, LLC
- Pinnacle Grading, LLC
- Rhodes Arizona Properties, LLC
- Tribes Holdings LLC

- 1 -

- Six Feathers LLC
- Bravo, Inc.
- Gung-Ho Concrete, LLC
- Geronimo Plumbing, LLC
- Arapahoe Cleaning, LLC
- Apache Framing, LLC

3.      "Document" means all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements, records of inventory, financial and/or accounting records, catalogues, trade journals, and any other documented or recorded information.  The term "document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method.  The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

4.      "Entity" or "Entities" shall mean the following entities, their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other

- 2 -

persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of any of the Entities, including any attorneys, advisors, or consultants:

- Harmony Homes, Inc.
- Harmoney Homes, LLC
- Sagebrush Enterprises, Inc.
- Sedora Holdings, LLC
- Westward Crossing, LLC
- Pinnacle Equipment Rental, LLC
- Rhodes Ranch Golf, Inc.
- Rhodes Ranch Golf and Country Club
- Tropicana Durango Investments, Inc.
- Tropicana Durango, Ltd I
- Dirt Investments, LLC
- Spirit Underground, LLC
- Desert Communities, Inc.
- Custom Quality Homes, LLC
- Canberra Holdings, LLC
- Underground Technologies, LLC
- South Dakota Aggregate and Engineering, LLC
- Freedom Underground, LLC
- Rhodes Ranch, LLC
- James M. Rhodes Dynasty Trust 1
- James M. Rhodes Dynasty Trust 2
- JMRCIET
- Truckee Springs Holdings, Inc.
- Gypsum Resources, LLC
- Tulare Springs Holdings, Inc.
- Tock, LP
- Tapemeasure, LP
- Rule, LLC
- Joshua Choya, LLC
- American Land Management, LLC
- South Dakota Conservancy, LLC
- Meridian Land Company, LLC
- Yucca Land Company, LLC
- Wasatch Ave, LLC
- Escalante-Zion Investments, LLC
- HH Trust
- Jerico Trust

5.    "Evidencing" means constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

6.    "Identify" or "identity" with respect to a natural person requires that the following information be provided for each such person:

(a)    the name of the person;

(b)    the last known home address, business address and/or telephone number of each person.

7.    "Identify" or "identity" with respect to a person other than a natural person (e.g., corporation, partnership, unincorporated joint venture, sole proprietorship, subchapter S corporation) requires that the following information be provided for each such person:

(a)    the name of the person;

(b)    the last known address and telephone number of that person's headquarters or principal place of business.

8.    "Identify" or "identity" with respect to a document means to state the date and author of the document, the type of document (e.g., letter, memorandum, telegram, chart), the addressee or intended recipient, a summary of its contents or other means of identifying the document, and the present location and custodian of the document.  Alternatively, in lieu of the foregoing identification, the document may be produced along with an identification of the interrogatory to which it is responsive.  If any such document was, but is no longer, in the possession, custody, or control of A&M or A&M's attorneys or agents, state what disposition was made of it and the date of such disposition.  With respect to document identification,

- 4 -

documents prepared subsequent to or prior to the time period specified in these interrogatories but which relate or refer to such time or period are to be included in your response.

9.      "Identify" or "identity" with respect to a communication, written or oral conversation, conference or meeting, means to identify all persons participating in or in attendance at the communication, conversation, conference or meeting, and to identify all documents recording, summarizing or otherwise arising from the communication, conversation, conference or meeting in accordance with the definitions stated above.  In addition, "identify" or "identity" with respect to a communication, conversation, conference or meeting means to state in detail its purpose, all subjects discussed, the method(s) of communication.

10.  "Individual" or "Individuals" shall mean the following individuals:

- James M. Rhodes
- Glynda Rhodes
- John Rhodes
- Paul Huygens

11.      "Person" means an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity. "Person" means the plural as well as the singular.

12.      "Relating or referring" and/or "relate or refer" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

13.      "A&M" shall refer to Alvarez & Marsal North America, LLC and its predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers,

APPDX 201

directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of A&M, including any attorneys, advisors, or consultants

14.    "You" or "your" refers to A&M (as defined above) and its employees, officers, agents, subsidiaries, affiliates and all other persons acting, understood to act, or purporting to act on its behalf or under its direction or control.

## II. **INSTRUCTIONS**

1.    The following document requests are to be responded to fully, by furnishing all information in your possession, custody or control. Your having possession, custody, or control of a document includes your having a right, superior to other parties, to compel the production of such document from a third party, such as your agent, employee, representative, or, unless privileged, attorney.

2.    If any document requested herein has been lost, discarded, or destroyed, the document so lost, discarded or destroyed should be identified as completely as possible, including without limitation, the date the document was lost, discarded, or destroyed, the manner in which the document was lost, discarded, or destroyed, the reason(s) the document was lost, discarded, or destroyed, the person who authorized that the document be destroyed or discarded, and the person who lost, discarded, or destroyed the document.

3.    If you cannot produce a document because it no longer exists or is no longer in your possession, custody, or control, please identify that document by: (a) its title; (b) its nature (for example, a "letter" or "e-mail"); (c) the date it was created or sent; (d) its author(s) and signator(y/ies); (e) any of its recipient(s); (f) the last place it was known to have been located; (g) the circumstances under which it ceased to exist or passed from your possession, custody, or

- 6 -

control; and (h) the identity and last known residence and business address of any person who had knowledge of its existence and location.

4.      Produce the original, as well as all non-identical duplicates or copies and/or drafts, of all requested documents in your possession, in the possession of your agents, attorneys, accountants or employees, or which are otherwise within your custody, control, or access, wherever located.  A document with handwritten notes, editing marks, etc., is not identical to one without such notes or marks and therefore must be produced if within the scope of documents requested.

5.      Produce each requested document in its entirety, including all attachments and enclosures, even if only a portion of the document is responsive to the request.

6.      If you withhold from production any document (or portion of any document) that is otherwise responsive to a request on the basis of a claim of privilege, work product, or other ground, you must provide sufficient information regarding the withheld document to permit the Court and the parties to evaluate the propriety of your objection.  Specifically, you must identify: (a) the name and title of the author(s) of the document; (b) the name and title of each person to whom the document was addressed; (c) the name and title of each person to whom the document was distributed; (d) the name and title of each person to whom the document was disclosed, in whole or in part; (e) the type of document (e.g., "memorandum" or "report"); (f) the subject matter of the document; (g) the purpose(s) of the document; (h) the date on the document and, if different, the date on which the document was created and/or sent; (i) the number of pages of the document; (j) the specific request herein to which the document is responsive; (k) the nature of the privilege(s) asserted as to the document; and (l) a detailed, specific explanation as to why the

- 7 -

document is privileged or otherwise immune from discovery, including a presentation of all factual grounds and legal analyses.

7.     If any requested document cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

8.     Please produce each specified document either (a) in the original file or organizational system in which it is regularly maintained or organized or (b) designate which documents are being produced in response to which of the numbered specifications below. Produce the requested documents either in their original file folders or appended to a copy of any writing on the file folders from which the documents are taken.

9.     Identify each document produced by the paragraph number of this schedule to which it is responsive.  If a document is produced in response to more than one request, it is sufficient to identify only the first request to which the document is responsive.

10.     All electronically stored information must be produced in the same form or forms in which it is ordinarily maintained.  Specifically, all electronically stored information must be produced in its native format, so that the metadata can be accessed.

11.     Unless otherwise specified, the relevant time period for this request is from January 1, 2005 through and including the present.

12.     This request is a continuing one that calls for the supplemental or additional production of documents if any defendant or its counsel obtains supplemental or additional documents.

13.     In responding to the requests below: (a) the disjunctive shall also be read to include the conjunctive and vice versa; (b) "including" shall be read to mean "including without limitation;" (c) the singular shall also be read to include the plural and vice versa; (d) the present

- 8 -

shall also be read as if the past tense and vice versa; (e) "any" shall be read to include "all" and vice versa; and (f) "and" shall be read to include "or" and vice versa.

## III.  DOCUMENTS

YOU ARE REQUESTED to produce the documents set forth below:

1.      All documents and communications referring or relating to the Debtors.

2.      All documents and communications referring or relating to the Entities.

3.      All documents and communications referring or relating to the Individuals.

4.      All documents and communications referring or relating to any services or work performed by You for any of the Entities.

5.      All documents and communications referring or relating to payment for any services or work performed by You for any of the Entities, including but not limited to all timekeeping records, bills, invoices, and records of payments.

6.      All documents and communications referring or relating to any services or work performed by You for any of the Debtors.

7.      All documents and communications referring or relating to payment for any services or work performed by You for any of the Debtors, including but not limited to all timekeeping records, bills, invoices, and records of payments.

8.      All documents and communications referring or relating to any services or work performed by You for any of the Individuals.

9.      All documents and communications referring or relating to payment for any services or work performed by You for any of the Individuals, including but not limited to all timekeeping records, bills, invoices, and records of payments.

APPDX 205

10.    All documents and communications referring or relating to any and all real property interests held by any of the Entities in either the past or the present.

11.    All documents and communications referring or relating to any and all real property interests held by any of the Debtors in either the past or the present.

12.    All documents and communications referring or relating to any and all real property interests held by any of the Individuals in either the past or the present.

13.    All documents and communications referring or relating to any funds You received from any of the Debtors.

14.    All documents and communications referring or relating to any funds You received from any of the Entities.

15.    All documents and communications referring or relating to any funds You received from any of the Individuals.

1    Kevin N. Anderson (SBN 4512)
     David R. Hague (Pro Hac Vice)
2    FABIAN & CLENDENIN
     215 South State Street, Suite 1200
3    Salt Lake City, Utah 84111-2323
     Telephone:    801-531-8900
4    Facsimile:    801-596-2814
     Email:     kanderson@fabianlaw.com
5              dhague@fabianlaw.com

6    *Attorneys for James M. Rhodes*

7

8                **UNITED STATES BANKRUPTCY COURT**

9                     **DISTRICT OF NEVADA**

10   In re:                               Case No.: 09-14814-LBR
                                          (Jointly Administered)
11   THE RHODES COMPANIES, LLC, aka
     "Rhodes Homes," *et al.*,            Chapter 11
12
                                          **JAMES RHODES' NOTICE OF**
13              Reorganized Debtors       **APPEAL**

14

15

16   ☒ Affects all Debtors

17   ☐ Affects the following Debtors

18

19          Pursuant to 28 U.S.C. § 158(a), Fed. R. Bankr. P. 8001 *et seq.*, and Local Rule 8001 *et*

20   *seq.*, James M. Rhodes ("**Rhodes**"), through counsel, hereby appeals from the *Order Denying*

21   *Motion to Quash Rule 2004 Examination and Corresponding Subpoenas* (the "**Order**") entered in

22   this case by the Honorable Linda B. Riegle on October 12, 2011 [Docket No. 1570], a true and

23   correct copy of which is attached hereto.

24          The names of all parties to the Order appealed from and the names, addresses, and

25   telephone numbers of their respective attorneys are as follows:

26

| **Party** | **Attorneys** |
|---|---|
| *The Litigation Trust of The Rhodes Companies, LLC, et al.* | Eric D. Madden<br>Michael J. Yoder<br>Jacob J. Roberts<br>Diamond McCarthy LLP<br>1201 Elm Street, 34th Floor<br>Dallas, Texas 75270<br>Telephone No. (214) 389-5300<br>Facsimile No. (214) 389-5399<br>E-Mail: emadden@diamondmccarthy.com<br>myoder@diamondmccarthy.com<br>jroberts@diamondmccarthy.com |
| | Brian D. Shapiro<br>Law Office of Brian Shapiro<br>400 E. Bonneville, Suite 300<br>Las Vegas, Nevada 89101<br>Telephone No. (702) 386-8600<br>Facsimile No. (702) 383-0994<br>E-mail: mail@brianshapirolaw.com |

Other interested parties to this appeal may include the following:

| | |
|---|---|
| *Reorganized Debtors* | Nile Leatham<br>Natalie M. Cox<br>Kolesar & Leatham, CHTD<br>3320 West Sahara Avenue, Suite 380<br>Las Vegas, Nevada 89102-3202<br>Telephone No. (702) 362-7800<br>Facsimile No. (702) 362-9472<br>E-Mail: nleatham@klnevada.com<br>ncox@klnevada.com |
| | Philip C. Dublin<br>Abid Qureshi<br>Meredith A. Lahaie<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036<br>Telephone No. (212) 872-1000<br>Facsimile No. (212) 872-1002<br>E-Mail: pdublin@akingump.com |

APPDX 208

1
                                                                    aqureshi@akingump.com

2
                                                                    mlahaie@akingump.com

3
*Subpoenaed Parties*                             UBS Financial Services Inc.
                                                         By and Through Its Registered Agent:

4
                                                           CSC Services of Nevada, Inc.

5
                                                           2215-B Renaissance Drive
                                                         Las Vegas, NV  89119

6
                                                           Chicago Title of Nevada, Inc.

7
                                                         By and Through Its Registered Agent:
                                                         Corporation Trust Company of Nevada

8
                                                         311 South Division Street
                                                       Carson City, NV  89703

9

10
                                                  Alvarez & Marshal North America, LLC
                                                       By and Through Its Registered Agent:

11
                                                         CSC Services of Nevada, Inc.

12
                                                         2215-B Renaissance Drive
                                                     Las Vegas, NV  89119

13
                                                  Santoro, Driggs, Walch, Kearney,
                                                   Holley & Thompson, Ltd.

14
                                                   Attn:  Any Officer or Director

15
                                                   400 South Fourth Street, 3rd Floor
                                                   Las Vegas, NV  89101

16

17
                                                  Nevada State Bank
                                                   By and Through Its Registered Agent:

18
                                                         CSC Services of Nevada, Inc.

19
                                                   2215-B Renaissance Drive
                                                   Las Vegas, NV  89119

20
                                                  Mutual of Omaha Bank

21
                                                   By and Through Its Registered Agent:
                                                   CSC Services of Nevada, Inc.

22
                                                   2215-B Renaissance Drive
                                                   Las Vegas, NV  89119

23

24
                                                  Town & Country Bank, Inc.
                                                   By and Through Its Registered Agent:

25
                                                  Philip M. Burns
                                                   8620 W. Tropicana Avenue

26
                                                  Las Vegas, NV  89103

APPDX 209

1

2    Alliance Mortgage, LLC
By and Through Its Registered Agent:

3    Sara M. Huchinson
11920 Southern Highlands Parkway, #101

4    Las Vegas, NV 89141

5    American Commonwealth Mortgage
Company

6    By and Through Its Registered Agent:
David J. Cabral

7    536 E. St. Louis Ave.

8    Las Vegas, NV 89104

9    Wells Fargo Bank, N.A.
By and Through Its Registered Agent:

10   CSC Services of Nevada, Inc.
2215-B Renaissance Drive

11   Las Vegas, NV 89119

12
BNY Mellon f/k/a The Bank of New York

13   Attn: Any Officer or Director
One Wall Street

14   New York, NY 10286

15
Transnation Title Agency

16   Attn: Any Officer or Director
1500 East Woolford Road

17   Show Low, AZ 85901

18
Stewart Title Company

19   By and Through Its Registered Agent:
Corporation Trust Company of Nevada

20   311 S. Division Street
Carson City, NV 89703

21
Yuma Title

22   Attn: Carrie Safranek, Manager
11611 S. Foothills Blvd., #A

23   Yuma, AZ 85367-5845

24

25

26

APPDX 210

American Express Company
By and Through Its Registered Agent:
Corporation Trust Company of Nevada
311 S. Division Street
Carson City, NV 89703

Stewart Occhipinti, LLP
Attn: Any Principal
65 West 36th Street, 7th Floor
New York, NY 10018

Security Title of Nevada, LLC
By and Through Its Registered Agent:
Corporation Trust Company of Nevada
311 S. Division Street
Carson City, NV 89703

Commerce Title Company
By and Through Its Registered Agent:
National Registered Agents, Inc.
2875 Michelle Drive, Suite 100
Irvine, CA 92606

Fidelity National Financial, Inc.
By and Through Its Registered Agent:
CT Corporation System
818 W. Seventh Street
Los Angeles, CA 90017

First American Title Company
By and Through Its Registered Agent:
Corporation Service Company
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

SMS Financial LLC
By and Through Its Registered Agent:
Resident Agents of Nevada, Inc.
711 S. Carson Street, Suite 4
Carson City, NV 89701

APPDX 211

1     Bancroft Susa & Galloway P.C.
      Attn: Paul D. Bancroft
2     3955 E. Ft. Lowell Drive, #115
      Tucson, AZ 85712
3

4     Gibson Dunn & Crutcher LLP
      Attn: Any Officer, Partner or Director
5     333 South Grand Avenue
      Los Angeles, CA 90071-3197
6

7     BofA ML Asset Holding
      f/k/a Merrill Lynch
8     By and Through Its Registered Agent:
      Corporation Trust Company of Nevada
9     311 South Division Street
      Carson City, NV 89703
10

11    Bank of Oklahoma
      Attn: Any Officer or Director
12    5727 S. Lewis Avenue
      Tulsa, OK 74105-7119
13

14    Consolidated Mortgage Company, LLC
      By and Through Its Registered Agent:
15    Shea & Carlyon Ltd.
      701 E. Bridger Avenue, Suite 850
16    Las Vegas, NV 89101

17    U.S. Trustee          Edward M. McDonald
                            Office of the U.S. Trustee
18                          300 Las Vegas Blvd., So. STE 4300
                            Las Vegas, Nevada 89101
19                          Telephone No. (702) 388-6600
                            E-Mail: edward.m.mcdonald@usdoj.gov
20

21

22

23

24

25

26

APPDX 212

DATED this 18th day of October, 2011.

                                        /s/ Kevin N. Anderson
                                        _____
                                        Kevin N. Anderson
                                        FABIAN & CLENDENIN
                                        215 South State Street, Suite 1200
                                        Salt Lake City, Utah 84111-2323
                                        Telephone No. (801) 531-8900
                                        E-Mail: kanderson@fabianlaw.com
                                        *Attorneys for James M. Rhodes*

APPDX 213

# EXHIBIT A



1

2 **Entered on Docket**
**October 12, 2011**

3 _____
**Hon. Linda B. Riegle**
**United States Bankruptcy Judge**

4

5

6

7

8 **UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

9

10 IN RE: | Case No. BK-09-14814-LBR
| (Jointly Administered)

11 THE RHODES COMPANIES, LLC,
Aka "Rhodes Homes", *et al.,* | Chapter 11

12 Reorganized Debtors.[1] | **ORDER DENYING MOTION TO QUASH**
**RULE 2004 EXAMINATION AND**
13 Affects: | **CORRESPONDING SUBPOENAS**
☒ All Debtors |
14 ☐ The following Debtor(s) | Hearing Date: October 5, 2011
| Hearing Time: 9:30 a.m.
15

16

17 Upon consideration of the Motion to Quash Rule 2004 Examination and Corresponding

18 Subpoenas and/or Protective Order (the "Motion") filed by James M. Rhodes ("Rhodes"); the

19 Response filed by the Litigation Trust of the Rhodes Companies, LLC, *et al.* (the "Litigation

20

21

22 _____
[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if
23 applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General
Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189);
24 Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC
90206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC
25 (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Ralty,
Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona
26 Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada
Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache
Framing, LLC (6352); Tuscany Golf Country Clubb, LLC (7132); Pinnacle Grading, LLC (4838).

Trust"); the other related papers and pleadings filed in these jointly administered bankruptcy cases; and the arguments of counsel; it is hereby

ORDERED that the Motion is hereby DENIED.

Prepared by:

**DIAMOND MCCARTHY LLP**                    **LAW OFFICE OF BRIAN SHAPIRO**

By: _____*/s/ Jacob J. Roberts*_____        By: _____*/s/ Brian D. Shapiro*_____
Eric D. Madden, (*pro hac vice*)                Brian D. Shapiro, NV Bar No. 5772
Michael J. Yoder (*pro hac vice* pending)       400 E. Bonneville, Suite 300
Jacob J. Roberts (*pro hac vice*)               Las Vegas, Nevada 89101
1201 Elm Street, 34th Floor                     Phone:  702-386-8600
Dallas, Texas 75270                             Facsimile:  702-383-0994
Phone:  214-389-5300
Facsimile:  214-389-5399                         *Local Counsel for the Litigation Trust of*
                                                 *Rhodes Companies, LLC, et al.*
*Counsel for the Litigation Trust of*
*The Rhodes Companies, LLC, et al.*

### ###

2

APPDX 216

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

<u>CERTIFICATION PURSUANT TO LOCAL RULE 9021</u>

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

_____    The Court has waived the requirement of approval under LR 9021

_____    No parties appeared or filed written objections, and there is no trustee appointed in the case.

__X__    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document.]

Kevin N. Anderson        Approved */s/ Kevin Anderson*

DATED:  October 7, 2011

*/s/ Michael J. Yoder*
Michael J. Yoder

3

APPDX 217

1

```
 1                UNITED STATES BANKRUPTCY COURT

 2                    DISTRICT OF NEVADA

 3                    LAS VEGAS, NEVADA

 4   In re:  THE RHODES COMPANIES,    )  E-Filed:  10/04/11
     LLC,                            )
 5                                   )
                Debtor.             )  Case No.
 6                                   )  BK-S-09-14814-LBR
     _____)  Chapter 11
 7

 8

 9

10

11               TRANSCRIPT OF PROCEEDINGS
                          OF
12             HEARING RE: MOTIONS
                      VOLUME 1
13        BEFORE THE HONORABLE LINDA B. RIEGLE
              UNITED STATES BANKRUPTCY JUDGE
14
              Tuesday, September 27, 2011
15
                      10:30 a.m.
16

17

18

19

20

21

22

23   Court Recorder:        Deborah Hemstreet

24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.
```

```
 1              THE COURT:  I can't hear you.

 2              THE CLERK:  You're going to hear --

 3              THE COURT:  Yes.

 4              THE CLERK:  -- the trial December 5th?  Okay.

 5              THE COURT:  Okay.  Thank you.

 6              THE CLERK:  Thank you.

 7         All rise.

 8         (Recess at 11:46:54 a.m.)

 9         (Court reconvened at 11:49:04 a.m.)

10              THE COURT:  Be seated.

11         (Colloquy not on the record.)

12              THE COURT:  Sorry.  I forgot the motion to quash and

13    look on these shortened times.  Just because you're going to be

14    here on a certain day doesn't mean that you think you can

15    shorten time on stuff four days in advance.

16         That's why I put this for a status only.  It's nonsense,

17    and it's nuts because we never get good responses when things

18    are on shortened time, so don't do it again.  Okay.

19         On the motion to quash, when do you want to argue it?  I

20    want a reply.  I guess I just got the reply today.

21              MR. HAGUE:  Whatever works for this Court.  All we

22    would have left to file would be our response, and I know

23    there's other objections now that have objected to this, and I

24    don't know if the Court would prefer to have this all together.

25    I know there's two other parties here today.
```

1          THE COURT:  Yeah.

2          MR. HAGUE:  And --

3          THE COURT:  That's why I think motions to shorten

4    time in this area are stupid.

5          MR. HAGUE:  Your Honor --

6          THE COURT:  And they didn't consent to it, either.

7          MR. HAGUE:  Your Honor, the only reason we did it was

8    to try to get before the Court, so we could get something laid

9    out because of the extent of the subpoenas.

10         THE COURT:  I understand.  But to ask for four-days'

11   notice, you knew this was happening weeks ago.

12         MR. HAGUE:  Your Honor, we filed the motion for

13   shortening time the day we filed for the subpoena which was

14   immediately.  I apologize to this Court, but that's what we

15   did.

16         THE COURT:  Okay.  All right.  Two weeks, is that

17   sufficient?  I want responses.  I want it all together.  Is

18   that sufficient?  Let me know.

19         MR. HAGUE:  No.  I think that we need more time than

20   two weeks.

21         THE COURT:  Okay.

22         MR. HAGUE:  I'd say a month.

23         THE COURT:  Okay.  Now, does that affect the

24   discovery for the trial?

25         MS. LAHAIE:  Your Honor, you're looking over here,

```
 1    but I believe the matter is being handled by Litigation Trust

 2    counsel on the phone.  I'm not sure if they're still on.

 3              THE CLERK:  They're not.  I already hung up.

 4              MS. LAHAIE:  Okay.  Your Honor, this is not a matter

 5    that Akin, Gump --

 6              THE COURT:  Okay.

 7              MS. LAHAIE:  -- is handling.

 8              MR. HAGUE:  Your Honor, just so I understand, though,

 9    if we're on the same page, they have their subpoenas.  We have

10    our objection and motion to quash.  Other parties do as well.

11         They have filed their reply I think just to my motion to

12    quash, not to these others, and now you're asking that we all

13    file replies within a month and have a hearing here within a

14    month?  I --

15              THE COURT:  You all have --

16              MR. HAGUE:  I don't understand.

17              THE COURT:  -- a hearing in month.

18         Well, get them on the phone.

19         (Pause at 11:51:06 p.m.)

20         (Colloquy not on the record.)

21         (Pause concluded at 11:52:33 p.m.)

22              THE COURT:  Well, you know, are they back on?  No?

23         Also, well, where is the certificate that you attempted to

24    confer in good faith --

25              MR. HAGUE:  We filed it with the court.
```

1          THE COURT:  -- before you filed this?

2          MR. HAGUE:  Yeah.  It was just filed with the court.

3  You're talking about on our motion to expedite?

4          THE COURT:  Right.

5          MR. HAGUE:  Yeah.  It's there.

6          THE COURT:  No.  Your good faith under the discovery

7  rules.

8          MR. HAGUE:  We filed the attorney-acknowledgement

9  form.  I thought that's what we were supposed to file.

10          THE COURT:  But under the Federal Rules of Discovery,

11  you're supposed to attempt to confer in good faith.

12          MR. HAGUE:  We did, your Honor, and we put that in

13  the attorney acknowledgement.  We said that we called counsel

14  and asked if they would be willing to have this hearing today.

15          THE COURT:  That's a separate issue.

16          MR. HAGUE:  Then what issue are you --

17          THE COURT:  Under the discovery rules, you're

18  supposed to confer in good faith before you bring motions to

19  quash.  Did you do that?

20          MR. HAGUE:  Yes, we did.  We did it on a call.  We

21  had a conference call with them.

22          THE COURT:  And did you attempt to resolve anything?

23          MR. HAGUE:  Yes, we did.  It was with the

24  Litigation Trust, the firm out of Texas.

25          THE COURT:  All right.  Well, let's set this hearing

1    for next week.  When did the other parties file their

2    objections and who filed?  I don't see any on -- well, I can't

3    tell.  I can't get on.

4                THE CLERK:  All right.  Thank you.

5                MR. HAGUE:  Your Honor, they filed.  It's Document

6    No. 1555, and I think it's just in response to --

7                THE COURT:  No, no, no, no, no.  You told me other

8    entities have now filed objections to the motion to quash.  Who

9    else --

10               MR. HAGUE:  Oh, I'm --

11               THE COURT:  -- has filed one?

12               MR. HAGUE:  I believe it's Omaha.  Is

13   it --

14               MR. GLOVER:  Your Honor, Chet Glover here on behalf

15   of Mutual of Omaha.  We filed an objection to the subpoena for

16   the 2004 exam.  That's Document 1547.

17               THE COURT:  But you didn't file a motion to quash.

18               MR. GLOVER:  We did not.

19               THE COURT:  Okay.

20               MR. GLOVER:  Yeah.

21               THE COURT:  So then I don't have your motion on, so

22   there's no motion to quash.

23               MR. GLOVER:  Correct, your Honor.

24               THE COURT:  Did anybody else file a motion to quash?

25               MR. THOMAS:  No, your Honor.

1        THE COURT:  All right.  Why did you tell me they had?

2        MR. HAGUE:  They filed an objection.  If I misspoke

3   and said a motion to quash, I apologize.  They filed an

4   objection.

5        THE COURT:  All right.  So we'll have a hearing next

6   week, then.  We'll have a hearing on October 5th at 9:30, and

7   I'm going to require presence of counsel, any counsel that

8   intends to argue.  All right.

9        Thank you.

10       And I suggest you try and work it out.

11       (Colloquy not on the record.)

12       THE CLERK:  All rise.

13       (Court concluded at 11:55:16 a.m.)

14

15

16

17

18

19

20

21

22

23

24

25

1        I certify that the foregoing is a correct transcript

2    from the electronic sound recording of the proceedings in

3    the above-entitled matter.

4

5

6    /s/ Lisa L. Cline                        10/04/11

7    _____      _____
     Lisa L. Cline, Transcriptionist              Date

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

LAS VEGAS, NEVADA

In re:  THE RHODES COMPANIES,     )  E-Filed:  10/21/11
LLC,                              )
                                  )
            Debtor.               )  Case No.
                                  )  BK-S-09-14814-LBR
_____ )  Chapter 11

TRANSCRIPT OF PROCEEDINGS
OF
HEARING RE: MOTIONS
VOLUME 1
BEFORE THE HONORABLE LINDA B. RIEGLE
UNITED STATES BANKRUPTCY JUDGE

Wednesday, October 5, 2011

9:30 a.m.

Court Recorder:        Deborah Hemstreet

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

```
 1    APPEARANCES:

 2    For The Litigation        MICHAEL J. YODER, ESQ.
      Trust of the Rhodes       Diamond McCarthy, LLP
 3    Companies, LLC:           Two Houston Center
                                909 Fannin Street
 4                              Fifteenth Floor
                                Houston, Texas 77010
 5
      For James M. Rhodes:      KEVIN N. ANDERSON, ESQ.
 6                              Fabian & Clendenin
                                215 South State Street
 7                              Suite 1200
                                Salt Lake City, Utah 84111
 8
      For Mutual of Omaha       CHET A. GLOVER, ESQ.
 9    Bank:                     Smith, Larsen & Wixom
                                1935 Village Center Circle
10                              Las Vegas, Nevada 89134

11    For Chicago Title         THOMAS A. RYAN, ESQ.
      Company, Fidelity         Fidelity National Law Group
12    National Title            3980 Howard Hughes Parkway
      Insurance Company,        Suite 230
13    and Security Title:       Las Vegas, Nevada 89169

14

15

16

17

18

19

20

21

22

23

24

25
```

3

```
1              (Court convened at 09:33:57 a.m.)
2              THE CLERK:  Bankruptcy court is now in session.
3         (Colloquy not on the record.)
4              THE COURT:  Be seated.
5         (Colloquy not on the record.)
6              THE COURT:  All right.  Rhodes Companies.
7         Appearances, please.
8              MR. YODER:  Michael Yoder on behalf of the
9    Litigation Trust of the Rhodes Companies, LLC, et al.
10             MR. ANDERSON:  Kevin Anderson on behalf of
11   Jim Rhodes.
12             MR. GLOVER:  Chet Glover on behalf of
13   Mutual of Omaha Bank.
14             MR. RYAN:  Good morning, your Honor.  Thomas Ryan
15   appearing on behalf of Chicago Title, Fidelity National Title,
16   and Security Title.
17             THE COURT:  Okay.  All right.  So let's go ahead.
18             MR. ANDERSON:  Your Honor, this is Mr. Rhodes' motion
19   to quash.
20             THE COURT:  Now, at the last hearing, I specifically
21   asked you if you had complied with the local and federal rules
22   which require a meet-and-confer before the motion's filed, and
23   you told me you had done that.
24             MR. ANDERSON:  Mr. Hague was here that day.  I was
25   not present.  But that said, I did make calls to Mr. Roberts
```

4

1    before we filed the motion.

2              THE COURT:  Where is that in any of the pleadings?

3              MR. ANDERSON:  I don't know that we filed a

4    declaration that that was done.  In response to the Court's

5    request and instruction after the last hearing, I did have a

6    fairly lengthy conversation with Mr. Yoder on behalf of the

7    Litigation Trust, you know, in an effort to try to resolve the

8    issues.

9              THE COURT:  So what was the context of your

10   conversation before the motion was filed?

11             MR. ANDERSON:  It was a very brief conversation that

12   we objected and were going to file the motion to quash.

13             THE COURT:  And I resent being lied to.  Your counsel

14   last time implied to me that you had met the requirements of

15   the local rule which requires -- and the federal rule.

16        Rule 7037 says, "Discovery motions will not be considered

17   unless a statement of moving counsel is attached certifying

18   that after consultation or effort to do so the parties have

19   been unable to resolve the matter without Court action."

20             MR. ANDERSON:  Well --

21             THE COURT:  And that implies -- and then the federal

22   rule requires a good-faith attempt.  None of this we're filing

23   the motion or else.  Where is your good-faith effort to consult

24   before you filed the motion?

25             MR. ANDERSON:  Well, Mr. Roberts' response was that

5

1   they weren't going to modify or change any of their subpoenas,

2   you know.  I mean, they were going forward no matter what.  We

3   had no alternative but to file the motion to quash.

4           THE COURT:  But where's the certificate about your

5   consultation?

6           MR. ANDERSON:  That we failed to include, your Honor.

7   I apologize.

8           THE COURT:  Well, I really feel like I have been

9   misled because counsel seemed to indicate there was a sincere

10  effort to try and resolve this before the motion was filed.

11          MR. ANDERSON:  Well --

12          THE COURT:  And he implied --

13          MR. ANDERSON:  -- I felt --

14          THE COURT:  -- to me that --

15          MR. ANDERSON:  -- like --

16          THE COURT:  -- why I couldn't find that in their

17  motion, and I was just crazy.

18          MR. ANDERSON:  And I feel like there was a sincere

19  effort, but I think both parties are fairly entrenched which is

20  evidenced by the fact that even in response and following the

21  hearing last -- was it last week -- you know, still the parties

22  are, you know, somewhat entrenched.

23      The Litigation Trust is apparently making accommodations

24  with some of the parties.  But the scope and extent of those

25  accommodations, you know, we're not entirely aware of.

1     The only party that I know that they have made no effort

2  to make any accomodation with is the Fabian & Clendenin law

3  firm which has filed a motion to quash and an objection up in

4  Utah.

5     We did receive the letters from them that they've

6  indicated to the Court that they sent advising parties not to

7  respond until first after the hearing last week and then after

8  this hearing.

9          THE COURT:  All right.

10     So, Mr. Yoder, do you know what attempts were made to

11  attempt to confer before the motion was filed?

12          MR. YODER:  Unfortunately, your Honor, Mr. Roberts

13  who had handled the initial call is not here today.  He just is

14  celebrating the birth of his first child over the weekend.

15          THE COURT:  Okay.

16          MR. YODER:  It is my understanding based on

17  conversations with him that the initial call was made regarding

18  whether or not we would consent to the order on the motion to

19  shortening time, not on the actual substance of the subpoenas

20  themselves for the initial one.

21     For the second attempt to meet and confer which occurred

22  last Friday, Mr. Anderson did call me.  We did have a lengthy

23  conversation.  We went back and forth.

24     We couldn't come to agreement on narrowing the subpoena in

25  terms of time or in terms of a limited number of just specific

1  transactions.

2      I offered to limit the subpoena if there were any

3  specific requests in each of the subpoenas that he had any

4  issue with.

5      We had provided a copy of each subpoena to Mr. Anderson,

6  and I didn't hear back from him on that proposal, and that the

7  reply was filed about an hour later.

8          THE COURT:  Well, I feel like I've been lied to.  And

9  before Mr. Anderson (sic) appears again, he'd better be ready

10  to explain his answers to me --

11          MR. ANDERSON:  Okay.

12          THE COURT:  -- and what attempts were really made.

13          MR. ANDERSON:  Well, I --

14          THE COURT:  Not Mr. Anderson.  I'm sorry.

15      You're Mr. Anderson.

16          MR. ANDERSON:  Mr. Hague.

17          THE COURT:  Mr. Hague.

18          MR. ANDERSON:  Yeah.  Well, I apologize.  There's

19  certainly no intent to mislead the Court.

20          THE COURT:  I mean, he was very adamant about it, and

21  the way he responded was sort of like I'm crazy.  It's

22  obviously here.  It's not.

23          MR. ANDERSON:  Well, and, again, you know, I think he

24  sincerely thought that it was there, but it --

25          THE COURT:  I doubt it.

```
 1            MR. ANDERSON:  It was an oversight.

 2            THE COURT:  I don't think he knew what I was talking

 3   about and pretended he did.

 4            MR. ANDERSON:  Well, I don't know.  I apologize

 5   again, your Honor.  Would you like me to address --

 6            THE COURT:  Go ahead.

 7            MR. ANDERSON:  -- the status of where we're at now?

 8            THE COURT:  All right.

 9            MR. ANDERSON:  Following my conversation with

10   Mr. Yoder, there are two things that are apparent to me.  The

11   first I think goes to, you know, the entire motion to quash.

12      It is very clear to me that the Litigation Trust has

13   specific litigation in mind.  In fact, Mr. Yoder told me they

14   have a complaint filed and -- I mean, not filed -- prepared and

15   ready to file articulating issues with specific transactions

16   and specific events that they're ready to go on.

17      That said, they wanted to do these broad, extremely

18   overinclusive subpoenas to try to get additional information to

19   perhaps search for additional causes of action or as he put it

20   to refine the scope of some of their transactions that they

21   have questions about.

22      That is an improper use of a Rule 2004 examination.  To

23   use it to support a litigation effort is an improper use of

24   Rule 2004.

25      What they should do is file their complaint, and then
```

1   let's go through the normal discovery process.  The

2   J&R Trucking case as in others say that Rule 2004 is not a tool

3   for discovery.

4       Their response to our motion is replete with we're trying

5   to do discovery.  We're trying to seek discovery here.  We're

6   trying to seek discovery of that.

7       That said and if the Court is willing to allow them to

8   proceed with the 2004 examinations, Mr. Yoder has all but

9   conceded to me on the phone -- and he has certainly conceded to

10  several of the parties with whom they claim to have negotiated

11  a reduction of the scope of the subpoenas -- that they have

12  conceded that the subpoenas are overlybroad.

13      These things are way out of line.  They point to,

14  for example, a couple of checks written to

15  Fabian & Clendenin.

16      Rather than asking about those specific events, they ask

17  for everything going back to January 2005, not only for any

18  debtor entities that Fabian & Clendenin may have represented,

19  but, also, all of the other nondebtor entities as well as

20  individuals who aren't even part of the bankruptcy like

21  Mr. Huygens.

22      Again, that's quite excessive.  They want personal diaries

23  of the attorneys.  They want --

24          THE COURT:  Well, didn't you tell me there's a

25  separate motion to quash for them someplace else?

1          MR. ANDERSON:  On the Fabian one, there is, but --

2          THE COURT:  Okay.

3          MR. ANDERSON:  But --

4          THE COURT:  So I don't want to hear about that.

5          MR. ANDERSON:  Well, that is replete.  Every one of

6   the law-firm subpoenas are identical except for the name of the

7   law firm.

8      Every one of the title-company subpoenas are identical

9   except for the names of the title companies.  Every one of the

10  financial-institution subpoenas are identical except for the

11  names.

12          THE COURT:  Well --

13          MR. ANDERSON:  There is no effort --

14          THE COURT:  -- how does Mr. Rhodes have standing to

15  object to a subpoena asking about transactions with

16  Mrs. Rhodes?

17          MR. ANDERSON:  One, he's a subject of a lot of these

18  subpoenas.  They are seeking his personal information.  And to

19  the extent that Rule 45 allows a party to object, he is a party

20  to the bankruptcy proceedings.

21      The Litigation Trust is well-aware of him.  We're

22  well-aware of the Litigation Trust.  We are a creditor in this

23  bankruptcy proceeding.

24      We have a pending proof-of-claim issue that we'll be

25  taking further evidence on in December before the Court.  Those

```
 1    issues haven't even been resolved.

 2        If Mr. Rhodes is not a party, then there is no party.  If

 3    somebody who is actively involved in disputes with --

 4            THE COURT:  But --

 5            MR. ANDERSON:  -- the bankruptcy --

 6            THE COURT:  But they're asking --

 7            MR. ANDERSON:  -- estate --

 8            THE COURT:  -- for documents involving her, so how

 9    does he have objection, a right to object?

10            MR. ANDERSON:  Well, they're asking for documents

11    relating to him.

12            THE COURT:  I understand, but you just told me that

13    it's overbroad because they're asking about documents for other

14    people.

15            MR. ANDERSON:  Other people and for him.  I mean,

16    it --

17            THE COURT:  I understand.

18            MR. ANDERSON:  Okay.

19            THE COURT:  You just told me your objection was

20    because they were asking for documents, for example, for his

21    daughter.  How does he have standing to object to documents

22    requested concerning his daughter?

23            MR. ANDERSON:  I don't know that he does.

24            THE COURT:  Okay.  Then why did you tell me that?

25            MR. ANDERSON:  Well, he has standing because he --
```

1          THE COURT:  To object vis-a-vis him.

2          MR. ANDERSON:  Vis-a-vis him --

3          THE COURT:  Okay.

4          MR. ANDERSON:  -- And vis-a-vis the entities, the

5   nondebtor entities, that he controls.

6          THE COURT:  Okay.  So he doesn't control -- how do we

7   know what entities he even controls?

8          MR. ANDERSON:  Well, the --

9          THE COURT:  He's kind of kept all that quiet.

10         MR. ANDERSON:  Well, the reorganized debtors and the

11  Litigation Trust are well-aware of it.  They've listed them

12  all.

13     Anyway, I think it's fairly clear that these subpoenas

14  are designed to assist in the litigation as an improper

15  purpose.

16     And I think that the Litigation Trust has acknowledged in

17  numerous conversations with at least several of the recipients

18  of these that they are extremely overbroad.  And at a minimum,

19  this Court needs to have them reign these in.

20     I asked Mr. Yoder on the telephone call.  Supposedly,

21  they have specific transactions that they are concerned

22  about.

23     Mr. Roberts' declaration does not identify them.  He just

24  has conclusions about things that appear to be or that may have

25  happened.

1          THE COURT:  But, now, you haven't even bothered to

2     set forth how they could be limited, right?  You've just said

3     it's all overbroad.  I'm not going to -- they shouldn't respond

4     to anything.

5          MR. ANDERSON:  If --

6          THE COURT:  The whole thing --

7          MR. ANDERSON:  If --

8          THE COURT:  -- should be quashed.

9          MR. ANDERSON:  That's our position, yes.

10          THE COURT:  Okay.  You haven't even bothered to say

11     how they're narrowed.  You're saying just because some might be

12     overbroad the whole thing should be quashed.

13          MR. ANDERSON:  Well, that's all we're required to do,

14     then the burden shifts to them to show good cause as to why

15     they should be allowed to ask for anything.

16          THE COURT:  Okay.

17          MR. ANDERSON:  And Mr. Roberts' declaration doesn't

18     do that.  He is very general.  They supposedly have some

19     specific transactions.

20        They have not identified anything other than, you know,

21     two payments that were supposedly made to Fabian and Clendenin

22     which --

23          THE COURT:  I told you I'm not going to consider the

24     Fabian one because it's under --

25          MR. ANDERSON:  I --

1          THE COURT:  You've got a motion to quash someplace

2     else.

3          MR. ANDERSON:  I understand.  That's the only

4     concrete example of two specific transactions.  As to all the

5     others, you know, they don't tell us what events they are

6     looking into.

7       Some of those events could be subject to a release that

8     Mr. Rhodes is entitled to that he negotiated as part of the

9     reorganization plan.  Some of them may not be.

10      But it's now their burden to explain to the Court, you

11    know, what they're after and why and for the Court to limit it

12    to those reasons at a minimum.

13      I think these things are so grossly overbroad they should

14    all be thrown out, and they should be required to go back to

15    the drawing board and have some very targeted discovery

16    requests if this Court's even going to allow them to conduct

17    litigation discovery as part of a 2004 examination.

18          THE COURT:  Okay.

19          MR. ANDERSON:  Thank you, your Honor.

20          THE COURT:  All right.  Response.

21          MR. YODER:  Good morning, your Honor.  I'll try to be

22    brief as I feel like our briefing handled a lot of these issues

23    fairly in a fair amount of detail.

24      First of all, I think the threshold issue here and

25    probably a big part of the reason between the contentions

1  between the two parties is just the fundamental

2  misunderstanding that Mr. Anderson has on the purpose of 2004.

3      As we point out in our brief, we cited some cases that

4  say, for example, quote, "Rule 2004 allows a trustee to do the

5  necessary investigatory work without the need for initiating

6  formal litigation which would just trigger the traditional

7  discovery tools.

8      Indeed, one purpose of such an examination is to give the

9  trustee the information needed to determine whether litigation

10  should be filed," and that's the in re J&R Trucking case cited

11  in our brief.

12      We also cited a case that says, "Even if litigation is,

13  quote, 'sure to be filed,' unquote, Rule 2004 discovery is

14  still appropriate because discovery presuit, quote, 'can be

15  critical to ensure that no viable cause of action is lost.'

16      For while it may be certain that suit will be filed

17  against a potential defendant, that does not mean all possible

18  claims, some of which might soon be lost to limitations, have

19  been identified," and that's the in re Mirant case cited on

20  page 6 of our brief.

21      And that's exactly what's going on here, your Honor.  We

22  readily concede we are investigating claims against Mr. Rhodes

23  and the Rhodes entities pursuant to as contemplated by the

24  plan.

25      As Mr. Anderson indicated, we've identified a number of

1    transactions that, you know, if we had to file suit in the near

2    future we could.

3         There are additional transactions that we think are

4    suspicious on their face primarily involving transfers of

5    debtor assets to buy land for the Rhodes entities.

6         And what we don't want to do is file a suit that we have

7    indiciums of -- you know, every first indicia of fraud, and

8    then we end up having to go through pleading amendments and

9    narrow later on when we can file the most narrow suit possible

10   now.

11        And, yes, to the extent we identify additional claims in

12   doing that, we'll certainly pursue those claims to ensure that

13   they're not lost to limitations.

14        But the primary focus of our efforts really are to narrow

15   the number of transactions that we're looking at because, right

16   now, we're looking at potentially hundreds of transactions

17   involving tens if not hundreds of millions of dollars as it

18   relates to these lands transactions.

19        As to the burden of good cause, I think it's pretty

20   obvious to everyone in the courtroom that there will be

21   potential claims against Mr. Rhodes.

22        I think the fact that Mr. Rhodes has fought as vigorously

23   as he has in defending a proof of claim in which in his own

24   words he's repeatedly said the sole purpose of the proof of

25   claim is to obtain a $10,000,000 setoff, it's pretty clear that

1   even Mr. Rhodes recognizes that there will be some claims.

2   There will be liability.

3       As we cited in our brief, you know, it is appropriate for

4   a Court to rely on representations of counsel as to the

5   existence of good cause when there are potential claims, and

6   that's the in re Metiom case cited on page 6 of our brief

7   again.

8       So, in short, as we point out in our brief, we have found

9   a bunch of claims, already, payments made to Jim Rhodes for his

10  personal income taxes, to fund his divorce settlement, to pay

11  legal fees and other professional fees rendered solely for

12  Mr. Rhodes to acquire real property, et cetera.

13      I think it's perfectly appropriate that the Trust would

14  investigate these claims to narrow the scope of any litigation

15  instituted against Mr. Rhodes.

16      As to any concerns the Court may have as the various other

17  entities, the individuals as they're defined in the subpoena,

18  the Rhodes entities as they're defined in the subpoena, the

19  debtors, obviously, they represent all the claims that all the

20  debtors hold, so there just happen to be a lot of debtors in

21  this case with the way the business was structured.

22      The Rhodes entities, again, to the extent that Mr. Rhodes

23  controls them, there's money flowing all around between the

24  different debtors and the Rhodes entities which is why a

25  substantiative consolidation was granted in this case.

1    And a big part of the reason that we're looking at

2   transactions involving the different Rhodes entities and the

3   individuals is there are a lot of instances in which money had

4   been moved upstream from the debtors up to these Rhodes

5   entities and then from the Rhodes entities to Jim Rhodes or the

6   Rhodes entities for some other purpose.

7    And what we can see from the debtor records is money goes

8   from debtor to third party or debtor to a Rhodes entity for

9   what appears to be a purpose of the Rhodes entities or for

10   their benefit.

11    But we don't necessarily know what they did with it, and

12   that's what we're really trying to figure out.  We don't want

13   to get into any indirect -- you know, step into any indirect

14   benefit-rule problems, et cetera.

15    As for the Fabian subpoena, obviously, that's not before

16   the Court today.  That is the one -- we received the motion to

17   quash after we filed our response to the motion to quash filed

18   by Rhodes which is why we represented to the Court that as far

19   as we're concerned everything's been amicably resolved.

20    If Mr. Anderson is prepared today to represent to the

21   Court that he has no conflict of interest because Fabian

22   represented solely Rhodes, we'll gladly withdraw that subpoena

23   today.

24    To the extent that there is no representation of the

25   debtors, then I think we could be pretty confident that all the

1   funds from the debtors that went to Fabian did not confer any

2   benefit of the debtors for purposes of our litigation.

3        And I think that just to -- in conclusion, I think that

4   brings us to the final point is we really -- the whole purpose

5   of standing requirements or prohibitions of advisory opinions

6   in the first place in all litigation contexts is so that the

7   Courts aren't wasting their time issuing opinions on

8   hypothetical concerns, and that's essentially what Mr. Rhodes

9   is asking the Court to do here.

10       You know, we have amicably resolved or are in the

11  process of resolving our differences with all the other

12  entities.

13       To the extent, you know, who he -- Mr. Rhodes has no idea

14  more than we do how many different documents some of these

15  entities may or may not have.

16       It's ridiculous to quash a subpoena because an entity may,

17  in fact, have a lot of the records if no one knows.  And at the

18  end of the day, that entity may have 200 pages, not 2,000,000,

19  and I think it's appropriate that we would just resolve those

20  subpoenas with the parties themselves.

21       Does the Court have any questions?

22            THE COURT:  No.

23  Thank you.

24            MR. YODER:  Thank you, your Honor.

25            THE COURT:  Response.

1          MR. ANDERSON:  I would encourage the Court to read

2     the J&R Trucking case because it is a case that says that a

3     Rule 2004 examination is not to be used in lieu of discovery.

4          Mr. Yoder's explanation again continues the vague

5     references to transactions.  Apparently, they have some detail

6     about transactions that they need additional information about.

7          Rather than drafting subpoenas that go after the

8     information that they need, they have drafted, you know,

9     uniform sets of subpoenas that regardless of the role that the

10    people play or that they know or have suspicions about the role

11    that they played, they ask for information going back to 2004

12    or 2005.

13         If the Court is not going to quash the subpoenas, they

14    should be tailored to the specific transactions.  Apparently,

15    they're doing that in these negotiations, although we have no

16    idea what they're doing.

17         We have yet to hear about one specific transaction

18    involving a title company that is subject to some legitimate

19    concern that they want specific documents regarding, the same

20    with bank transfers and the same with work that was performed

21    by law firms.

22         Thank you, your Honor.

23         THE COURT:  Okay.  Well, I'm going to deny the motion

24    to quash.  2004 is an appropriate method to examine the acts

25    and conduct of the debtor, and, obviously, it will lead to

1 litigation from time to time.

2      Is it the smartest way that the Trust should make

3 discovery?  I don't know.  That's not my business, but it is a

4 legitimate way.

5      And it's true while an action is pending that a 2004

6 should not be used it's not yet, and to suggest that a 2004

7 isn't appropriate where you're going to lead to litigation is

8 nonsense because that's the whole point.

9      You do a 2004 to see whether or not there are fraudulent

10 conveyances, to see whether or not there are transfers that

11 should be set aside, to see whether or not third parties have

12 assets of the debtor.

13      We already know that Mr. Rhodes kind of led a slipshod way

14 of doing business.  We have in the proof-of-claim process.  He

15 is claiming he should be reimbursed for paying a third party

16 because he wanted to keep it off the books.

17      All these kinds of transactions deserve investigation in

18 other contexts as well.  We know he didn't care much about his

19 books and records from the way he did his business.

20      And, also, it's not the debtor's place to say this

21 subpoena is burdensome.  The persons who are subpoenaed are

22 perfectly able to do that.

23      Secondly and finally, there was not a good-faith attempt

24 to try and resolve this.  It's just Jim Rhodes saying no and

25 counsel taking no for an attitude, and I'm not going to

1    tolerate that kind of conduct.

2         Now, do we have -- has the Mutual of Omaha one been

3    resolved, yet, or do we need to argue that one?

4              MR. GLOVER:  Your Honor, I believe the

5    Mutual of Omaha is all but resolved.  We're trying to hammer

6    out just a few of the deadlines for production, and then at

7    such time we'll withdraw the objection.

8              THE COURT:  All right.  Okay.  Thank you very much.

9    All right.

10        That's all.

11        Thank you.

12             THE CLERK:  That's it?

13        Thank you, your Honor.

14             MR. ANDERSON:  Thank you, your Honor.

15             MR. YODER:  Thank you, your Honor.

16             THE CLERK:  All rise.

17        (Court concluded at 09:57:46 a.m.)

18

19

20

21

22

23

24

25

1       I certify that the foregoing is a correct transcript

2   from the electronic sound recording of the proceedings in

3   the above-entitled matter.

4

5

6   /s/ Lisa L. Cline                    10/21/11
    _____    _____
7   Lisa L. Cline, Transcriptionist         Date

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25